**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HELFERICH PATENT LICENSING, LLC, ) <br> an Illinois limited liability company, ) <br>                Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> THE NEW YORK TIMES COMPANY, ) <br> a New York corporation, ) <br>                Defendant. ) | No. 1:10-cv-04387 <br><br> (Jury Trial Demanded) |

## COMPLAINT

Plaintiff Helferich Patent Licensing, LLC ("HPL") complains against defendant New York Times Company ("NYT") as follows:

1. This action arises under the Patent Laws of the United States, Title 35 of the United States Code. This Court has jurisdiction of this action under 28 U.S.C. § 1338(a).

2. HPL is an Illinois limited liability company and the exclusive licensee of twenty-two (22) U.S. patents, ten (10) pending U.S. applications, and over a dozen related foreign patents and patent applications all duly and legally issued to or applied for by Richard J. Helferich for the inventions claimed therein (collectively the "HPL Portfolio"). In particular, included in the HPL Portfolio are the following U.S. Patents relating to mobile wireless communication devices and the provision of media and content to such devices (collectively, "the Subject Patents"):

- U.S. Patent No. 7,627,305, titled "Systems and Methods for Adding Information to a Directory Stored in a Mobile Device," issued on December 1, 2009;

- U.S. Patent No. 7,499,716, titled "System and Method for Delivering Information to a Transmitting and Receiving Device," issued on March 3, 2009;

- U.S. Patent No. 7,403,787, titled "Paging Transceivers and Methods for Selectively Retrieving Messages," issued on July 22, 2008;

- U.S. Patent No. 7,376,432, titled "Paging Transceivers and Methods for Selectively Retrieving Messages," issued on May 20, 2008;

- U.S. Patent No. 7,280,838, titled "Paging Transceivers and Methods for Selectively Retrieving Messages," issued October 9, 2007;

- U.S. Patent No. 7,277,716, titled "Systems and Methods for Delivering Information to a Communication Device," issued October 2, 2007;

- U.S. Patent No. 7,242,951, titled "Paging Transceivers and Methods for Selectively Retrieving Messages," issued July 10, 2007;

- U.S. Patent No. 7,155,241, titled "Systems and Methods for Enabling a User of a Communication Device to Manage Remote Information," issued December 26, 2006;

- U.S. Patent No. 7,146,157, titled "Systems and Methods for Downloading Audio Information to a Mobile Device," issued December 5, 2006;

- U.S. Patent No. 7,039,428, titled "System and Method for Delivering Information to a Transmitting and Receiving Device," issued May 2, 2006;

- U.S. Patent No. 7,003,304, titled "Paging Transceivers and Methods for Selectively Retrieving Messages," issued February 21, 2006;

- U.S. Patent No. 6,983,138, titled "User Interface for Message Access," issued January 3, 2006;

- U.S. Patent No. 6,826,407, titled "System and Method For Integrating Audio and Visual Messaging," issued November 30, 2004;

- U.S. Patent No. 6,696,921, titled "Transmitting and Receiving Devices and Methods for Transmitting Data to and Receiving Data from a Communications System," issued February 24, 2004;

- U.S. Patent No. 6,636,733, titled "Wireless Messaging Method," issued October 21, 2003;

- U.S. Patent No. 6,462,646, titled "Transmitting and Receiving Devices and Methods for Transmitting Data to and Receiving Data from a Communication System," issued October 8, 2002;

- U.S. Patent No. 6,459,360, titled "Networks, Communication Systems, Transmitting and Receiving Devices, and Methods for Transmitting, Receiving, and Erasing Stored Information," issued October 1, 2002;

- U.S. Patent No. 6,259,892, titled "Pager Transceivers and Methods for Performing Action on Information at Desired Times," issued July 10, 2001;

- U.S. Patent No. 6,253,061, titled "Systems and Methods for Delivering Information to a Transmitting and Receiving Device," issued June 26, 2001;

- U.S. Patent No. 6,233,430, titled "Paging Transceivers and Methods for Selectively Retrieving Messages," issued May 15, 2001;

- U.S. Patent No. 6,097,941, titled "User Interface for Voice Message Access," issued August 1, 2000; and

- U.S. Patent No. 6,087,956, titled "Paging Transceivers and Methods for Selectively Erasing Information," issued July 11, 2000.

U.S. Patent Nos. 7,499,716 and 7,280,838 are hereinafter referred to as the "Asserted Patents."

