# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

### EASTERN DIVISION

|  |  |  |
|---|---|---|
| HELFERICH PATENT LICENSING, LLC | ) | |
|  | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:10-cv-04387 |
|  | ) | |
| THE NEW YORK TIMES COMPANY | ) | Judge John W. Darrah |
|  | ) | |
| Defendant. | ) | |
|  | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(e)

# TABLE OF CONTENTS

I.      PRELIMINARY STATEMENT ..........................................................................1

II.      BACKGROUND ...........................................................................................2

       **A.**      THE PARTIES................................................................................2

       **B.**      THE PATENTS-IN-SUIT ...............................................................3

       **C.**      HPL'S ALLEGATIONS OF INFRINGEMENT...................................3

III.      ARGUMENT AND AUTHORITIES.................................................................4

       **A.**      HPL'S COMPLAINT SHOULD BE DISMISSED BECAUSE IT LACKS SUFFICIENT FACTS TO STATE A CAUSE OF ACTION UNDER *TWOMBLY* AND *IQBAL*.........................................................4

             **1.**      *Twombly* and *Iqbal* Have Elevated the Standard for Notice Pleading........4

             **2.**      HPL's Complaint Fails to Identify a Specific Infringing Product or Method ................................................................................5

             **3.**      HPL's Complaint Fails to Identify Which of the Twenty-Two Asserted Patents (Comprising 1,158 Claims) NYT Allegedly Infringes...................8

       **B.**      HPL'S COMPLAINT FAILS TO STATE A CLAIM OF INDIRECT INFRINGEMENT...........................................................................9

             **1.**      The complaint fails to state an inducement claim.......................................9

             **2.**      The complaint fails to state a claim for contributory infringement ..........11

       **C.**      AT A MINIMUM, HPL SHOULD HAVE TO PROVIDE A MORE DEFINITE STATEMENT...................................................................12

             **1.**      By Failing to Identify the Alleged Infringing Products or Methods, Its Theory of Infringement, or Even Which of Its 1,158 Claims It Intends to Assert, HPL Has Placed an "Unreasonable Burden" on NYT...................12

             **2.**      For the Sake of Fairness and Judicial Economy, HPL Should Be Required to Limit the Number of Asserted Patents and Claims to a Manageable Number ....................................................................................14

IV.      CONCLUSION.............................................................................................15

# TABLE OF AUTHORITIES

## CASES

*Anderson v. District Bd. of Trustees*,
  77 F.3d 364 (11th Cir. 1996) ........................................................ 15

*Anticancer Inc. v. Xenogen Corp.*,
  248 F.R.D. 278 (S.D. Cal. 2007) .................................................. 10

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) ........................................................... 1, 4, 5

*Bay Industries, Inc. v. Tru-Arx Mfr., LLC*,
  No. 06-C-1010, 2006 WL 3469599 (E.D. Wis. Nov. 29, 2006) ...................... 13

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) .............................................................. 1, 4, 7

*Bender v. LG Elecs. U.S.A., Inc.*,
  No. 09-02114, 2010 WL 889541 (N.D. Cal. Mar. 11, 2010) ......................... 6

*Broussard v. Go-Devil Mfr. Co. of La., Inc.*,
  2008 WL 2414845 (M.D. La. June 13, 2008) ...................................... 14

*Coolsavings.com, Inc. v. Catalina Marketing Corp.*,
  No. 98-6668, 1999 WL 342431 (N.D. Ill. May 14, 1999) ........................... 10

*DSU Med. Corp. v. JMS Co.*,
  471 F.3d 1293 (Fed. Cir. 2006) .................................................. 10

*Eidos Comm., LLC v. Skype Techs.*,
  686 F. Supp. 2d 465 (D. Del. 2010) .............................................. 13

*Elan Microelectronics Corp. v. Apple, Inc.*,
  No. 09-01531, 2009 WL 2972374 (N.D. Cal. Sept. 14, 2009) ...................... 6, 8

*Hewlett-Packard Co. v. Intergraph Corp.*,
  No. 03-2517, 2003 WL 23884794 (N.D. Cal. Sept. 6, 2003) ...................... 7, 11

*Hoskins v. Poelstra*,
  320 F.3d 761 (7th Cir. 2003) .................................................... 12

*Judin v. U.S.*,
  110 F.3d 780 (Fed. Cir. 1997) ................................................... 9

*Koninklijke Philips Elecs. N.V. v. The ADS Group*,
  694 F. Supp. 2d 246 (S.D.N.Y. 2010) ............................................ 8

