.CNIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| HELFERICH PATENT LICENSING, LLC ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE NEW YORK TIMES COMPANY ) <br> ) <br> Defendant. ) <br> ) | Case No. 1:10-cv-04387 |

## THE NEW YORK TIMES COMPANY'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO THE AMENDED COMPLAINT

Defendant The New York Times Company ("NYT") hereby answers the Amended Complaint For Patent Infringement (the "Amended Complaint") filed by Plaintiff Helferich Patent Licencing, LLC ("HPL") on September 24, 2010, and states as follows:

1. This is an action for patent infringement arising under the United States Patent Act, 35 U.S.C. § 101 et seq., including 35 U.S.C. § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) in that this is a civil action arising out of the patent laws of the United States of America.

**ANSWER:** NYT admits that HPL's allegations of patent infringement purport to arise under Title 35 of the United States Code, but denies that there is any legal or factual basis for any such claims or that HPL is entitled to any relief. The remaining allegations of Paragraph 1 contain conclusions of law to which no response is required, but to the extent one is required, NYT denies the allegations.

1

2. HPL is an Illinois limited liability company with a principal place of business at 70 W. Madison St., Three First National Plaza, Suite 1400, Chicago, IL 60602. HPL is the exclusive licensee of twenty-two (22) U.S. patents, ten (10) pending U.S. patent applications, and over a dozen related foreign patents and patent applications all relating to mobile wireless communication devices and the provision of media and content to such devices (collectively the "HPL Portfolio"). The HPL Portfolio includes the patents and applications listed in Exhibit A.

**ANSWER:** NYT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore denies them.

3. Defendant NYT is a corporation established under the laws of the State of New York and is based in New York, New York with a principal place of business at 620 Eighth Avenue, New York, New York, 10018. NYT is a global media company with a number of newspaper and internet businesses, including properties known as: The New York Times, the Boston Globe, NYTimes.com, Boston.com, CalorieCount.com, and others.

**ANSWER:** NYT admits the allegations of Paragraph 3 of the Amended Complaint.

4. This Court has personal jurisdiction over NYT because NYT conducts substantial and continuous business in the State of Illinois and in this District, including printing, distributing, and selling its flagship newspaper "The New York Times" in Chicago, IL. Further, NYT purposefully directs its infringing activities (described below) to residents of this State and District by causing infringing messages to be sent to residents of this State and District. Accordingly, this Court has personal jurisdiction over the defendant.

**ANSWER:** NYT admits that it distributes and sells its newspaper *The New York Times* in Chicago, Illinois. The remaining allegations of Paragraph 4 contain conclusions of law to which no response is required, but to the extent one is required, NYT denies the allegations.

5. Venue is appropriate pursuant to 28 U.S.C. § 1391(c) and 1400(b) because, among other reasons, NYT is subject to personal jurisdiction in this District, has a regular and established place of business in this District, and has directed or sent infringing content to residents of this State and District.

**ANSWER:** NYT admits that it has an office located in this judicial district. The remaining allegations of Paragraph 5 contain conclusions of law to which a response is not required, but to the extent one is required, NYT denies the allegations.

6. On October 9, 2007, United States Patent No. 7,280,838 entitled "Paging Transceivers and Methods for Selectively Retrieving Messages" (the "'838 patent") issued. HPL is the exclusive licensee of all right, title, and interest in the '838 patent.

**ANSWER:** NYT admits that the issue date of U.S. Patent No. 7,280,838 (the '838 patent) is October 9, 2007. NYT admits that the title of the '838 patent is "Paging Transceivers and Methods for Selectively Retrieving Messages." As to the remaining allegations contained in Paragraph 6, NYT lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

7. On March 3, 2009, United States Patent No. 7,499,716 entitled "System and Method for Delivering Information to a Transmitting and Receiving Device" (the "'716 patent") issued. HPL is the exclusive licensee of all right, title, and interest in the '716 patent.

