**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HELFERICH PATENT LICENSING, LLC, )<br>an Illinois limited liability company, )<br>             Plaintiff, )<br>                           )<br>    vs.                       )<br>                           )<br>                           )<br>THE NEW YORK TIMES COMPANY, )<br>a New York corporation, )<br>             Defendant. ) | No. 1:10-cv-04387<br>Hon. John Darrah<br>Magistrate Hon. Jeffrey Gilbert |

**PLAINTIFF'S SECOND AMENDED COMPLAINT
FOR PATENT INFRINGEMENT**

Plaintiff, Helferich Patent Licensing, LLC ("HPL"), by and through its undersigned counsel, complains against defendant, New York Times Company ("NYT"), as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the United States Patent Act, 35 U.S.C. § 101 et seq., including 35 U.S.C. § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) in that this is a civil action arising out of the patent laws of the United States of America.

**THE PARTIES**

2. HPL is an Illinois limited liability company with a principal place of business at 70 W. Madison St., Three First National Plaza, Suite 1400, Chicago, IL 60602. HPL is the exclusive licensee of twenty-three (23) U.S. patents, nine (9) pending

U.S. patent applications, and over a dozen related foreign patents and patent applications all relating to mobile wireless communication devices and the provision of media and content to such devices (collectively the "HPL Portfolio"). The HPL Portfolio includes the patents and applications listed in Exhibit A.

3. Defendant NYT is a corporation established under the laws of the State of New York and is based in New York, New York with a principal place of business at 620 Eighth Avenue, New York, New York, 10018. NYT is a global media company with a number of newspaper and internet businesses, including properties known as: The New York Times, the Boston Globe, NYTimes.com, Boston.com, CalorieCount.com, and others.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over NYT because NYT conducts substantial and continuous business in the State of Illinois and in this District, including printing, distributing, and selling its flagship newspaper "The New York Times" in Chicago, IL. Further, NYT purposefully directs its infringing activities (described below) to residents of this State and District by causing infringing messages to be sent to residents of this State and District. Accordingly, this Court has personal jurisdiction over the defendant.

5. Venue is appropriate pursuant to 28 U.S.C. § 1391(c) and 1400(b) because, among other reasons, NYT is subject to personal jurisdiction in this District, has a regular and established place of business in this District, and has directed or sent infringing content to residents of this State and District.

## BACKGROUND

6. On October 9, 2007, United States Patent No. 7,280,838 entitled "Paging Transceivers and Methods for Selectively Retrieving Messages" (the "'838 patent") issued. HPL is the exclusive licensee of all right, title, and interest in the '838 patent.

7. On March 3, 2009, United States Patent No. 7,499,716 entitled "System and Method for Delivering Information to a Transmitting and Receiving Device" (the "'716 patent") issued. HPL is the exclusive licensee of all right, title, and interest in the '716 patent.

8. On November 16, 2010, United States Patent No. 7,835,757 entitled "System and Method for Delivering Information to a Transmitting and Receiving Device" (the "'757 patent") issued. HPL is the exclusive licensee of all right, title, and interest in the '757 patent.

9. The '838, '716, and '757 patents provide for methods and systems that relate to the initiation and transmission of SMS and MMS messages that include within the message an identifier, such as a URL or link, that identifies specific content accessible via the internet, enabling content providers to send the identified content to the mobile device of the recipient upon request by the recipient.

10. Within the last six (6) years, NYT has initiated and caused millions of such messages to be sent in connection with at least the following product and service offerings:

    a) NYT offers numerous "Mobile Alert Services" on its website, www.nytimes.com, whereby viewers can opt-in to receive anyone of the following

types of alerts directly on their mobile device: "Breaking News Alerts," "Severe Weather Alerts," "Sports Alerts," "Frugal Traveler Alerts," "Columnist Texting," "Section Texting," "Weather Reports," and others. In connection with such alert services, NYT has initiated and caused thousands, if not millions, of messages of the sort described above to be sent to its customers' mobile devices. In addition, upon request, NYT has sent such recipients the specified content identified in the messages.

        b)     NYT offers a Real Estate SMS message service on its website, www.nytimes.com, whereby viewers can request information relating to a specific NYT's Real Estate listing to be sent to their mobile device. In connection with the feature, NYT has initiated and caused thousands, if not millions, of messages of the sort described above to be sent to its customers' mobile devices. In addition, upon request, NYT has sent the recipients of such messages the specified content identified in the messages.

