**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| HELFERICH PATENT LICENSING, LLC, an Illinois Limited Liability Company, Plaintiff, | ) ) ) ) | |
| v. | ) ) | No. 1:10-cv-04387 |
| THE NEW YORK TIMES COMPANY, a New York Corporation, Defendant. | ) ) ) ) ) ) | Hon. John Darrah Magistrate Hon. Jeffrey Gilbert |

**MOTION TO COMPEL AND LR 37.2 STATEMENT**

Plaintiff Helferich Patent Licensing, LLC ("HPL") hereby moves to compel defendant The New York Times Company ("NYT") to produce the names of all entities participating with it in any joint defense group, defense organization, or defense coalition. This motion is made under Rule 37(a)(3)(B), Federal Rules of Civil Procedure.

**Discovery Requests at Issue**

HPL served on NYT its First Request for Production on November 16, 2010, including Request No. 33: "All documents Concerning any patent defense group, defense organization or defense coalition Concerning HPL or an Asserted Patent."

In its response served December 16, 2010, NYT stated, in addition to reiterating various general objections:

> NYT objects to the phrases "Asserted Patent," "patent defense group," "defense organization," and "defense coalition" as being vague and ambiguous. NYT objects to this request to the extent that it calls for information protected by the attorney-client privilege, work-product doctrine, and/or joint defense and common interest privilege. NYT also objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information that is irrelevant to discoverable

>information that the parties may use to support its [sic] claims or defenses. In addition, NYT objects to this request to the extent that the request does not appear reasonably calculated to lead to the discovery of admissible evidence.
>
>Subject to an[d] without waiving the foregoing objections, NYT states that it will produce non-privileged documents responsive to the Request currently within its custody, possession or control under the terms of the Protective Order.

No such responsive documents have been produced.

HPL also served on NYT a Notice of Deposition pursuant to Rule 30(b)(6), Federal Rules of Civil Procedure. Topic No. 33 states: "The terms and conditions of membership regarding, and identification of the parties to, any patent defense group, defense organization or defense coalition Concerning HPL or an Asserted Patent."

On December 17, 2010, NYT served its Objections to Plaintiff's Notice of Deposition which stated, regarding Topic No. 33: "NYT incorporates by reference its General Objections stated above and objects to the extent that this calls for communications subject to applicable privileges, including common interest privileges. NYT objects to providing a witness on this topic."

### Statement of Efforts to Reach an Accord

Pursuant to LR 37.2, HPL provides this Statement of Efforts to Reach an Accord. On December 20, 2010, the parties held a telephone conference specifically to discuss NYT's responses to HPL's discovery and particularly regarding its Objections to the Rule 30(b)(6) notice. The call was held at 11:00 a.m. Chicago time. HPL was represented by Steven G. Lisa; Victoria Curtin, Timothy Sperling, and Jon Kappes were also on the phone. NYT was represented by Brian Buroker.

2

With regard to issues relating to the identity of members of a joint defense group or any formal or informal organization of entities responding to charges of infringement by HPL of its patents for the purpose of defeating or defending against such charges, Mr. Buroker acknowledged that NYT has had discussions with other entities regarding defending against HPL's patents. He declined to state whether any financial contribution has been sought or was being made by such entities, and declined to identify such entities. He stated that such entities might have to be identified in a formal privilege log, to the extent any communications were in writing, but that such logs ordinarily did not extend beyond the filing date of any suit. (HPL understood the implication to be that at least some participants in defense discussions thus would not be identified even in a privilege log.)

In response, Mr. Lisa provided Mr. Buroker with a citation to case law stating that such jointly conferring entities must, in fact, be identified. Mr. Buroker stated that he would review the case, consult with his client, and respond to HPL shortly. To date, no such response has been received.

### HPL is Entitled to the Identities of Joint Defense Participants

In *Trading Technologies Int'l, Inc. v. eSpeed, Inc.*, 2007 WL 1302765 (N.D. Ill. 5/1/2007), the Court considered whether the identities of members of a joint defense group were subject to discovery, and found that they were: "should the joint defense agreement be memorialized in writing, defendants should produce a copy of the agreement to plaintiff. If the agreement was made orally or informally, defendants need only produce to [plaintiff] a list of the participating members." *Id.* at *2.

This information is precisely what HPL seeks. HPL does *not* seek production of privileged communications. It *does* seek to know who is cooperating with NYT in defense of HPL's claims. Such information should be, and is, discoverable.

Fed. R. Civ. P. 26(b)(1) defines discoverable information as "any nonprivileged matter that is relevant to any party's claim or defense. . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." HPL seeks discovery of those other entities that have responded to HPL's assertions of infringement by banding together, formally or informally, to assist NYT's in its defense of this action. The identity of such infringers is relevant to HPL's claims, and to the patents at issue in this action.

Moreover, HPL's purpose in seeking this information is to promote judicial efficiency. Specifically, there are many common issues between infringers of the asserted claims herein, including claim construction and various defenses such as anticipation and obviousness. Other entities assisting NYT in its defense of this action should be bound by the arguments and defenses put forward in this case. They should not be permitted to defend against the patents piecemeal, getting repeated bites at the apple by putting forward new defenses each time HPL chances to identify one of them and file suit. Rather, HPL should be told who they are now, so that HPL has the opportunity to either add them as parties to this suit, or sue them individually and consolidate the cases, so that all those actually participating in the defense of the claims of infringement are bound by the arguments made through their joint efforts.

NYT should also be required to produce a witness on Topic No. 33, and provide any nonprivileged documents in response to Request No. 33 that identify members in any joint defense group, particularly including any writing memorializing the creation or existence of such group.

WHEREFORE, for the foregoing reasons, HPL respectfully requests this Court compel defendant The New York Times Company ("NYT") to: i) produce the names of all entities participating with it in any joint defense group, defense organization, or defense coalition; ii) produce a witness on Topic No. 33, and iii) provide any nonprivileged documents in response to Request No. 33 that identify members in any joint defense group, particularly those memorializing the creation or existence of such group.

RESPECTFULLY SUBMITTED this 28th day of December, 2010.

                                      LAW OFFICES OF STEVEN G. LISA, LTD.

                                      By: *s/ Timothy Sperling*
                                              Timothy Sperling
                                              Attorney for Plaintiff

Steven G. Lisa (Ill. State Bar # 6187348)
Jon E. Kappes (Ill. State Bar # 6291678)
James D. Busch (Ill. State Bar # 6299217)
Mildred E. Park (Ill. State Bar # 6293523)
Timothy Sperling (Ill. State Bar # 6283854)
Donald J. Lisa (Ill. State Bar # 1673998)
Law Offices of Steven G. Lisa, Ltd.
55 West Monroe Street, Suite 3210
Chicago, Illinois 60603
Tel. & Fax: (312) 752-4357


Victoria Curtin (NDIL ID #010897)
Victoria Gruver Curtin, P.L.C.
14555 N. Scottsdale Rd., Ste. 160
Scottsdale, Arizona 85254
Tel.: (480) 998-3547
Fax: (480) 596-7956

Attorneys for Plaintiff