IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HELFERICH PATENT LICENSING, LLC )<br><br>      Plaintiff, )<br>v. )<br>THE NEW YORK TIMES COMPANY )<br>      Defendant. ) | Case No. 1:10-cv-04387<br><br>Hon. John Darrah<br>Magistrate Hon. Jeffrey Gilbert |

**DEFENDANT THE NEW YORK TIMES COMPANY'S
<u>OPPOSITION TO MOTION TO COMPEL</u>**

Defendant The New York Times Company ("The New York Times") opposes Plaintiff Helferich Patent Licensing, LLC's ("HPL") motion to compel. HPL improperly seeks the names of all entities participating with The New York Times in any joint defense group, defense organization, or defense coalition. That information is not relevant to a claim or defense in this case and, in addition, is privileged attorney work product. HPL seeks those names for the sole reason of identifying who to target and sue next as part of its widespread settlement demand/licensing campaign. Discovery should not be permitted for this purpose and thus, the motion to compel should be denied.

    **A.**    **Background**

By its own admission, HPL is a patent holding company that has the exclusive rights to license patents owned by Wireless Science, LLC, a company founded by Richard J. Helferich. HPL's patents relate to sending SMS text message to wireless devices, such as mobile telephones. Starting in 2008, HPL began suing manufacturers of wireless handsets and modems for patent infringement in this District. In all, HPL sued eighteen different companies. All of

1

those HPL sued purchased their peace with a license. Starting in late 2009, HPL shifted its focus away from the wireless handset manufacturers. Instead, HPL launched an extensive campaign to obtain settlements and licensing fees from companies that send SMS text messaging or post content on Twitter or Facebook (social media sites that HPL contends send out SMS text messages) to communicate with its customers. As part of this campaign, HPL has sent hundreds of settlement/license demands in letters to executives of the companies on its target list. A typical letter from HPL to a company that uses SMS text messaging or has a Twitter or Facebook presence (and today, a large number of companies do) threatens litigation if the recipient does not opt to capitulate to its settlement/license demands. As HPL proudly announced in its Second Amended Complaint, twenty companies have purchased a "license" in this short period of time.

The New York Times received a demand from HPL on December 28, 2009. The New York Times communicated its belief that it did not infringe HPL's patents and provided other defenses. Undeterred, on July 14, 2010, HPL filed the above-referenced lawsuit when The New York Times did not settle and purchase a license. Not surprisingly, some of the recipients of HPL's aggressive settlement/licensing demands have contacted The New York Times counsel.

During discovery, HPL served requests for documents and a 30(b)(6) deposition notice, both of which request the identity members in any joint defense group, particularly those memorializing the creation or existence of such group HPL's discovery requests. The specific discovery requests at issue are Document Request No. 33 and Topic No. 33 in HPL's 30(b)(6) notice to The New York Times. The New York Times objected and HPL filed a motion to compel. The New York Times opposes allowing HPL to use the discovery process to penalize other companies for contacting it.

B.  Argument

1.  **HPL Is Not Entitled To The Names of Other Entities With Whom The New York Times May Have Communicated In Defense Of HPL's Allegations; Such Information Is Irrelevant to This Case And Is Only Sought For the Purpose of Filing More Lawsuits**

At issue in this motion is whether The New York Times should be compelled to identify non-party companies with whom it has communicated in the course of preparing its defense to HPL's patent infringement allegations. While this information is classic work product and involves privileged common interest/joint defense privileged communications, HPL nevertheless demanded a deposition witness and document production on this subject matter. When asked to justify why it needed to know the identity of any such parties, HPL admitted that the only reason for the discovery requests is to identify who it will sue next. Specifically, HPL seeks the "identity of such infringers" and further demands that "HPL should be told who they are now, so that HPL has the opportunity to either add them as parties to this suit, or sue them individually …" Plaintiff's Motion to Compel at 4.

HPL's attempt to use the discovery process in this case as a mechanism to "send a message" to non-parties that they risk being sued if they coordinate with The New York Times is clearly improper. The Rules of Civil Procedure limit the scope of discovery to information reasonably calculated to lead to the discovery of admissible evidence. Discovery is not supposed to be used to create pressure on non-parties to settle non-asserted patent infringement allegations against them. Just because a non-party may have communicated with The New York Times does not make them an infringer. HPL has no basis for such a claim and mere communication with The New York Times does not provide a basis for infringement. Requested information is not relevant to the case if the inquiry is based on the party's mere suspicion or speculation. *See Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1326-1327 (Fed. Cir. 1990);

3

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 363 (1978) ("A bare allegation of wrongdoing … is not a fair reason for requiring a defendant to undertake … burdens and risks to further a plaintiff's case.").

Fed. R. Civ. P. 26(b)(1) was not intended to compel a defendant to produce the identity of third parties so that the plaintiff can file more lawsuits. "The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable, *without discovery*, not to find out if it has any basis for a claim." *Micro Motion*, 894 F.2d at 1327. Clearly, the discovery rules are not the proper mechanism for identifying additional targets for lawsuits. *Id*. at 1326 (Discovery is allowed to flesh out a pattern of facts already known to a party relating to an issue necessarily in this case; however, requested information is not relevant to "subject matter involved" in the pending action if the inquiry lies in a speculative area). Other courts have recognized the impropriety of using the discovery rules to seek additional targets and have limited discovery to only issues in the present case. In *Well-Made Toys Manufacturing Corp. v. Lotus Onda Industrial Co.*, 2002 WL 72930 at *4 (S.D.N.Y. Jan. 17, 2002), the court denied Plaintiff's motion to compel because Plaintiff was merely seeking to learn about other U.S. companies it could sue. When the purpose of a discovery request is to gather information in proceedings other than the pending suit, discovery should be denied. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. at 352 n.17; s*ee also Liz Claiborne, Inc. v. Mademoiselle Knitwear, Inc.*, 1997 WL 53184 at *5 (S.D.N.Y. Feb. 11, 1997) (Granting the motion to compel but excluding discovery on issues that are not relevant to the present action).

