**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| HELFERICH PATENT LICENSING, LLC, | ) | |
| an Illinois Limited Liability Company, | ) | |
| Plaintiff, | ) | No. 1:10-cv-04387 |
| | ) | |
| v. | ) | Hon. John W. Darrah |
| | ) | Magistrate Hon. Jeffrey Gilbert |
| THE NEW YORK TIMES COMPANY, | ) | |
| a New York Corporation, | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL**

Helferich Patent Licensing, LLC ("HPL") respectfully submits this reply to the response filed by Defendant The New York Times Company ("NYT") to its motion to compel regarding NYT's assertion of privilege with regard to the identities of members of any "Joint Defense" or "Common Interest" Group.

NYT admitted, in the course of recent depositions, that there is a written Common Interest Group Agreement.  NYT relies on the assertion of a joint defense or common interest privilege, pursuant to this agreement, to refuse to produce documents[1] and to instruct its 30(b)(6) designee not to answer questions regarding communications with third parties in the Common Interest Group, including dates of communications, recipients, or purpose, without any inquiry into the substance of the communications.  Nevertheless, NYT refuses to produce the foundation for the claim of privilege (i.e., the joint defense agreement or the identities of members thereof,

---

[1] For example, HPL's Document Request No. 32, to which NYT asserted a "joint defense and common interest privilege" was:  "All documents concerning any communication (written or oral) by or on behalf of the NYT with any third party or person not employed by the NYT and concerning in any way HPL or an Asserted Patent."  NYT similarly objected to HPL's Request No. 34: "All documents concerning any opinion, review or study of an Asserted Patent, and the persons employed by NYT having knowledge thereof."

nor have any privilege logs been provided). NYT has also refused to divulge whether the Common Interest Group involves financial contribution to the defense of this action, or only information sharing and advice.

### A. THE INFORMATION SOUGHT IS RELEVANT

NYT objects on relevancy grounds to questions and document requests pertaining to communications with third parties regarding HPL, its patents, and defenses to its allegations of infringement. There is no question that these underlying inquiries are ***relevant***. *See* Rule 26(b)(1) (providing for discovery of "any nonprivileged matter that is relevant to any party's claim or defense"). Communications to third parties that relate to the merits of HPL's patent infringement assertions -- including those regarding claim construction, validity, infringement, damages -- are clearly relevant. They are ***directly related*** to the heart of this case. Indeed, this court and a jury will need to address ***all*** of these issues. NYT's communications with third parties (including others that have received HPL's notice letters and claim infringement charts) on those very issues are likely the most relevant documents in NYT's possession.

Moreover, even assuming the valid existence of a "Joint Defense" or "Common Interest" Group, not all communications are privileged:

> Although occasionally termed a privilege itself, the common interest doctrine is really an exception to the rule that no privilege attaches to communications between a client and an attorney in the presence of a third person. *See Robinson v. Texas Auto. Dealers Ass'n,* 214 F.R.D. 432, 443 (E.D.Tex.2003). In effect, the common interest doctrine extends the attorney-client privilege to otherwise non-confidential communications in limited circumstances.

*United States v. BDO Seidman, LLC,* 492 F.3d 806, 815-16 (7th Cir. 2007). While the common interest doctrine has also been found to apply to work product, it requires that one of these fundamental protections otherwise apply. Thus, for example, facts communicated between

entities in a joint defense group do not become privileged simply by virtue of that communication.

Since these communications are relevant and discoverable *absent any claim of privilege*, Rule 26(b)(5) requires NYT to provide enough information to "enable other parties to assess the claim" of privilege. With regard to the joint defense privilege, that requires at a minimum disclosure of the identities of the various entities involved so that a determination can be made if they have aligned legal interests making the claim of privilege appropriate. *See, e.g., Trading Technologies Int'l, Inc. v eSpeed, Inc.*, 2007 WL 1302765 *2 (N.D. Ill. 5/1/2007). In addition, the Court needs to know the date and time the various Joint Defense or Common Interest Agreements were entered into so as to determine from what date and time communications became privileged. *Id.* Neither HPL nor this Court is required to take NYT's representations as true. NYT's refusal to provide such basic support for its assertion of the joint defense privilege borders on arrogance, and is the equivalent of suggesting that it should be exempted from the rules applicable to any other party.

## B. NEITHER THE IDENTITY OF JOINT DEFENSE OR COMMON INTEREST GROUP MEMBERS NOR THE AGREEMENT ITSELF IS PROTECTED AS WORK PRODUCT

NYT asserts that "[j]oint defense and common interest agreements are well understood to be protected by the work product doctrine." Response at 5. That is a complete misstatement of law. In fact, such agreements are protected only in the rare instances where the agreement itself reveals the strategy and tactics of the parties thereto, and therefore counsel's core work product. *See, e.g., McNally Tunneling Corp. v. City of Evanston*, 2001 WL 1246630 (N.D. Ill. 10/18/2001); *compare Trading Technologies Int'l, Inc. v eSpeed, Inc.*, 2007 WL 1302765 *2 (N.D. Ill. 5/1/2007). In any event, the identity of the members of a joint defense group is not

privileged.  *See* Fed. R. Civ. P. 26(b)(5); *see also Trading Technologies Int'l, Inc. v eSpeed, Inc.*, 2007 WL 1302765  *2 (N.D. Ill. 5/1/2007).

