**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| HELFERICH PATENT LICENSING, L.L.C., | ) | |
| an Illinois Limited Liability Company, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10-cv-04387 |
| | ) | |
| THE NEW YORK TIMES COMPANY, | ) | |
| a New York Corporation, | ) | Hon. John W. Darrah |
| Defendant. | ) | Mag. Jeffrey T. Gilbert |
| | ) | |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM
RE MOTION TO COMPEL**

Pursuant to the Court's Minute Entry (Dkt. # 57), Plaintiff Helferich Patent Licensing,

LLC ("HPL") submits this Supplemental Memorandum addressing the Court's query:  Whether a

court may, consistent with Rules 26(b)(5)(A)(ii) and 26(c) [Federal Rules of Civil Procedure],

determine whether materials are protected by the work product privilege described in Rule

26(b)(3) based upon in camera submissions and without requiring production of materials to

opposing parties.

With all due respect to the Court, HPL posits that the answer is "no," at least under the

circumstances here presented.  Here, the Court is proposing to review *in camera* the essential

components of any assertion of privilege, specifically the identities of the third parties with

whom Defendant the New York Times ("NYT") is asserting a common interest privilege.  No

privilege log or other description pursuant to Rule 26(b)(5)(A)(ii) has been provided by NYT;

rather it has asserted a blanket objection and claim of privilege to even identifying the entities

with which it claims it shares such an interest.  Moreover, NYT has acknowledged that not all of

these entities are known to HPL; at least some are not companies to which HPL has written to

date with allegations of infringement. In contrast, where after a party provides a detailed privilege log in keeping with Rule 26(b)(5), the court determines that the log cannot on its face provide the necessary evidence to support the assertions of privilege, and conducts an *in camera* review of ***the actual items claimed to be privileged,*** such review is not in conflict with the requirements of Rule 26(b)(5).

In general, the cases regarding Rule 26(b)(5) present a uniform situation: a party asserting privilege presents either no privilege log, or an inadequate one. The court then requires that a detailed privilege log be provided to the opposing party (and sometimes the court) in keeping with Rule 26(b)(5). Any *in camera* review of the actual documents takes place, if needed, thereafter. But the provision of the initial log with the basic information supporting the claim of privilege to the opposing party, as well as the court, is required. *See, e.g., Cencast Services, L.P. v. United States*, 91 Fed. Cl. 496, 502-03 (Ct. Cl. 2010)*; Saca v. J.P. Molyneux Studio Ltd.*, 2008 WL 62181 *1 n.1 (E.D. Cal. 2008)("a privilege log is not simply a document to be filed with the court in support of a motion, but that is to be timely provided to opposing counsel so that she/he may assess the claim of privilege")*; Washington v. Thurgood Marshall Academy*, 232 F.R.D. 6, 10 (D.D.C. 2005)(where no privilege log provided, "[i]n the interests of expedition, the court orders defendant to provide plaintiff a privilege log and submit the same to the court, along with the documents referenced therein, for *in camera* review").

It is noteworthy that even Magistrate Judge Facciola of the District of Columbia, who finds privilege logs "on the whole useless," nevertheless requires pursuant to the rule that one be created and shared with the opposing party before conducting *in camera* review. *See Lurensky v. Wellinghoff*, -- F.R.D. --, 2010 WL 3488255 (D.D.C. 9/3/2010).

HPL's review of over 250 cases regarding Rule 26(b)(5) found only two instances where disclosure of less detail than would be found in a privilege log was allowed.  In each case, the court specifically found that the restricted disclosure allowed was nonetheless sufficient, under the unique circumstances therein presented, to permit the opposing party to assess the claim of privilege.  *See Tierno v. Rite Aid Corp.*, 2008 WL 2705089 *3-4 (N.D. Cal. 2008)(names of class members subject to attorney client privilege, and not necessary to assess applicability of claim where request limited to communications with class members)*; S.E.C. v. Thrasher*, 1996 WL 125661 *1 (S.D.N.Y.) (where government sought communications *between defendants to suit*, no specific log was required:  "the court may permit the holder of withheld documents to provide summaries of the documents by category or otherwise to limit the extent of his disclosure. This would certainly be the case if (a) a document-by-document listing would be unduly burdensome and (b) the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing whether the privilege claim is well grounded").  Thus, implicitly, it was not enough for only the court to understand the foundation for the claimed privilege.

The basis for these rulings is simple – the language of Rule 26(b)(5) is ***mandatory***: "When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-protection material, ***the party must***: (i) expressly make the claim; and (ii) describe the nature of the documents, communications or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, ***will enable other parties to assess the claim***."  For example, in responding to a nonparty's argument that it was excused from providing a privilege log in

response to a subpoena, the Court found that the similar provision of Rule 45 did not permit such an exception:

> The Federal Rules of Civil Procedure, which have the force of statutes, *Zapata Hermanos Sucesores, S.A. v. Hearthside Baking Co., Inc.,* 313 F.3d 385, 392 (7th Cir.2002), *cert. denied,* 540 U.S. 1068, 124 S.Ct. 803, 157 L.Ed.2d 732 (2003), are to be accorded "their plain meaning ... and generally with them, as with a statute, '[w]hen we find the terms ... unambiguous, judicial inquiry is complete ....' " *Pavelic & LeFlore v. Marvel Entertainment Group,* 493 U.S. 120, 123, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989).

*Mosley v. City of Chicago*, 252 F.R.D. 445, 449 (N.D. Ill. 2008); *see also Estate of Manship v. United States*, 232 F.R.D. 552, 561 (M.D.La. 2005) ("The rule employs the mandatory term, 'shall,' requiring that the responding party prepare a privilege log where a privilege is asserted")*; Hobley v. Burge*, 226 F.R.D. 312, 320 (N.D. Ill. 2005), *rev'd on other gds*, 433 F.3d 946 (7th Cir. 2006) ("the privilege log is not an after-thought to claiming privilege or protection, it *is* the claim of privilege or protection")*; Heath v. F/V Zolotoi*, 221 F.R.D. 545, 552 (W.D. Wa.2004) ("The Rules place an absolute and unequivocal duty on the party withholding discovery to create a privilege log").

HPL submits that it is entitled to sufficient information to permit it to determine, on at least a first blush, whether Defendant NYT's assertion of common interest privileges with respect to the two groups with which it has signed agreements is plausible, regardless of any non-privileged reason NYT may have for wanting to withhold such information.

RESPECTFULLY SUBMITTED this 31st day of January, 2011.

VICTORIA GRUVER CURTIN, PLC

By:   *s/ Victoria Curtin*
      Victoria Curtin
      Attorney for Plaintiff

Victoria Curtin (NDIL ID #010897)
Victoria Gruver Curtin, P.L.C.
14555 N. Scottsdale Rd., Ste. 160
Scottsdale, Arizona  85254
Tel.:  (480) 998-3547
Fax:  (480) 596-7956

Steven G. Lisa (Ill. State Bar # 6187348)
Timothy D. Sperling (Ill. State Bar # 6293854)
Jon E. Kappes (Ill. State Bar # 6291678)
Mildred E. Park (Ill. State Bar # 6293523)
James David Busch (Ill. State Bar # 6299217)
Donald J. Lisa (Ill. State Bar # 1673998)
Law Offices of Steven G. Lisa, Ltd.
55 West Monroe Street, Suite 3210
Chicago, Illinois 60603
Tel. & Fax: (312) 752-4357