3. The HPL portfolio also includes the following relevant pending applications relating to mobile wireless communication devices and the provision of media and content to such devices (collectively, the "Subject Applications"):

- U.S. Patent Application No. 12/764,025, titled "System and Method for Delivering Information to a Transmitting and Receiving Device;"

- U.S. Patent Application No. 12/625,357, titled "System and Method for Integrating Audio and Visual Messaging;"

- U.S. Patent Application No. 12/580,189, titled "System And Method for Delivering Information To A Transmitting And Receiving Device;"

- U.S. Patent Application No. 12/267,453, titled "Wireless Messaging

4

System;"

- U.S. Patent Application No. 12/367,358, titled "Content provision to subscribers via wireless transmission;"

- U.S. Patent Application No. 12/167,971, titled "System and Method for Delivering Information to a Transmitting and Receiving Device;"

- U.S. Patent Application No. 11/635,781, titled "Paging Transceivers and Methods for Selectively Retrieving Messages;"

- U.S. Patent Application No. 11/598,832, titled "Systems and Methods for Downloading Information to a Mobile Device;"

- U.S. Patent Application No. 11/598,202, titled "Wireless Messaging System;" and

- U.S. Patent Application No. 10/958,731, titled "System and Method for Integrating Audio and Visual Messaging."

U.S. Patent Application Nos. 12/580,189, 12/367,358, 12/167,971, and 11/598,202 are hereinafter referred to as the "Content Patent Applications."

4. As exclusive licensee of all right, title, and interest in the Subject Patents, HPL may seek monetary damages, injunctions, and other relief pursuant to 35 U.S.C. § 271 for past, current, and future infringement of the patents.

5. Defendant NYT is a corporation established under the laws of the State of New York and is based in New York, New York. NYT is a global media company with numerous newspaper and internet businesses (including properties known as: The New

5

York Times, the Boston Globe, NYTimes.com, Boston.com, CalorieCount.com, and others), many of whom conduct substantial and continuous business in the State of Illinois and in this district. The New York Times is printed, distributed and sold in Chicago, IL. Further, NYT purposefully directs its infringing activities to residents of this State and judicial district by directing or sending content to residents of this State and judicial district, via text message, social media, or otherwise. Accordingly, this Court has personal jurisdiction over the defendant. Venue is appropriate pursuant to 28 U.S.C. § 1391(c) and 1400(b).

6.  Within the six years preceding the filing of this action, defendant violated 35 U.S.C. § 271 (either directly or indirectly) and caused HPL damage in an amount to be proven at trial. NYT has infringed one or more of the Subject Patents by the use and practice of systems and methods that, among other things, permit the preparation and formatting of messages that include identifiers such as URLs or links that identify specific NYT content, including NYT's Internet-accessible content. These messages are then caused to be sent as SMS and/or MMS messages to the mobile devices of NYT's customers, and enable the subsequent wireless retrieval by the customers of the specified NYT content. The infringing systems and methods are commonly employed in connection with NYT's various mobile alert services (such as those offered by NYTimes.com, Boston.com, CalorieCount.com, and others), and further, in connection with NYT's various social media campaigns. As a result of these activities, NYT infringes one or more claims of the Subject Patents, including: claims 9, 10, 12, 13, 15-

18, and 20 of U.S. Patent 7,280,838, claims 15, 17, 18, 21, 24, and 27 of U.S. Patent 7,499,716 (collectively, the "Asserted Claims").

7. On or about December 29, 2009, HPL gave written notice to NYT of its infringement of the Asserted Claims (the "Content Notice Letter"). That letter provided NYT with a detailed description of the Asserted Patents, and in addition, provided detailed infringement charts demonstrating the manner in which the Asserted Claims were infringed by NYT.

8. The Content Notice Letter and subsequent correspondence also provided NYT with a detailed description of the Content Patent Applications as well as detailed infringement charts demonstrating the manner in which the pending claims listed below, once issued, would be infringed by NYT (the "Pending Content Claims"). The Pending Content Claims include:

- U.S. Patent Appl. No. 12/764,025, claims 115-134;
- U.S. Patent Appl. No. 12/580,189, claims 115, 118, 120, 121, 122, 125-129, 131, 132, 135, 137, 138, 139, 142-149, 152, 154-158, 160-164, 166, 169, 171-175, 177-187, 189, 190, 192-196, 198, 199, 202-207, and 209-221;
- U.S. Patent Appl. No. 12/367,358, claims 2, 5-8, 14, 16-19, 24, 27-31, 35, 37-40, 42;
- U.S. Patent Appl. No. 12/167,971, claims 101, 102, 104, 107, 108, 109, 111, and 112; and

- U.S. Patent Appl. No. 11/598,202, claims 106, 108, 111-114, 116-118, 123-130, and 134-136.

Upon issuance of the Content Patent Applications, HPL will be entitled to provisional damages under 35 U.S.C. § 154(d) for any of NYT's infringement of the pending claims which issue in substantially the same form as they were published by the United States Patent Office.

9. To date, eleven of the world's largest content providers have signed a license permitting them to practice the Asserted Claims (hereinafter "Content Licensees"). The Content Licensees include the following companies: Advanced Publications (Conde Nast), Apple, Dell, eBay, Macy's, MGM Resorts International, Microsoft, Research in Motion, a Consumer Products Company, a Retailer, and a Large TV, Entertainment and Multimedia Company (HPL is required to keep the identity of the Products, Retail, and Large TV, Entertainment and Multimedia Company confidential).