*MacNeill Eng'g Co., Inc. v. Trisport, Ltd.*,
    59 F. Supp. 2d 199 (D. Mass. 1999) ............................................... 11

*McZeal v. Sprint Nextel Corp.*,
    501 F.3d 1354 (Fed. Cir. 2007)........................................................ 8

*Network Caching Tech., LLC v. Novell, Inc.*,
    No. 01-2079-VRW, 2002 U.S. Dist. LEXIS 26098 (N.D. Cal. Aug. 13, 2002)............... 9

*Ondeo Nalco Co. v. EKA Chems., Inc.*,
    No. 01-537, 2002 WL 1458853 (D. Del. June 10, 2002) .................................. 7

*Realtime Data, LLC v. Stanley*,
    No. 6:09-cv-326, 2010 WL 2403779 (E.D. Tex. June 10, 2010) ........................... 6

*Ricoh Co., Ltd. v. Asustek Computer, Inc.*,
    481 F. Supp. 2d 954 (W.D. Wis. 2007) ............................................ 5

*Ristvedt-Johnson, Inc. v. Peltz*,
    No. 91-3273, 1991 WL 255691 (N.D. Ill. Nov. 18, 1991) .............................. 11

*Static Control Components, Inc. v. Future Graphics, LLC*,
    No. 07-7, 2008 WL 160827 (M.D.N.C. Jan. 15, 2008) .................................. 14

*Symantec Corp. v. Computer Assocs. Int'l, Inc.*,
    522 F.3d 1279 (Fed. Cir. 2008)................................................ 10, 11

*Taurus IP, LLC v. Ford Motor Co.*,
    539 F. Supp. 2d 1122 (W.D. Wis. 2008) ........................................... 13

*View Eng'g, Inc. v. Robotic Vision Systems, Inc.*,
    208 F.3d 981 (Fed. Cir. 2000)................................................. 9, 14

*Ware v. Circuit City Stores, Inc.*,
    No. 4:05-cv-0156, 2010 WL 767094 (N.D. Ga. Jan. 5, 2010) ........................... 6

## STATUTES

35 U.S.C. § 271(b) .......................................................... 10

35 U.S.C. § 271(c) .......................................................... 11

## RULES

Fed. R. Civ. P. 10(b) ....................................................... 15

Fed. R. Civ. P. 12(e) ........................................................ 2

Fed. R. Civ. P. 8(a)(2)....................................................... 4

Defendant The New York Times Company ("NYT") moves to dismiss the complaint of Plaintiff Helferich Patent Licensing, LLC ("HPL") under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim for which relief can be granted or alternatively for an order requiring HPL to provide a more definite statement under Rule 12(e).

## I.   PRELIMINARY STATEMENT

The Supreme Court recently clarified the standard for notice pleading under Rule 8(a) of the Federal Rules of Civil Procedure: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).   No longer is an "unadorned, the-defendant-unlawfully-harmed-me accusation" sufficient to state a cause of action.  *Id.*

HPL's complaint against NYT contains just the sort of formulaic incantation of injury that the Supreme Court has rejected.  In conclusory fashion, HPL charges NYT with infringing, either directly or indirectly, "one or more" of twenty-two patents by using some unidentified systems and methods that permit messages carrying NYT content to be sent to customers' wireless devices.  *See* Complaint at ¶ 6.  HPL fails, however, to identify a single specific infringing NYT product or method, let alone explain how any such product or method might infringe any one of the 1,158 claims at issue.  Nor has HPL pled any facts to substantiate its bare allegation of indirect infringement, such as specific intent to encourage another's infringement. Absent such factual allegations certified under Rule 11, HPL's complaint against NYT should

1

be dismissed.[1]

Because HPL's complaint fails to identify any infringing NYT products or methods, or how those products and methods might infringe the nearly two dozen patents at issue, it should be dismissed. At a minimum, HPL should be required to provide a more definite statement of its claims. The complaint's bare allegation that NYT infringes "one or more" of its nearly two dozen patents is too "vague and ambiguous" for NYT to reasonably respond to without risk of prejudice. *See* Fed. R. Civ. P. 12(e).

## II.    BACKGROUND

### A.    The Parties

According to its website, HPL is a patent management and licensing company specializing in the licensing of multimedia delivery technology. Significantly, HPL does not invent or manufacture products, nor even provide services of any kind. Rather, it acts merely as a patent enforcer, demanding licensing fees from companies that ***do*** manufacture products and provide services, like NYT, in exchange for not suing them.