**ANSWER:** NYT admits that the issue date of U.S. Patent No. 7,499,716 (the '716 patent) is October 9, 2007. NYT admits that the title of the '716 patent is "System and Method for Delivering Information to a Transmitting and Receiving Device." As to the remaining allegations contained in Paragraph 7, NYT lacks knowledge or information sufficient to form a belief as to their truth, and therefore denies them.

8. The '838 and '716 patents provide for methods and systems that relate to the initiation and transmission of SMS and MMS messages that include within the message an identifier, such as a URL or link, that identifies specific content accessible via the internet, enabling content providers to send the identified content to the mobile device of the recipient upon request by the recipient.

**ANSWER:** NYT lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Amended Complaint, and therefore denies them.

9. Within the last six (6) years, NYT has initiated and caused millions of such messages to be sent in connection with at least the following product and service offerings:

    a) NYT offers numerous "Mobile Alert Services" on its website, www.nytimes.com, whereby viewers can opt-in to receive anyone of the following types of alerts directly on their mobile device: "Breaking News Alerts," "Severe Weather Alerts," "Sports Alerts," "Frugal Traveler Alerts," "Columnist Texting," "Section Texting," "Weather Reports," and others. In connection with such alert services, NYT has initiated and caused thousands, if not millions, of messages of the sort described above to be sent to its customers' mobile devices. In addition, upon request, NYT has sent such recipients the specified content identified in the messages.

    b) NYT offers a Real Estate SMS message service on its website, www.nytimes.com, whereby viewers can request information relating to a specific NYT's Real Estate listing to be sent to their mobile device. In connection with the feature, NYT has initiated and caused thousands, if not millions, of messages of the sort described above to be sent to its

4

customers' mobile devices. In addition, upon request, NYT has sent the recipients of such messages the specified content identified in the messages.

    c)  NYT offers a "Send to Mobile" feature on its website, www.nytimes.com, whereby viewers can elect to have articles sent to a friend's mobile device. In connection with the feature, NYT has initiated and caused thousands, if not millions, of messages of the sort described above to be sent to its customers' mobile devices. In addition, upon request, NYT has sent the recipients of such messages the specified content identified in the messages.

    d)  NYT's subsidiary, Boston Globe, offers a number of SMS messaging services via its website, www.boston.com, whereby viewers can opt-in to receive "headlines" and other alert-type messages on their mobile device. In connection with such services, NYT (or its subsidiary Boston Globe) has initiated and caused thousands, if not millions, of messages of the sort described above to be sent to its customers' mobile devices. In addition, upon request, NYT has sent the recipients of such messages the specified content identified in the messages.

    e)  NYT's subsidiary, CalorieCount.com, offers a mobile alert service via its website, www.caloriecount.com, whereby viewers can opt-in to receive messages pertaining to food and nutrition on their mobile device. In connection with such service, NYT (or its subsidiary CalorieCount.com) has initiated and caused thousands of messages of the sort described above to be sent to its customers' mobile devices. In addition, upon request, NYT has sent the recipients of such messages the specified content identified in the messages.

    f)  NYT and its subsidiaries maintain a number of branded "Social Media" websites and services, including websites and services maintained with Twitter and Facebook whereby viewers and/or "followers" can opt-in to receive SMS messages initiated by NYT or its subsidiaries on their mobile device. In connection with such services and websites, NYT and its

subsidiaries have initiated and caused millions, if not billions, of messages of the sort described above to be sent to their customers' mobile devices. In addition, upon request, NYT has sent the recipients of such messages the specified content identified in the messages.

**ANSWER:** Denied.

10. On or about December 29, 2009, HPL gave written notice to NYT of its infringement of the '838 and '716 patents. The notice provided NYT with a detailed description of the patents, and in addition, provided detailed information including infringement charts demonstrating NYT's infringement of the patents.