        c)     NYT offers a "Send to Mobile" feature on its website, www.nytimes.com, whereby viewers can elect to have articles sent to a friend's mobile device. In connection with the feature, NYT has initiated and caused thousands, if not millions, of messages of the sort described above to be sent to its customers' mobile devices. In addition, upon request, NYT has sent the recipients of such messages the specified content identified in the messages.

        d)     NYT's subsidiary, Boston Globe, offers a number of SMS messaging services via its website, www.boston.com, whereby viewers can opt-in

to receive "headlines" and other alert-type messages on their mobile device. In connection with such services, NYT (or its subsidiary Boston Globe) has initiated and caused thousands, if not millions, of messages of the sort described above to be sent to its customers' mobile devices. In addition, upon request, NYT has sent the recipients of such messages the specified content identified in the messages.

      e)      NYT's subsidiary, CalorieCount.com, offers a mobile alert service via its website, www.caloriecount.com, whereby viewers can opt-in to receive messages pertaining to food and nutrition on their mobile device. In connection with such service, NYT (or its subsidiary CalorieCount.com) has initiated and caused thousands of messages of the sort described above to be sent to its customers' mobile devices. In addition, upon request, NYT has sent the recipients of such messages the specified content identified in the messages.

      f)      NYT and its subsidiaries maintain a number of branded "Social Media" websites and services, including websites and services maintained with Twitter and Facebook, whereby viewers and/or "followers" can opt-in to receive SMS messages initiated by NYT or its subsidiaries on their mobile device. In connection with such services and websites, NYT and its subsidiaries have initiated and caused millions, if not billions, of messages of the sort described above to be sent to their customers' mobile devices. In addition, upon request, NYT has sent the recipients of such messages the specified content identified in the messages.

5

11. On or about December 29, 2009, HPL gave written notice to NYT of its infringement of the '838 and '716 patents. On April 27, 2010, HPL gave written notice to NYT of its infringement of the '757 claims (which at that time existed in identical form in United States Application SN 12/764,025). Both notice letters provided NYT with a detailed description of the claims, and in addition, provided detailed information including infringement charts demonstrating NYT's infringement.

12. To date, twenty-one (21) substantial companies have agreed to a license to the '838, '716, and '757 patents, including the following entities: Apple, Adt Securities, Advanced Publications (Condé Nast), Carnival Cruise Lines, Dell, eBay, Hewlett-Packard (and Palm), H&R Block, Macy's, MGM Resorts International, Microsoft, Research in Motion, Sears Holding Corporation, Starbucks, and seven other substantial companies whose identities HPL has agreed to keep confidential.

**COUNT I**
**(Infringement of United States Patent No. 7,280,838)**

13. HPL incorporates by reference paragraphs 1 through 12 of this Complaint and realleges them as though fully set forth herein.

14. HPL is informed and believes, and thereon alleges that NYT has been and is currently infringing the '838 patent in violation of 35 U.S.C. § 271(a) by, among other things, using and practicing methods that embody one or more of the following claims of the '838 patent within the United States: 9, 10, 12, 13, 15-18, and 20 (and likely others as determined through discovery) without authority or license from HPL in connection with at least the messaging services and product offerings identified in paragraphs 9 and 10.

6

15. In the alternative, HPL is informed and believes, and thereon alleges that NYT has actively induced and is currently inducing the infringement of the '838 patent in violation of 35 U.S.C. § 271(b) by knowingly and intentionally encouraging or aiding third parties to use or practice methods within the United States that it knew or should have known would infringe the '838 patent without license or authority from HPL, and further alleges that these third parties have infringed or will infringe the '838 patent.

16. More specifically, NYT has been on notice of HPL's '838 patent and claims since December 29, 2009 and yet the messaging services discussed above continue to be available on NYT's various websites and internet platforms, and the users of such services continue to receive millions of infringing messages in connection with such services. HPL is informed and believes, and thereon alleges, that if it is not NYT providing such messaging services and initiating and causing the infringing messages to be sent as alleged in paragraph 14, then NYT has been and is currently actively inducing third parties to initiate and cause such infringing messages to be sent on its behalf.