HPL's request for "[a]ll documents Concerning any patent defense group, defense organization or defense coalition Concerning HPL and an Asserted Patent" is clearly not relevant to any claim or defense of HPL or The New York Times in this case. This case is against a

single defendant, The New York Times. Whether The New York Times had discussions with other entities regarding settlement/license demand letters those companies received from HPL threatening litigation is simply not relevant to any issue between HPL and The New York Times. Moreover, the identity of those other entities cannot support any claim or defense available to HPL *in this case*. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. at 352-353 ("Respondent's attempt to obtain the class members' names and addresses cannot be forced into the concept of 'relevancy' …"). HPL merely states that "[t]he identity of such infringers is relevant to HPL's claims, and to the patents at issue in this action," but provides no explanation and fails to identify a claim or defense relevant to the pending case. Plaintiff's Motion to Compel at 4.

Finally, although the discovery rules apply to discovery of nonparties, the fact of nonparty status may be considered by the court in weighing the burdens imposed in the circumstances. *See Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993); *see also American Standard Inc. v. Pfizer Inc.*, 828 F.2d 734, 738 (Fed. Cir. 1987) (affirming district court's restriction of discovery where nonparty status weighed against disclosure).

2. **HPL Is Not Entitled To The Identities Of Third Parties Under the Work Product Doctrine**

In addition, the identity of third parties, who are not part of this litigation, is protected by joint defense/common interest privileges. Joint defense and common interest agreements are well understood to be protected by the work product doctrine. *McNally Tunneling Corp., v. City of Evanston*, 2001 WL 1246630 (N.D. Ill. Oct. 18, 2001). In support of its demand for work product information, Plaintiff relies on a single case that actually supports The New York Times' position. The Court in *Trading Technologies Int'l, Inc. v. eSpeed, Inc.*, 2007 WL 1302765 (N.D.

5

Ill. May 1, 2007) makes a distinction between co-defendants[1] who are part of the litigation and third parties who are not. The Court notes that "communication with third parties may sometimes remain privileged under the work product doctrine even if the third parties are not members of the joint defense group. ***Plaintiff is not then entitled to learn the identity of such third parties***." *Id*. at 2 n.3 (emphasis added). The purpose of the work product doctrine is to protect a party's litigation strategies from disclosure to the opposing party. *Id*. at 2. Moreover, the Court clarifies that "[w]here defendants corresponded with third parties in preparation for litigation, such communications are privileged under the work product doctrine, whether or not the third parties were members of the joint defense group." *Id*. The Court then denied the plaintiff's motion to compel defendant's privileged communications. *Id*. at 3.

    C.    **Conclusion**

For the foregoing reasons, The New York Times respectfully requests that this Court deny HPL's motion to compel in its entirety. Specifically, The New York Times requests that the Court order that it not be required to i) produce the names of any entities participating with it in any joint defense group, defense organization, or defense coalition; ii) produce a witness on Topic No. 33 in the 30(b)(6) deposition notice HPL served on The New York Times, or iii) provide any nonprivileged documents in response to Request No. 33 that identify members in any joint defense group, particularly those memorializing the creation or existence of such group.

---

[1] In *Trading Technologies Int'l*, all defendants were participants in the joint defense agreement.

Dated: January 21, 2011            Respectfully Submitted,

By: _____
Michael R. Weiner (Ill. Bar No. 06217025)
Julianne M. Hartzell (Ill. Bar No. 06275093)
**MARSHALL, GERSTEIN & BORUN LLP**
233 South Wacker Drive
6300 Sears Tower
Chicago, IL 60606-6357
(312) 474-6300
mweiner@marshallip.com
jhartzell@marshallip.com

Brian M. Buroker *(Admitted Pro Hac Vice)*
Daniel G. Vivarelli *(Pro Hac Vice to be filed)*
**HUNTON & WILLIAMS LLP**
1900 K Street, NW
Washington, DC 20006
(202) 955-1500
bburoker@hunton.com
dvivarelli@hunton.com

David A. Kelly *(Pro Hac Vice)*
**HUNTON & WILLIAMS LLP**
Bank of America Plaza, Suite 4100
600 Peachtree Street, NE
Atlanta, Georgia 30308
(404) 888-4280
dkelly@hunton.com

Kenneth Richieri, Esq. (Of Counsel)
The New York Times Company
620 Eighth Avenue, (17th floor)
New York, NY 10018
212-556-1995
richierk@nytimes.com

*Counsel for Defendant The New York Times Company*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy on the 21st day of January, 2011 the foregoing DEFENDANT THE NEW YORK TIMES COMPANY'S OPPOSITION TO MOTION TO COMPEL was served via email on the following counsel of record through the Court's ecf system:

Steven G. Lisa
Donald J. Lisa
James Busch
Jon Kappes
Mildred Park
Timothy Sperling
LAW OFFICES OF STEVEN G. LISA, LTD.
55 W. Monroe St. Suite 3210
Chicago, IL 60603
stevelisa@patentit.com
donlisa@patentit.com
jamesbusch@patentit.com
jonkappes@patentit.com
millypark@patentit.com
timsperling@patentit.com

Victoria Curtin
VICTORIA GRUVER CURTIN, PLC
14555 North Scottsdale Road
Suite 160
Scottsdale, AZ 85254
victoria@vcurtin.com

**By:** _____
Brian M. Buroker