The Court in *Trading Technologies* did not find such identities privileged.  To the contrary, it ordered them produced.  *Id.* at * 2.  The Court did comment that the identities of third parties, *not part of the defense group*, with whom work product had been shared, were not subject to the order of identification.  *Id.* n. 3.  It does not say why; specifically, it does not say they are subject to work product protection.  Moreover, it is worth noting that the Court's order did not say that such identities were not subject to listing on a privilege log – i.e., that they were never to be identified.  In any event, that is not the issue the parties are faced with herein – here there *is* a Joint Defense Group, and HPL is entitled to the Joint Defense or Common Interest Agreement identifying the parties thereto (since NYT has admitted it is in writing).

## C. HPL SHOULD BE ENTITLED TO ADD THOSE EFFECTIVELY PARTICIPATING IN THE DEFENSE OF THIS ACTION AS DEFENDANTS

Contrary to NYT's insinuations, HPL is not interested in suing every company that NYT has "communicated with."  Rather, HPL seeks the identity of the members of the Joint Defense Group (and the terms of their agreement, to determine if it includes financial support) to determine *if* any of those members properly should be bound by the defense herein.  It does not serve the interests of justice, or the efficiency of this Court, to allow behind the scenes supporters multiple bites at the apple of defense, allowing them to try defenses seriatim on behalf of various defendants in the hopes of eventually finding one that is successful in invalidating HPL's patents.

NYT contends that discovery is not properly used for "mere suspicion or speculation" or to find claims not already asserted in the instant litigation.  The cases NYT's cites are inapposite.  HPL does not seek to fill-out speculative damages theories, *see Micro Motion, Inc. v. Kane Steel*

*Co.*, 894 F.2d 1318 (Fed.Cir. 1990); or find infringers it has not already identified, *see Well-Made Toys Mfg. Corp. v. Lotus Onda Ind. Co.*, 2002 WL 72930 (S.D.N.Y. 1/17/02). NYT claims the Joint Defense Group members are "recipients of HPL's aggressive settlement/licensing demands." Response at 2. Thus, they are companies HPL has *already identified* as potential infringers, the allegations subject only to providing them an opportunity to present defenses. That opportunity should not, however, include asserting those defenses while hiding behind NYT's skirt.

HPL is not a "shoot first, ask questions later" gunslinger. HPL's portfolio, arising from the inventions of Richard Helferich regarding text and media messaging to wireless devices, includes 23 issued United States patents, and numerous related foreign patents. The claims are addressed to both handsets (how the phones work) and content provision (companies that send certain specific types of messages to cellphones). While NYT endeavors to make it sound like HPL simply sues everyone in sight, nothing could be further from the truth. Rather, HPL conducts extensive research prior to even contacting a company. Only if HPL believes infringement exists does HPL write to the company. HPL's initial letter explains in detail the infringement allegations, attaching infringement charts similar to those required by LPR 2.2. For example, HPL's letter to NYT ran 25 pages, not including the voluminous infringement exhibits. Finally, HPL initiates lawsuits only against those entities that refuse to take a license, fail to present defenses, and that continue to infringe the patents. In this case, HPL filed suit against NYT because NYT for many months ignored HPL's detailed infringement notice letter, refused to present substantive defenses, failed to take a license, and continued to expand its infringement.

It is because HPL does its homework based on its significant portfolio that companies contacted by HPL, by and large, choose to take a license rather than litigate, and those who have

litigated have eventually taken licenses. Over the last several years, HPL has signed fifty (50) companies to handset and content licenses, including some of the most patent-savvy and technologically advanced companies in the world, including Microsoft, Samsung, Apple, Research In Motion, eBay, Starbucks, Sears, Macy's and others. In that process HPL has only had to file ten (10) lawsuits, with all but this lawsuit having been resolved within a short period following the initiation of the suit. With its large number of licensees, HPL has little choice but to initiate lawsuits against infringers, such as NYT, that ignore detailed infringement charges for extended periods of time. Any other result would be a disservice to HPL and unfair to HPL's large number of licensees.

Those companies that have declined HPL's offer of a license and formally elected to join in NYT's "joint defense" of this action should be bound by its result. It is significant that NYT's Opposition failed to acknowledge what it admitted at its Rule 30(b)(6) deposition – that a "Common Interest Agreement" in fact exists. Still further, it failed to candidly state whether the Group has contributed monetarily to the defense of this action. If they have, there is even less reason the members of the Group should not be bound by the adjudication of defenses they are asserting herein by proxy. HPL asks simply for the opportunity to add to this action as defendants those entities that are actually defending it in fact.

HPL's motion to compel should be granted.

RESPECTFULLY SUBMITTED this 24nd day of January, 2011.

LAW OFFICES OF STEVEN G. LISA, LTD.


By:___*s/ Victoria Curtin*_____
                Victoria Curtin
                Attorney for Plaintiff

*Attorneys for Plaintiff*

Victoria Curtin (NDIL ID #010897)
Victoria Gruver Curtin, P.L.C.
14555 N. Scottsdale Rd., Ste. 160
Scottsdale, Arizona  85254
Tel.:  (480) 998-3547
Fax:  (480) 596-7956

Steven G. Lisa (Ill. State Bar # 6187348)
Jon E. Kappes (Ill. State Bar # 6291678)
James D. Busch (Ill. State Bar # 6299217)
Mildred E. Park (Ill. State Bar # 6293523)
Timothy Sperling (Ill. State Bar # 6283854)
Donald J. Lisa (Ill. State Bar # 1673998)
Law Offices of Steven G. Lisa, Ltd.
55 West Monroe Street, Suite 3210
Chicago, Illinois 60603
Tel. & Fax: (312) 752-4357