10. To date, twenty-three of the world's largest mobile phone manufacturers have signed a license permitting them to practice under the Subject Patents in the field of mobile devices (the "Handset Licensees"). The Handset Licensees include the following companies: Acer, Apple, ASUSTeK, Dell, Casio Hitachi, HTC, i-mate, Kyocera, LG Electronics, Microsoft, NEC, Panasonic, Pantech, Psion, Research in Motion, Samsung, Sanyo, Sharp, Sony Ericsson, Toshiba, UTStarcom, Wistron, and ZTE.

11. Notwithstanding HPL's specific, detailed and numerous infringement contentions asserted against the defendant, NYT has refused to acknowledge infringement of the Asserted Claims and to enter into a licensing agreement with HPL.

12. Thus, defendant, with actual knowledge of the Asserted Claims and without lawful justification, willfully and deliberately infringed, and continue to infringe, the Asserted Claims.

WHEREFORE, for the foregoing reasons, Helferich Patent Licensing, LLC, prays for:

(a) Judgment that defendant has infringed, contributed to the infringement of, or actively induced others to infringe one or more of the claims of the Subject Patents, including at least the Asserted Claims;

(b) A permanent injunction to be issued enjoining and restraining defendant, and its officers, directors, agents, servants, employees, attorneys, licensees, successors, assigns, and those in active concert and participation with them, and each of them, from making, using, selling, offering for sale, or importing any products, systems or methods which fall within the scope of one or more of the claims of the Subject Patents, including at least the Asserted Claims, and from inducing or contributing to the infringement of any such claims by others;

(c) An award of damages against defendant adequate to compensate HPL for past infringement of one or more of the claims of the Subject Patents, including at least the Asserted Claims, together with interest and costs as fixed by the Court, such damages to be trebled because of the willful and deliberate character of the infringement;

(d) Judgment that this case is "exceptional" in the sense of 35 U.S.C. § 285, and that HPL is entitled to an award of its reasonable attorneys' fees in the prosecution of this action; and

    (e)    Such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 14th day of July, 2010.

                          LAW OFFICES OF STEVEN G. LISA, LTD.

                          By: */s/ Timothy Sperling*
                                Timothy D. Sperling
                                Attorney for Plaintiff


Steven G. Lisa (Ill. State Bar # 6187348)
Jon E. Kappes (Ill. State Bar # 6291678)
James D. Busch (Ill. State Bar # 6299217)
Mildred E. Park (Ill. State Bar # 6293523)
Timothy Sperling (Ill. State Bar # 6283854)
Donald J. Lisa (Ill. State Bar # 1673998)
Law Offices of Steven G. Lisa, Ltd.
55 West Monroe Street, Suite 3210
Chicago, Illinois 60603
Tel. & Fax: (312) 752-4357

Victoria Curtin (NDIL ID #010897)
Victoria Gruver Curtin, P.L.C.
14555 N. Scottsdale Rd., Ste. 160
Scottsdale, Arizona 85254
Tel.: (480) 998-3547
Fax: (480) 596-7956

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| HELFERICH PATENT LICENSING, LLC, | ) | |
| an Illinois limited liability company, | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:10-cv-04387 |
| vs. | ) | |
| | ) | (Jury Trial Demanded) |
| | ) | |
| THE NEW YORK TIMES COMPANY, | ) | |
| a New York corporation, | ) | |
| Defendant. | ) | |

**DEMAND FOR JURY TRIAL**

Plaintiff hereby makes a demand for a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedures as to all issues in this lawsuit.

RESPECTFULLY SUBMITTED this 14th day of July, 2010.

                         LAW OFFICES OF STEVEN G. LISA, LTD.


                         By: */s/ Timothy Sperling*
                              Timothy D. Sperling
                              Attorney for Plaintiff


Steven G. Lisa (Ill. State Bar # 6187348)
Jon E. Kappes (Ill. State Bar # 6291678)
James D. Busch (Ill. State Bar # 6299217)
Mildred E. Park (Ill. State Bar # 6293523)
Timothy Sperling (Ill. State Bar # 6283854)
Donald J. Lisa (Ill. State Bar # 1673998)
Law Offices of Steven G. Lisa, Ltd.
55 West Monroe Street, Suite 3210
Chicago, Illinois 60603
Tel. & Fax: (312) 752-4357

Victoria Curtin (NDIL ID # 010897)
Victoria Gruver Curtin, P.L.C.
14555 N. Scottsdale Rd., Ste. 160
Scottsdale, Arizona 85254
Tel.: (480) 998-3547
Fax: (480) 596-7956

Gerald D. Hosier (Ill. State Bar # 7059)
Law Offices Of Gerald D. Hosier, Ltd.
P.O. BOX 12354
ASPEN, CO 81612
Tel: (970) 920- 3475
Off: (970) 920-3475