Defendant NYT is a global media company dedicated to creating, collecting, and distributing high-quality news, information, and entertainment. NYT owns and publishes numerous daily newspapers throughout the United States, including *The New York Times*, the *International Herald Tribune*, and *The Boston Globe*. NYT's broadcast media group includes over 50 websites, including NYTimes.com, Boston.com, and About.com.

---

[1] NYT is the latest in a long list of companies HPL has sued in this district. *See, e.g.*, *Helferich Patent Licensing, LLC v. ASUSTeK Computer Inc. et al.*, No. 08-cv-05605 (N.D. Ill.); *Helferich Patent Licensing, LLC v.ZTE Corp. et al.*, No. 08-cv-05191 (N.D. Ill.)*; Helferich Patent Licensing, LLC v.i-mate, PLC et al.*, No. 08-cv-05190 (N.D. Ill.)*; Helferich Patent Licensing, LLC v.NEC Corp. et al.* No. 09-cv-3558 (N.D. Ill.)*; Helferich Patent Licensing, LLC v.Panasonic Corp. et al.*, No. 09-cv-3557 (N.D. Ill.)*; Helferich Patent Licensing, LLC v.Sanyo Electric Co., Ltd.*, No. 09-cv-07053 (N.D. Ill.).

**B.     The Patents-In-Suit**

HPL's complaint begins by identifying the "Subject Patents," twenty-two patents all purportedly directed to "mobile wireless communication devices and the provision of media and content to such devices." *See* Complaint at ¶ 2. These patents comprise a total of 1,158 complex, inter-related, and overlapping claims, as summarized in appendix A.[2]

**C.     HPL's Allegations Of Infringement**

HPL's ***sole*** substantive infringement allegation is contained in paragraph 6 of its complaint, where it accuses NYT of infringing "one or more of the [twenty-two] Subject Patents by the use and practice systems and methods that, among other things, permit the preparation and formatting of messages that include identifiers such as URLs or links that identify specific NYT content," which "are then caused to be sent as SMS and/or MMS messages to the mobile devices of NYT's customers, and enable the subsequent wireless retrieval by the customers of the specified NYT content." But rather than identify any particular NYT product or method, and explain how it infringes any one its 1,158 patent claims, HPL simply alleges that "the infringing systems and methods are commonly employed in connection with NYT's various mobile alert services" and "social media campaigns." The paragraph closes: "As a result of these activities, NYT infringes one or more claims of the Subject Patents," including a list of fifteen exemplary claims from ***two*** of the twenty-two patents-in-suit.

The succeeding paragraphs in the complaint summarize HPL's efforts to license the patents-in-suit, including its unsuccessful attempt to wrest a license from NYT. *See* Complaint

---

[2] Paragraph 2 of the complaint identifies *two* of the twenty-two Subject Patents as "the Asserted Patents." However, the rest of the complaint makes clear that HPL's allegations of infringement extend to all twenty-two Subject Patents, and not just to the two "Asserted Patents." *See, e.g.,* complaint at ¶ 6 ("NYT infringes one or more claims of the ***Subject Patents***…"); *id.* at Prayer for Relief at pg. 9 (requesting for judgment that NYT infringes "one or more claims of the ***Subject Patents*** …"); *id.* (requesting for a permanent injunction and damages against NYT for its alleged infringement of "one or more claims of the ***Subject Patents***…").

at ¶¶ 7-11. The final paragraph alleges that, with respect to the fifteen exemplary claims recited in paragraph 6, NYT's infringement is "willful." *See* Complaint at ¶ 12.

## III.    ARGUMENT AND AUTHORITIES

### A.    HPL's Complaint Should Be Dismissed Because It Lacks Sufficient Facts to State a Cause of Action Under *Twombly* and *Iqbal*

#### 1.    *Twombly* and *Iqbal* Have Elevated the Standard for Notice Pleading

Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court's recent opinions in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), have materially elevated the pleading requirements of Rule 8.

In *Twombly*, the Court affirmed dismissal of the plaintiffs' antitrust class action complaint, holding that the mere ***allegation*** of a conspiratorial agreement to restrain trade was insufficient to state an antitrust violation. Retiring its generous "no set of facts" test for satisfying notice pleading under Rule 8, the Court adopted in its place an elevated "plausibility" standard. *Id.* at 570. Thus, to survive a motion to dismiss, a complaint now must provide more than "a formulaic recitation of the elements of a cause of action"; rather, it must plead enough facts to "raise a right to relief above the speculative level." *Id.* at 555.