**ANSWER:** NYT admits that on or about December 29, 2009, it received a letter from HPL in which HPL asserted rights to numerous patents and pending patent applications and alleged that certain services offered by NYT infringed certain patents, but NYT denies that those allegations of infringement are true. NYT denies the remaining allegations of Paragraph 10 of the Amended Complaint.

11. To date, thirteen (13) substantial companies have agreed to a license to the '838 and '716 patents, including the following entities: Advanced Publications (Condé Nast), Apple, Dell, eBay, Macy's, MGM Resorts International, Microsoft, Research in Motion, ADT Securities, Sears Holding Corporation, and three other substantial companies whose identities HPL has agreed to keep confidential.

**ANSWER:** NYT lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Amended Complaint, and therefore denies them.

12. HPL incorporates by reference paragraphs 1 through 10 of this Complaint and realleges them as though fully set forth herein.

**ANSWER:** NYT incorporates its responses to the allegations of Paragraphs 1-11 of the Amended Complaint as if fully set forth herein.

13. HPL is informed and believes, and thereon alleges that NYT has been and is currently infringing the '838 patent in violation of 35 U.S.C. § 271(a) by, among other things, using and practicing methods that embody one or more of the following claims of the '838 patent within the United States: 9, 10, 12, 13, 15-18, and 20 (and likely others as determined through discovery) without authority or license from HPL in connection with at least the messaging services and product offerings identified in paragraphs 8 and 9.

**ANSWER:** Denied.

14. In the alternative, HPL is informed and believes, and thereon alleges that NYT has actively induced and is currently inducing the infringement of the '838 patent in violation of 35 U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to use or practice methods within the United States that it knew or should have known would infringe the '838 patent without license or authority from HPL, and further alleges that these third parties have infringed or will infringe the '838 patent.

**ANSWER:** Denied.

15. More specifically, NYT has been on notice of HPL's '838 patent and claims since December 29, 2009 and yet the messaging services discussed above continue to be available on NYT's various websites and internet platforms, and the users of such services continue to receive millions of infringing messages in connection with such services. HPL is informed and believes, and thereon alleges that if it is not NYT providing such messaging services and initiating and causing the infringing messages to be sent as alleged in paragraph 13, then NYT has been and is

currently actively inducing third parties to initiate and cause such infringing messages to be sent on its behalf.

**ANSWER:** NYT admits that HPL identified the '838 patent in December 29, 2009. NYT denies the remaining allegations set forth Paragraph 15 of the Amended Complaint.

16. Having placed NYT on notice of infringement of the '838 patent more than nine (9) months ago, NYT's infringement of the '838 patent has been and continues to be willful.

**ANSWER:** Denied.

17. As a direct and proximate result of NYT's conduct, HPL has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law. HPL has also been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

**ANSWER:** Denied.

18. HPL incorporates by reference paragraphs 1 through 17 of this Complaint and realleges them as though fully set forth herein.

**ANSWER:** NYT incorporates its responses to the allegations of Paragraphs 1-17 of the Amended Complaint as if fully set forth herein.

19. HPL is informed and believes, and thereon alleges that NYT has been and is currently infringing the '716 patent in violation of 35 U.S.C. § 271(a) by, among other things, using a system or systems that embody one or more of the following claims of the '716 patent within the United States: 15, 17, 18, 21, 24, and 27 (and likely others as determined through discovery) without authority or license from HPL in connection with at least the messaging services and product offerings identified in paragraphs 8 and 9.

**ANSWER:** Denied.

20. In the alternative, HPL is informed and believes, and thereon alleges that NYT has actively induced and is currently inducing the infringement of the '716 patent in violation of 35 U.S.C. § 271(b), by knowingly and intentionally encouraging or aiding third parties to use systems within the United States that it knew or should have known would infringe the '716 patent without license or authority from HPL, and further alleges that these third parties have infringed or will infringe the '716 patent.