17. Having placed NYT on notice of infringement of the '838 patent eleven (11) months ago, NYT's infringement of the '838 patent has been and continues to be willful.

18. As a direct and proximate result of NYT's conduct, HPL has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law. HPL has also been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

## COUNT II
### (Infringement of United States Patent No. 7,499,716)

19. HPL incorporates by reference paragraphs 1 through 12 of this Complaint and realleges them as though fully set forth herein.

20. HPL is informed and believes, and thereon alleges that NYT has been and is currently infringing the '716 patent in violation of 35 U.S.C. § 271(a) by, among other things, using a system or systems that embody one or more of the following claims of the '716 patent within the United States: 15, 17, 18, 21, 24, and 27 (and likely others as determined through discovery) without authority or license from HPL in connection with at least the messaging services and product offerings identified in paragraphs 9 and 10.

21. In the alternative, HPL is informed and believes, and thereon alleges that NYT has actively induced and is currently inducing the infringement of the '716 patent in violation of 35 U.S.C. § 271(b) by knowingly and intentionally encouraging or aiding third parties to use systems within the United States that it knew or should have known would infringe the '716 patent without license or authority from HPL, and further alleges that these third parties have infringed or will infringe the '716 patent.

22. More specifically, NYT has been on notice of HPL's '716 patent and claims since December 29, 2009 and yet the messaging services discussed above continue to be available on NYT's various websites and internet platforms, and the users of such services continue to receive millions of infringing messages in connection with such services. HPL is informed and believes, and thereon alleges, that if it is not NYT providing such messaging services and initiating and causing the infringing messages to

be sent as alleged in paragraph 20, then NYT has been and is currently actively inducing third parties to initiate and cause such infringing messages to be sent on its behalf.

23. Having placed NYT on notice of infringement of the '716 patent nearly eleven (11) months ago, NYT's infringement of the '716 patent has been and continues to be willful.

24. As a direct and proximate result of NYT's conduct, HPL has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law. HPL has also been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

## COUNT III
### (Infringement of United States Patent No. 7,835,757)

25. HPL incorporates by reference paragraphs 1 through 12 of this Complaint and realleges them as though fully set forth herein.

26. HPL is informed and believes, and thereon alleges that NYT has been and is currently infringing the '757 patent in violation of 35 U.S.C. § 271(a) by, among other things, using a system or systems that embody one or more of the following claims of the '757 patent within the United States: 2-13, 15-17, 19 and 20 (and likely others as determined through discovery) without authority or license from HPL in connection with at least the messaging services and product offerings identified in paragraphs 9 and 10.

27. In the alternative, HPL is informed and believes, and thereon alleges that NYT has actively induced and is currently inducing the infringement of the '757 patent in violation of 35 U.S.C. § 271(b) by knowingly and intentionally encouraging or aiding

third parties to use systems within the United States that it knew or should have known would infringe the '757 patent without license or authority from HPL, and further alleges that these third parties have infringed or will infringe the '757 patent.

28. More specifically, NYT has been on notice of HPL's '757 patent and claims since April 27, 2010 and yet the messaging services discussed above continue to be available on NYT's various websites and internet platforms, and the users of such services continue to receive millions of infringing messages in connection with such services. HPL is informed and believes, and thereon alleges that if it is not NYT providing such messaging services and initiating and causing the infringing messages to be sent as alleged in paragraph 26, then NYT has been and is currently actively inducing third parties to initiate and cause such infringing messages to be sent on its behalf.

29. Having placed NYT on notice of infringement of the '757 patent nearly seven (7) months ago, NYT's infringement of the '757 patent has been and continues to be willful.

30. As a direct and proximate result of NYT's conduct, HPL has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law. HPL has also been damaged and, until an injunction issues, will continue to be damaged in an amount yet to be determined.