In *Iqbal*, the Supreme Court raised the bar for notice pleading still higher, establishing two important principles. First, the Court dispelled any notion that *Twombly* should be limited to the antitrust context. 129 S. Ct. at 1953. To the contrary, *Iqbal* confirmed that the heightened pleading standard enunciated in *Twombly* applied to "all civil actions." *Id.* Second, the Court held that resolving a motion to dismiss "does not turn on the controls placed upon the discovery process." *Id.* Put another way, a court may no longer allow a deficient complaint to proceed on the theory that discovery will sort it all out. With *Iqbal*, the Court has said that defendants

should not be put to the expense of defending — in this case a complicated patent infringement suit with twenty-two patents — unless the plaintiff can allege a compelling case of liability in its complaint with some specificity.

In light of *Twombly* and *Iqbal*, "threadbare recitals of the elements of a cause of action" and "legal conclusion couched as a factual allegation" are no longer entitled to an "assumption of truth." *Iqbal*, 129 S. Ct. at 1949-50.  And so it is with HPL's complaint.  As discussed below, its conclusory allegation that NYT has infringed, "either directly or indirectly … one or more" of its twenty-two patents by permitting messages carrying NYT content to be sent to its customers' mobile devices is insufficient to state a cause of action.

**2.      HPL's Complaint Fails to Identify a Specific Infringing Product or Method**

HPL's sole description of NYT's alleged infringement occurs in paragraph 6 of the complaint, where HPL accuses NYT of causing messages containing links to NYT-containing content to be sent to its customers' mobile devices, thereby enabling those customers to retrieve that content.  But this description does nothing more than generically describe the activity of ***any content provider*** who sends a message containing a link to a mobile device.  It conspicuously fails to specify any particular NYT product or method that infringes any of the thousand-plus claims potentially at issue, or how.  This failure to identify the allegedly infringing product or method is grounds alone for dismissal:

> Although pleading standards under Fed. R. Civ. 8 are liberal, a plaintiff must provide notice of its claim so that the other side may prepare a defense. In the context of alleged patent infringement, this means ***at least*** that the plaintiff must tell the defendant which products allegedly infringe the plaintiff's patent.

*Ricoh Co., Ltd. v. Asustek Computer, Inc.*, 481 F. Supp. 2d 954, 959 (W.D. Wis. 2007) (citations omitted) (emphasis added).  The *Ricoh* court likened failing to identify the infringing product in a patent case to failing to identify the retaliatory action in a civil rights case.  *Id.*

Indeed, district courts routinely dismiss complaints that fail to specify the accused products or methods. In *Elan Microelectronics Corp. v. Apple, Inc.*, No. 09-01531, 2009 WL 2972374, at *2 (N.D. Cal. Sept. 14, 2009), for example, Apple alleged that Elan infringed its patents "through its design, marketing, manufacture and/or sale of touch sensitive input devices or touchpads, including but not limited to the Smart-Pad." The court found that this allegation "plainly falls within the prohibition against '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,'" and dismissed the claim. *Id.* Apple's conclusory allegation against the "Smart-Pad" is substantially analogous to HPL's conclusory allegation against NYT's "various mobile alert services (such as those offered by NYTimes.com, Boston.com, Calorie Count.com, and others), and further, in connection with NYT's various social media campaigns." *See* Complaint ¶ 6. Like Apple, HPL provides nothing more than a bland statement of infringement, not ***factual*** allegations sufficient to show that it is entitled to relief. Given the complexity of the technology and the number of potential claims at issue, certainly more factual detail is required than what HPL has thus far provided.

The impact of *Twombly* and *Iqbal* can be observed in other patent cases as well, where other courts have dismissed overbroad allegations. In *Bender v. LG Elecs. U.S.A., Inc.*, No. 09-02114, 2010 WL 889541, at *3 (N.D. Cal. Mar. 11, 2010), for example, plaintiff Bender accused "broad categories" of LG products of patent infringement. The court dismissed Bender's claims, finding that "[w]ithout identifying specific products or product parts, Bender has not put [LG] on notice as to what products or parts are subject to the infringement claim." *Id.* at *3; *see also, e.g., Realtime Data, LLC v. Stanley*, No. 6:09-cv-326, 2010 WL 2403779, *3-*4 (E.D. Tex. June 10, 2010) (dismissing complaint alleging that defendants' "data compression products and/or services" infringed as too "vague"); *Ware v. Circuit City Stores, Inc.*, No. 4:05-cv-0156, 2010 WL 767094, *2 (N.D. Ga. Jan. 5, 2010) (dismissing complaint alleging infringement of

defendants' apparatuses as too vague and for failing to identify how the infringed occurred); *Ondeo Nalco Co. v. EKA Chems., Inc.*, No. 01-537, 2002 WL 1458853, *1 (D. Del. June 10, 2002) (dismissing complaint accusing defendant's products "used in paper-making process" as "too vague"); *Hewlett-Packard Co. v. Intergraph Corp.*, No. 03-2517, 2003 WL 23884794, *1 (N.D. Cal. Sept. 6, 2003) (dismissing complaint containing vague and conclusory allegations of "making, using, offering to sell and/or selling infringing software and hardware products").