**ANSWER:** Denied.

21. More specifically, NYT has been on notice of HPL's '716 patent and claims since December 29, 2009 and yet the messaging services discussed above continue to be available on NYT's various websites and internet platforms, and the users of such services continue to receive millions of infringing messages in connection with such services. HPL is informed and believes, and thereon alleges that if it is not NYT providing such messaging services and initiating and causing the infringing messages to be sent as alleged in paragraph 19, then NYT has been and is currently actively inducing third parties to initiate and cause such infringing messages to be sent on its behalf.

**ANSWER:** NYT admits that HPL identified the '716 patent in December 29, 2009. NYT denies the remaining allegations set forth in Paragraph 21 of the Amended Complaint.

22. Having placed NYT on notice of infringement of the '716 patent more than nine (9) months ago, NYT's infringement of the '716 patent has been and continues to be willful.

**ANSWER:** Denied.

23. As a direct and proximate result of NYT's conduct, HPL has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law. HPL has also

been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

**ANSWER:** Denied.

The remaining allegations in HPL's Amended Complaint consist of HPL's Prayer for Relief that contains conclusions of law to which no response is required. To the extent any response is required, NYT denies all such allegations and further states that HPL is not entitled to any relief sought in Paragraphs (a)-(e) of its Amended Complaint.

**AFFIRMATIVE DEFENSES**

NYT has not committed any acts which would give rise to liability for infringement of any valid, enforceable claim of either the '838 patent or the '716 patent. NYT sets forth below its specific affirmative defenses to HPL's allegations of infringement. NYT reserves the right to assert affirmatively any other matter that constitutes an affirmative defense under applicable law and rules.

**First Affirmative Defense**
**(Non-Infringement)**

HPL is not entitled to any relief because NYT has not infringed, is not infringing, is not contributing to any an infringement, and has not induced others to infringe, either literally or under the doctrine of equivalents, any valid claims of the '838 patent or the '716 patent.

**Second Affirmative Defense**
**(Invalidity)**

The claims of the '838 patent and the '716 patent are invalid for failing to meet one or more of the requisite conditions of patentability specified in Title 35, United States Code, including at least §§ 101, 102, 103, 112, and/or the judicial doctrine of double patenting.

### Third Affirmative Defense
### (Unenforceability)

The claims of the '838 patent and the '716 patent are unenforceable under the doctrines of equitable estoppel, waiver, laches, prosecution laches, and/or unclean hands.

### Fourth Affirmative Defense
### (Failure to Mark)

HPL's claims for relief and/or ability to recover for any alleged infringement of the '838 patent or '716 patent is limited by the failure of HPL, predecessors in interest, and/or one or more licensees to properly mark or give proper notice as required by 35 U.S.C. § 287.

### Fifth Affirmative Defense
### (Exhaustion of Patent Rights)

HPL's claims for relief and/or ability to recover for any alleged infringement of the '838 patent or '716 patent is limited and/or barred by the doctrine of patent exhaustion and license.

### COUNTERCLAIMS FOR DECLARATORY JUDGMENT

Subject to and without waiving any of the defenses set forth above, The New York Times Company ("NYT") asserts the following Counterclaims against Helferich Patent Licensing, L.L.C. ("HPL"):

### THE PARTIES

1. Counterclaim-Plaintiff NYT is a corporation established under the laws of the State of New York with its principal place of business located at 620 Eighth Avenue, New York, New York, 10018.

2. Upon information and belief, Counterclaim-Defendant HPL is an Illinois limited liability company with its principal place of business at 70 W. Madison St., Three First National Plaza, Suite 1400, Chicago, IL 60602.

## JURISDICTION AND VENUE

3. NYT asserts this counterclaim against HPL pursuant to the Patent Laws of the United States, Title 35 of the U.S. Code, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S.C. § § 2201 and 2202, and Federal Rule of Civil Procedure 13.

4. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. § § 1331, 1338(a), and 2202.