WHEREFORE, for the foregoing reasons, Helferich Patent Licensing, LLC, prays for:

(a) Judgment that defendant has infringed, or actively induced others to infringe one or more of claims: 9, 10, 12, 13, 15-18, and 20 of the '838 patent, claims: 15, 17, 18, 21, 24, and 27 of the '716 patent, and claims 2-13 and 15-20 of the '757 patent;

(b) A permanent injunction to be issued enjoining and restraining defendant, and its officers, directors, agents, servants, employees, attorneys, licensees, successors, assigns, and those in active concert and participation with them, and each of them, from making, using, selling, offering for sale, or importing any products, systems or methods which fall within the scope of claims: 9, 10, 12, 13, 15-18, and 20 of the '838 patent, claims: 15, 17, 18, 21, 24, and 27 of the '716 patent, and claims 2-13, 15-17, 19 and 20 of the '757 patent; and from inducing infringement of any such claims by others;

(c) An award of damages, including provisional damages, against defendant adequate to compensate HPL for past infringement, together with interest and costs as fixed by the Court, such damages to be trebled because of the willful and deliberate character of the infringement;

(d) Judgment that this case is "exceptional" in the sense of 35 U.S.C. § 285, and that HPL is entitled to an award of its reasonable attorneys' fees in the prosecution of this action; and

(e) Such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 2nd day of December, 2010.

                LAW OFFICES OF STEVEN G. LISA, LTD.

                By: */s/ Timothy Sperling*
                      Timothy D. Sperling
                      Attorney for Plaintiff

                      Steven G. Lisa (Ill. State Bar # 6187348)
                      Jon E. Kappes (Ill. State Bar # 6291678)
                      James D. Busch (Ill. State Bar # 6299217)
                      Mildred E. Park (Ill. State Bar # 6293523)
                      Timothy Sperling (Ill. State Bar # 6283854)
                      Donald J. Lisa (Ill. State Bar # 1673998)
                      Law Offices of Steven G. Lisa, Ltd.
                      55 West Monroe Street, Suite 3210
                      Chicago, Illinois 60603
                      Tel. & Fax: (312) 752-4357

                      Victoria Curtin (NDIL ID # 010897)
                      Victoria Gruver Curtin, P.L.C.
                      14555 N. Scottsdale Rd., Ste. 160
                      Scottsdale, Arizona 85254
                      Tel.: (480) 998-3547
                      Fax: (480) 596-7956

                      Gerald D. Hosier (Ill. State Bar # 7059)
                      Law Offices Of Gerald D. Hosier, Ltd.
                      P.O. BOX 12354
                      ASPEN, CO 81612
                      Tel: (970) 920- 3475
                      Off: (970) 920-3475

**Exhibit A**

- U.S. Patent No. 7,835,757 entitled "System and Method for Delivering Information to a Transmitting and Receiving Device," issued on November 16, 2010;

- U.S. Patent No. 7,627,305, titled "Systems and Methods for Adding Information to a Directory Stored in a Mobile Device," issued on December 1, 2009;

- U.S. Patent No. 7,499,716, titled "System and Method for Delivering Information to a Transmitting and Receiving Device," issued on March 3, 2009;

- U.S. Patent No. 7,403,787, titled "Paging Transceivers and Methods for Selectively Retrieving Messages," issued on July 22, 2008;

- U.S. Patent No. 7,376,432, titled "Paging Transceivers and Methods for Selectively Retrieving Messages," issued on May 20, 2008;

- U.S. Patent No. 7,280,838, titled "Paging Transceivers and Methods for Selectively Retrieving Messages," issued October 9, 2007;

- U.S. Patent No. 7,277,716, titled "Systems and Methods for Delivering Information to a Communication Device," issued October 2, 2007;

- U.S. Patent No. 7,242,951, titled "Paging Transceivers and Methods for Selectively Retrieving Messages," issued July 10, 2007;

- U.S. Patent No. 7,155,241, titled "Systems and Methods for Enabling a User of a Communication Device to Manage Remote Information," issued December 26, 2006;

- U.S. Patent No. 7,146,157, titled "Systems and Methods for Downloading Audio Information to a Mobile Device," issued December 5, 2006;

- U.S. Patent No. 7,039,428, titled "System and Method for Delivering Information to a Transmitting and Receiving Device," issued May 2, 2006;

- U.S. Patent No. 7,003,304, titled "Paging Transceivers and Methods for Selectively Retrieving Messages," issued February 21, 2006;

- U.S. Patent No. 6,983,138, titled "User Interface for Message Access," issued January 3, 2006;

- U.S. Patent No. 6,826,407, titled "System and Method For Integrating Audio and Visual Messaging," issued November 30, 2004;