Here, HPL's allegations are analogous to the overly broad and impermissibly vague allegations in the cases described above and, like those cases, fail to provide NYT fair notice of what specifically is being accused in this case. Without any factual allegations identifying a particular product or method — and HPL has provided none — NYT has no idea *which* of its products or methods are accused of infringing HPL's patents, which of the twenty-two patents are actually being asserted in this case, or *how* NYT's products or services purportedly infringe.

Accordingly, HPL's failure to specify any NYT products or services that allegedly infringe its nearly two dozen patents is fatal to its ability to state a cause of action. Just as "a conclusory allegation of agreement at some unidentified point" does not provide "enough factual matter (taken as true) to suggest that an agreement was made," a conclusory allegation of infringement by some unidentified products or methods does not provide enough factual matter to suggest that infringement occurred. *See Twombly,* 550 U.S. at 556-57. HPL's complaint,

therefore, should be dismissed on this ground alone.[3]

### 3.     HPL's Complaint Fails to Identify Which of the Twenty-Two Asserted Patents (Comprising 1,158 Claims) NYT Allegedly Infringes

In addition to not specifying which NYT products or methods allegedly infringe its patents, HPL also fails to identify which of the 1,158 claims potentially at issue it intends to ultimately assert against NYT.[4]  Given the sheer number of patents and potential claims at issue, NYT cannot plausibly admit or deny the allegations, nor reasonably formulate any counterclaims or affirmative defenses, as NYT does not know where to begin such a factual investigation and abide by its own Rule 11 obligations.  At this point, NYT must simply guess which claims HPL might ultimately assert against it and what HPL's theory of infringement might be.  This is improper and palpably unfair.

Under Rule 11, a patentee is required to, "at a bare minimum, *apply the claims of each and every patent* that is being brought into the lawsuit to an accused device and conclude that there is a reasonable basis for a finding of infringement of at least one claim of each patent so

---

[3] Plaintiffs opposing motions to dismiss often cite *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007) to defend their complaint.  Many courts question whether *McZeal* is still good law in view of the Supreme Court's subsequent decision in *Iqbal*.  *See, e.g., Koninklijke Philips Elecs. N.V. v. The ADS Group*, 694 F. Supp. 2d 246, 252 (S.D.N.Y. 2010).  Even if it is, *McZeal* is distinguishable on several grounds.  First, the plaintiff in *McZeal* was *pro se* and thus entitled to "leeway on procedural matters."  *Id*. at 1356.  Second, even as a *pro se* litigant, McZeal provided greater detail than HPL has, identifying specific products by name and model number, and describing how those products practiced his invention.  *Id*. at 1357.  Third, the *McZeal* court's reliance on Form 16 (now Form 18), provided in the Appendix of Forms under Fed. R. Civ. P. 84, is inapplicable where, as here, there are undifferentiated claims of infringement of multiple patents with numerous potentially infringing products and services.  *See, e.g., Elan Microelectronics Corp. v. Apple, Inc.*, Civ. No. 09-01531, 2009 WL 2972734 at *2 (N.D. Cal. Sept. 14, 2009).

[4] In paragraph 6 of the complaint, HPL states that "NYT infringes *one or more* claims of the Subject Patents, *including*" fifteen claims from two of the twenty-two patents-in-suit.  Based on this, it is evident that the listing of claims in paragraph 6 is merely exemplary, and not meant to be an exhaustive list of the claims HPL intends to assert against NYT.

asserted."[5] *View Eng'g, Inc. v. Robotic Vision Systems, Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000) (emphasis added); *see also Network Caching Tech., LLC v. Novell, Inc.,* No. 01-2079-VRW, 2002 U.S. Dist. LEXIS 26098 at *16 (N.D. Cal. Aug. 13, 2002) ("FRCP 11 requires that a plaintiff compare an accused product to its patents on a claim by claim, element by element basis for at least one of each defendant's products.").