5. Venue is proper for these counterclaims in this District pursuant to 28 U.S.C. § § 1391 and 1400.

6. An actual controversy exits between NYT and HPL by virtue of the allegations contained in HPL's Amended Complaint in this action and NYT's Answer.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement)

7. HPL incorporates by reference paragraphs 1 through 6 of this Counterclaim and realleges them as though fully set forth herein.

8. HPL asserts in this action that NYT is infringing U.S. Patent Nos. 7,280,838 and 7,499,716 ("the Asserted Patents"). Those Asserted Patents are allegedly licensed by HPL.

9. NYT is not infringing, has not infringed, has not induced or contributed to others infringement of any claim of the Asserted Patents.

10. As a result of these averments, an actual case or controversy exists between NYT and HPL concerning HPL's allegations that NYT infringes the Asserted Patents.

11. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* NYT seeks a declaratory judgment holding that it does not infringe and has not infringed, directly or indirectly, contributorily or by inducement, any claims of the Asserted Patents.

## SECOND COUNTERCLAIM
### (Declaratory Judgment Of Invalidity)

12. HPL incorporates by reference paragraphs 1 through 11 of this Counterclaim and realleges them as though fully set forth herein.

13. HPL asserts in this action that NYT is infringing the Asserted Patents. Those Asserted Patents are allegedly licensed by HPL.

14. The claims of the Asserted Patents are invalid for failure to meet the conditions for patentability specified in Title 35, United States Code, including at least §§ 101, 102, 103, 112, and/or the judicial doctrine of double patenting.

15. As a result of these averments, an actual case or controversy exists between NYT and HPL concerning the validity of the Asserted Patents.

16. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* NYT seeks a declaratory judgment holding that the claims of the Asserted Patents are invalid for failure to meet the conditions for patentability specified in Title 35, United States Code, including at least §§ 101, 102, 103, 112, and/or the judicial doctrine of double patenting.

## PRAYER FOR RELIEF

WHEREFORE, Defendant and Counterclaim-Plaintiff NYT prays for judgment in its favor and against Plaintiff HPL providing that:

      A.      Dismissal with prejudice of HPL's claims for patent infringement and injunctive relief with prejudice;

      B.      Judgment against HPL declaring the Asserted Patents not infringed by NYT;

      C.      Judgment against HPL declaring the Asserted Patents invalid and/or unenforceable;

      D.      A declaration that NYT's defense and counterclaims present an exceptional case entitling it to its reasonable attorney's fees under 35 U.S.C. § 285;

      E.      Award of costs to NYT;

      F.      Award to NYT such other relief the Court deems just and reasonable.

## JURY DEMAND

NYT respectfully demands a trial by jury of any and all issues triable of right by jury in the above action.

Dated: October 25, 2010            Respectfully Submitted,

**By:** /s/ Brian M. Buroker

Michael R. Weiner (Ill. Bar No. 06217025)
Julianne M. Hartzell (Ill. Bar No. 06275093)
**MARSHALL, GERSTEIN & BORUN LLP**
233 South Wacker Drive
6300 Sears Tower
Chicago, IL 60606-6357
(312) 474-6300
mweiner@marshallip.com
jhartzell@marshallip.com

Brian M. Buroker *(Admitted Pro Hac Vice)*
Daniel G. Vivarelli *(Pro Hac Vice to be filed)*
**HUNTON & WILLIAMS LLP**
1900 K Street, NW
Washington, DC 20006
(202) 955-1500
bburoker@hunton.com
dvivarelli@hunton.com

David A. Kelly *(Pro Hac Vice to be filed)*
**HUNTON & WILLIAMS LLP**
Bank of America Plaza, Suite 4100
600 Peachtree Street, NE
Atlanta, Georgia 30308
(404) 888-4280
dkelly@hunton.com

Kenneth Richieri, Esq. (Of Counsel)
The New York Times Company
620 Eighth Avenue, (17th floor)
New York, NY 10018
212-556-1995
richierk@nytimes.com

*Counsel for Defendant and Counterclaim Plaintiff The New York Times Company*