- U.S. Patent No. 6,696,921, titled "Transmitting and Receiving Devices and Methods for Transmitting Data to and Receiving Data from a Communications System," issued February 24, 2004;

- U.S. Patent No. 6,636,733, titled "Wireless Messaging Method," issued October 21, 2003;

- U.S. Patent No. 6,462,646, titled "Transmitting and Receiving Devices and Methods for Transmitting Data to and Receiving Data from a Communication System," issued October 8, 2002;

- U.S. Patent No. 6,459,360, titled "Networks, Communication Systems, Transmitting and Receiving Devices, and Methods for Transmitting, Receiving, and Erasing Stored Information," issued October 1, 2002;

- U.S. Patent No. 6,259,892, titled "Pager Transceivers and Methods for Performing Action on Information at Desired Times," issued July 10, 2001;

14

- U.S. Patent No. 6,253,061, titled "Systems and Methods for Delivering Information to a Transmitting and Receiving Device," issued June 26, 2001;

- U.S. Patent No. 6,233,430, titled "Paging Transceivers and Methods for Selectively Retrieving Messages," issued May 15, 2001;

- U.S. Patent No. 6,097,941, titled "User Interface for Voice Message Access," issued August 1, 2000; and

- U.S. Patent No. 6,087,956, titled "Paging Transceivers and Methods for Selectively Erasing Information," issued July 11, 2000.

- U.S. Patent Application No. 12/625,357, titled "System and Method for Integrating Audio and Visual Messaging;"

- U.S. Patent Application No. 12/580,189, titled "System And Method for Delivering Information To A Transmitting And Receiving Device;"

- U.S. Patent Application No. 12/267,453, titled "Wireless Messaging System;"

- U.S. Patent Application No. 12/367,358, titled "Content provision to subscribers via wireless transmission;"

- U.S. Patent Application No. 12/167,971, titled "System and Method for Delivering Information to a Transmitting and Receiving Device;"

- U.S. Patent Application No. 11/635,781, titled "Paging Transceivers and Methods for Selectively Retrieving Messages;"

- U.S. Patent Application No. 11/598,832, titled "Systems and Methods for Downloading Information to a Mobile Device;"

- U.S. Patent Application No. 11/598,202, titled "Wireless Messaging System;" and

- U.S. Patent Application No. 10/958,731, titled "System and Method for Integrating Audio and Visual Messaging."

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HELFERICH PATENT LICENSING, LLC, ) <br> an Illinois limited liability company, ) <br>         Plaintiff, ) <br>                     ) <br> vs.                     ) <br>                     ) <br> THE NEW YORK TIMES COMPANY, ) <br> a New York corporation, ) <br>         Defendant. ) | No. 1:10-cv-04387 <br> Hon. John Darrah <br> Magistrate Hon. Jeffrey Gilbert <br><br> (Jury Trial Demanded) |

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby makes a demand for a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedures as to all issues in this lawsuit.

RESPECTFULLY SUBMITTED this 2nd day of December, 2010.

        LAW OFFICES OF STEVEN G. LISA, LTD.


    By: */s/ Timothy Sperling*
        Timothy D. Sperling
        Attorney for Plaintiff

        Steven G. Lisa (Ill. State Bar # 6187348)
        Jon E. Kappes (Ill. State Bar # 6291678)
        James D. Busch (Ill. State Bar # 6299217)
        Mildred E. Park (Ill. State Bar # 6293523)
        Timothy Sperling (Ill. State Bar # 6283854)
        Donald J. Lisa (Ill. State Bar # 1673998)
        Law Offices of Steven G. Lisa, Ltd.
        55 West Monroe Street, Suite 3210
        Chicago, Illinois 60603
        Tel. & Fax: (312) 752-4357

Victoria Curtin (NDIL ID # 010897)
Victoria Gruver Curtin, P.L.C.
14555 N. Scottsdale Rd., Ste. 160
Scottsdale, Arizona  85254
Tel.:  (480) 998-3547
Fax:  (480) 596-7956

Gerald D. Hosier (Ill. State Bar # 7059)
Law Offices Of Gerald D. Hosier, Ltd.
P.O. BOX 12354
ASPEN, CO 81612
Tel: (970) 920- 3475
Off: (970) 920-3475