Rule 11 certification is particularly important a case such as this given the high cost of patent litigation.  If a plaintiff cannot describe with specificity a product that infringes its patent (or, in this cases, its twenty-two patents), there is reason to question whether such a certification is true.  *See, e.g., Judin v. U.S.,* 110 F.3d 780, 784 (Fed. Cir. 1997) (overturning denial of Rule 11 sanctions where patentee failed to compare the accused product with the asserted patent claims).  Assuming HPL has properly investigated its claims before filing suit, there is no reason it cannot inform NYT precisely which patents and claims it alleges NYT infringes.  Without this information, the complaint is nothing more than an invitation for discovery abusive ─ precisely what the Supreme Court cautioned against in *Twombly* and *Iqbal.*

## B.    HPL's Complaint Fails to State a Claim of Indirect Infringement

The complaint's sole substantive allegation of indirect infringement is contained in a single cursory parenthetical: "… defendant violated 35 U.S.C. § 271 (either directly or indirectly) and caused HPL damage in an amount to be proven at trial."  *See* Complaint at ¶ 6. This is insufficient to state a cause of action for either induced or contributory infringement.

### 1.    The complaint fails to state an inducement claim

35 U.S.C. § 271(b) provides that "[w]hoever actively induces infringement of a patent

---

[5] *See also Antonious v. Spalding & Evenflo Cos.,* 275 F.3d 1066, 1073-74 (Fed. Cir. 2002); *see also Gonzales v. Texaco Inc.,* No. C 06-02820-WHA, 2007 U.S. Dist. LEXIS 81222, *35 (N.D. Cal. Oct. 16, 2007) ("Counsel were obligated to ***investigate first*** and sue ***second,*** not the other way around.") (emphasis in original).

shall be liable as an infringer." To succeed on a claim of inducement, "the patentee must show, first that there has been direct infringement, and second, that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Symantec Corp. v. Computer Assocs. Int'l, Inc.*, 522 F.3d 1279, 1292 (Fed. Cir. 2008) (citations and internal quotations omitted). Furthermore, "inducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (relevant section *en banc*).

Accordingly, courts have found patent infringement complaints lacking where, as here, those elements of the inducement claim are not supported by any factual detail. For example, in *Anticancer Inc. v. Xenogen Corp.*, 248 F.R.D. 278 (S.D. Cal. 2007), the plaintiff pled inducement as follows: "Each of the defendants has directly infringed the … Patent and has indirectly infringed the … Patent by contributing to or inducing direct infringements of the … Patent by others." *Id*. at 282. The court dismissed the allegations, holding that the plaintiff had "failed to plead any further facts beyond a bare statement of direct and indirect infringement so as to demonstrate a plausible entitlement to relief." *Id*.

Courts have also dismissed allegations of inducement where, as here, the plaintiff has failed to properly allege intent. In *Coolsavings.com, Inc. v. Catalina Marketing Corp.*, No. 98-6668, 1999 WL 342431 (N.D. Ill. May 14, 1999), for example, the court granted defendants' motion to dismiss plaintiff's claims of induced infringement because the complaint "does not allege the requisite intent," instead "alleg[ing] only the bald assertion of active inducement, which, without the allegation of any facts supporting it, does not satisfy the pleading requirements of the federal rules." *Id*. at *2 (citation and internal quotations omitted). The court held that, "to satisfy Rule 12(b)(6), plaintiff must make some factual allegation that implies the

existence of the requisite *scienter*." *Id.*; *see also Ristvedt-Johnson, Inc. v. Peltz*, No. 91-3273, 1991 WL 255691, *4 (N.D. Ill. Nov. 18, 1991) (dismissing patentee's inducement claims against two corporate officers because it failed to "demonstrate that the defendants possessed specific intent to encourage their corporation's supposed infringement").

HPL's allegation of indirect infringement ─ a mere parenthetical asserting that NYT has infringed "either directly or ***indirectly***" ─ is even more anemic than those found deficient in the cases discussed above. Given that the complaint fails even to explicitly allege "inducement," let alone allege facts sufficient to show that NYT "knowingly induced infringement and possessed specific intent to encourage another's infringement," *Symantec*, 522 F.3d at 1292, it cannot survive a motion to dismiss.

### 2.     The complaint fails to state a claim for contributory infringement

Contributory infringement liability arises when one "sells within the United States … a component of a patented machine … constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent …." 35 U.S.C. § 271(c). HPL's contributory infringement claim fails because it does not plead the required elements to sufficiently state a cause of action. Among other things, the complaint fails to allege that NYT sold a "component" of a patented machine, or that it did so "knowing the same to be especially made or especially adapted for use in an infringement of such patent." The failure to include such an allegation is dispositive. For example, in *Hewlett-Packard Co.*, No. 03-2517, 2003 WL 23884794 *2 (N.D. Cal. Sept. 6, 2003), the court dismissed a patentee's contributory infringement claim where the complaint had "fail[ed] to allege that Defendant offered to sell or sold any particular component or that such component was a material part of an infringing device." Similarly, in *MacNeill Eng'g Co., Inc. v. Trisport, Ltd.*, 59 F. Supp. 2d 199, 201 (D. Mass. 1999), the court denied a patentee's motion to amend its complaint to allege

contributory infringement, explaining that the patentee's failure to describe the "component" or "material part" the defendant was knowingly offering, selling, or importing into the United States was fatal to its ability to state a cause of action for contributory infringement.

As in *Hewlett-Packard* and *MacNeill*, the complaint in this case fails to allege that NYT offered to sell or sold any particular component or material part of an infringing device. Indeed, aside from the prayer for relief, the complaint fails even to specifically mention contributory infringement, let alone identify NYT's activities that allegedly form the basis for such a claim. Accordingly, HPL's claim of contributory infringement should also be dismissed.

## C. At a Minimum, HPL Should Have to Provide a More Definite Statement

As set forth above, the claims are so manifestly deficient that they should be dismissed. In the alternative, NYT respectfully requests that the Court direct HPL to provide a more definite statement that, at the very least, (1) identifies the allegedly infringing products or methods; (2) identifies the specific claims of the twenty-two Subject Patents it believes are being infringed; (3) describes its understanding of how these claims are infringed; and (4) if the complaint continues to assert indirect infringement, plead the elements of induced infringement and/or contributory infringement with the requisite detail. Rule 12(e) of the Federal Rules of Civil Procedure permits a party to move for a more definite statement where the pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." The Seventh Circuit considers Rule 12(e) one of several "tools" the district court may use to require additional specificity in a pleading. *Hoskins v. Poelstra,* 320 F.3d 761, 764 (7th Cir. 2003).

### 1. By Failing to Identify the Alleged Infringing Products or Methods, Its Theory of Infringement, or Even Which of Its 1,158 Claims It Intends to Assert, HPL Has Placed an "Unreasonable Burden" on NYT

When patentees have failed to identify the specifically infringed claims or products at issue, courts in this judicial circuit have often ordered a more definite statement. In *Taurus IP,*

*LLC v. Ford Motor Co.*, 539 F. Supp. 2d 1122, 1126 (W.D. Wis. 2008), the complaint accused defendant's products "available for configuration" at six websites and internal websites and dealer portals, but did not limit its allegation of infringement to those sites or which patent claims were believed to be infringed. *Id*. at 1127. The court found that pleading insufficient and ordered the patentee to "provide a more definite statement identifying the claims it believes defendants' products infringe and listing all products it believes are infringing or providing a criteria by which defendants can identify the infringing products." *Id*. The court reasoned that "a plaintiff's failure to specify which claims it believes are infringed by a defendant's products places an ***undue burden on the defendant***, who must wade through all the claims in a patent and determine which claims might apply to its products to give a complete response." *Id*.

The *Taurus* court's rationale echoes that of *Bay Industries*, another Wisconsin case in which the court rebuked a patentee for failing to specifically identify the claims or products at issue. The court held that the patentee's failure "to identify any allegedly infringing product or to set forth a limiting parameter" constituted an "***unreasonable burden on defendant***, especially in light of the fact that in a patent infringement case the plaintiff bears the burden of proof." *Bay Industries, Inc. v. Tru-Arx Mfr., LLC*, No. 06-C-1010, 2006 WL 3469599, *2 (E.D. Wis. Nov. 29, 2006) (emphasis added). The court added, "***Defendant should not have to guess*** which of its products infringe nor guess how its products might fall within plaintiffs interpretation of the claims…." *Id*. (emphasis added). In addition to providing defendant with notice required by due process, the court noted other salutary effects of requiring a more definite statement, including focusing the discovery process and expediting the case in an economical manner. *Id*.

Applying this same rationale, district courts throughout the country routinely require a more definite statement. *See, e.g., Eidos Comm., LLC v. Skype Techs.*, 686 F. Supp. 2d 465, 465-469 (D. Del. 2010) (ordering more definite statement where complaint asserted over 137 claims

and identified the accused products only as "communication system products and/or methodologies"); *Static Control Components, Inc. v. Future Graphics, LLC*, No. 07-7, 2008 WL 160827, *2 (M.D.N.C. Jan. 15, 2008) (ordering more definite statement where complaint identified group of exemplary "universal chips" as allegedly infringing because, absent more detail, defendant would unreasonably have to compare each of its chips to each patent claim); *Broussard v. Go-Devil Mfr. Co. of La., Inc.,* 2008 WL 2414845, *1 (M.D. La. June 13, 2008) (ordering more definite statement where complaint identified three patents comprising 65 claims and alleged simply that at least one of defendant's products infringed).

Like the deficient complaints above, HPL's complaint neither identifies the specifically accused products nor the specific patents or claims it believes to be infringed. As a result, NYT cannot frame a responsive pleading without risk of prejudice. At a minimum, NYT requests that the Court order HPL to provide a more definite statement with the four elements described above and which of the 1,158 claims currently at issue it actually intends to assert.

## 2. For the Sake of Fairness and Judicial Economy, HPL Should Be Required to Limit the Number of Asserted Patents and Claims to a Manageable Number

As a matter of both fundamental fairness and ease of case administration, NYT respectfully requests that the Court direct HPL to limit its assertions of infringement to a manageable number of patents and claims. Plaintiff's identification of twenty-two patents and 1,158 claims in the Complaint is a clear tactical move designed to make this case so overwhelming that the defendant will choose to settle rather than to endure unwieldy and costly discover and motion practice. *See View Eng'g, Inc. v. Robotic Vision Sys., Inc.,* 208 F.3d 981, 986 (Fed. Cir. 2000) (noting the "undue costs" that a defendant can incur defending against a baseless patent infringement claim).

At a minimum, HPL should be required to separate each patent it is asserting in a

separate count. As it stands, paragraph 2 of the complaint lists out the twenty-two "Subject Patents," while paragraph 6 alleges "NYT has infringed one or more of the Subject Patents…." By asserting what could be twenty-two counts of patent infringement in bullet form, HPL disregarded the rules governing presentation of claims. Rule 10(b) provides that "each claim founded upon a separate transaction or occurrence ... must be stated in a separate count" if doing so "would promote clarity." Fed. R. Civ. P. 10(b). Compelling HPL to separate its claims of patent infringement into separate counts will force it to determine which patents are truly at issue and will permit NYT to frame an appropriate response. As the Eleventh Circuit aptly put it:

> Where, as here, the plaintiff asserts multiple claims for relief, a more definite statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading. … Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.

*Anderson v. District Bd. of Trustees*, 77 F.3d 364, 366 (11th Cir. 1996) (internal citations and quotations omitted)

## IV.    CONCLUSION

The complaint is hopelessly conclusory and completely fails to meet the standards in *Iqbal/Twombley*. NYT moves that this Court dismiss the complaint in its entirety. At a minimum, HPL should be required to provide a more definite statement and modify its pleading to set forth a separate count for each patent for which it has a Rule 11 basis to assert patent infringement.

Dated:  September 7, 2010                             Respectfully submitted,

                                                                    **THE NEW YORK TIMES CORPORATION**

                                                                    /s/ Michael R. Weiner_____

***Counsel for Defendant***
***The New York Times Company***

## Appendix A

**The Patents-in-Suit**

| Patent No. | Issue Date | Number of Claims |
|:---:|:---:|:---:|
| 7,627,305 | 12/01/2009 | 32 |
| 7,499,716 | 03/03/2009 | 69 |
| 7,403,787 | 07/222008 | 11 |
| 7,376,432 | 05/20/2008 | 31 |
| 7,280,838 | 10/09/2007 | 96 |
| 7,277,716 | 10/02/2007 | 24 |
| 7,242,951 | 07/10/2007 | 43 |
| 7,155,241 | 12/26/2006 | 94 |
| 7,146,157 | 12/05/2006 | 17 |
| 7,039,428 | 05/02/2006 | 48 |
| 7,003,304 | 02/21/2006 | 34 |
| 6,983,138 | 01/03/2006 | 42 |
| 6,826,407 | 11/30/2004 | 53 |
| 6,696,921 | 02/24/2004 | 20 |
| 6,636,733 | 10/21/2003 | 22 |
| 6,462,646 | 10/08/2002 | 18 |
| 6,459,360 | 10/01/2002 | 60 |
| 6,259,892 | 07/10/2001 | 125 |
| 6,253,061 | 06/26/2001 | 81 |
| 6,233,430 | 05/15/2001 | 53 |
| 6,097,941 | 08/01/2000 | 21 |
| 6,087,956 | 07/11/2000 | 164 |