**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

|  |  |
|---|---|
| **HELFERICH PATENT LICENSING, LLC**<br><br>　　　　　**Plaintiff,**<br>v.<br><br>**THE NEW YORK TIMES COMPANY**<br><br>　　　　　**Defendant.** | Case No. 1:10-cv-04387<br><br>Hon. John Darrah<br>Magistrate Hon. Jeffrey Gilbert |

**THE NEW YORK TIMES COMPANY'S OBJECTIONS TO MAGISTRATE JUDGE GILBERT'S FEBRUARY 8, 2011 ORDER TO THE EXTENT IT REQUIRES THE NEW YORK TIMES COMPANY TO IDENTIFY MEMBERS OF COMMON INTEREST AGREEMENTS**

## INTRODUCTION

Pursuant to Fed. R. Civ. P. 72(a), the Defendant, The New York Times Company ("The New York Times"), submits Objections to Magistrate Judge Gilbert's February 8, 2011 Order to the extent The New York Times is required to provide the identities of members of common interest agreements. Specifically, at the February 8, 2011 hearing, Magistrate Judge Gilbert stated:

> "[T]o the extent that this motion is seeking to compel the New York Times to identify the persons or entities with whom it is claiming a common interest privilege, … I would grant the motion because I think the New York Times needs to identify with whom -- the persons with whom it has a privilege or is asserting a privilege in order for plaintiff to assess that and for the court to properly assess whether the privilege is properly invoked."). *See* February 8, 2011 Hearing Transcript at 10:15-24.

The New York Times should not be compelled to reveal the identities of members of the common interest group because (1) the Magistrate Judge ruled that the identities are irrelevant to this case and outside the scope of discovery; (2) the identities are not necessary to ascertain whether work product and attorney client privileges apply and (3) providing the identities would reveal privileged information. Fed. R. Civ. P. 26(b)(5) requires that the party withholding privileged information must describe the nature of the information in a manner that will enable the other party to assess the claim of privilege, without revealing the protected information. A description of the document and description of each member — without identifying each member by name — provides sufficient information for HPL to determine whether the work product and/or attorney client privileges apply.

## RELEVANT FACTUAL BACKGROUND

This is a patent infringement case in which HPL accuses The New York Times of having infringed three patents directed to sending SMS text messages to wireless devices, such as mobile telephones. HPL is a patent holding company that alleges to have the exclusive rights to

2

license patents allegedly owned by Wireless Science, LLC, a company founded by Richard J. Helferich. Starting in 2008, HPL began suing manufacturers of wireless handsets and modems for patent infringement in this District. In all, HPL sued eighteen different companies. All of those HPL sued purchased their peace with a license. Starting in late 2009, HPL shifted its focus away from the wireless handset manufacturers and HPL launched an extensive campaign to obtain settlements and licensing fees from companies whose "infringing" activity comprises solely of sending SMS text messages or posting content on Twitter or Facebook. As part of this campaign, HPL has sent hundreds of settlement/license demands in letters to executives of the companies on its target list. A typical letter from HPL to a company that uses SMS text messaging or has a Twitter or Facebook presence (and today, a large number of companies do) threatens litigation if the recipient does not opt to capitulate to its settlement/license demands. As HPL announced in its Second Amended Complaint, twenty companies have purchased a "license" in this short period of time.

The New York Times received a demand letter from HPL on December 28, 2009. The New York Times communicated its belief that it did not infringe HPL's patents and provided other defenses. Undeterred, on July 14, 2010, HPL filed the above-referenced lawsuit when The New York Times did not settle and purchase a license. Not surprisingly, some of the recipients of HPL's aggressive settlement/licensing demands have contacted The New York Times counsel.

1. **Plaintiff HPL's Discovery Requests**

During discovery, HPL served requests for documents and a 30(b)(6) deposition notice, both of which request the identity of members in any joint defense group. The specific discovery requests at issue are Document Request No. 33 and Topic No. 33 in HPL's 30(b)(6) notice to The New York Times, attached as Exhibits A and B, respectively. The New York Times objected to both requests as calling for information protected by the attorney client privilege,

3

work product doctrine and/or joint defense and common interest privilege. The New York Times also objected to providing a witness on this topic.

**2.     HPL's Motion To Compel The New York Times To Produce The Names of All Entities Participating With It In Any Joint Defense Group**

The New York Times opposed allowing HPL to use the discovery process to penalize other companies for contacting it. HPL's Motion to Compel is attached as Exhibit C; The New York Times' Opposition is attached as Exhibit D. While this information is classic work product, protected under attorney client privileges and outside the scope of discovery, HPL nevertheless moved to compel the production of a deposition witness and documents on this subject matter. When asked to justify why it needed this information, HPL admitted that the only reason for the discovery requests was to identify who it will sue next; HPL seeks the "identity of such infringers" and further demands that "HPL should be told who they are now, so that HPL has the opportunity to either add them as parties to this suit, or sue them individually …" Exhibit C at 4.

**3.     Motion To Compel Heard On January 25, 2011 And The Court's Request For Supplemental Briefing**

At the oral hearing, Magistrate Judge Gilbert ordered The New York Times to submit *in camera* the two common interest agreements it has entered into with non-parties and a list of the non-parties that have signed the common interest agreements together with the date(s) that those agreements were entered into and effective. HPL was ordered to submit *in camera* a list of persons to whom it has sent infringement letters for the particular patents that are at issue in this case, and provide the dates those letters were sent to the addressees. HPL was also ordered to submit *in camera* the names of the non-parties with whom it has entered into a license with respect to the patent technology that is at issue in this case and the dates of those license agreements.

4

The Court also requested supplemental briefing from both parties concerning whether a court may determine whether materials are protected by the work product privilege based upon *in camera* submissions and without requiring production of such materials to opposing parties. The New York Times and HPL's Supplemental Memorandums are attached as Exhibits E and F, respectively.

**4.     Motion To Compel Heard on February 8, 2011**

Magistrate Judge Gilbert denied HPL's motion to compel responses to Request No. 33 and produce a 30(b)(6) witness to address Topic No. 33. In doing so, Magistrate Judge Gilbert found that HPL's reason for being entitled to the names of the members of the common interest group was improper. February 8, 2011 Hearing Transcript ("Hearing Tr.") (attached as Exhibit G) at 6:4-9 ("what plaintiff is saying is that they are entitled to ... the identity of members of the joint defense group and documents relating to them so that they can bring suit against those people and that they can argue that they should be bound by the result of this suit."); *Id*. at 16:16-20 ("I want to emphasize I don't think is a proper scope of discovery, which is to identify names of people in this case so you can sue them in other cases.").

After ostensibly denying HPL's motion to compel, however, Magistrate Judge Gilbert reached beyond the specific discovery issues presented and found that "in order for the New York Times to avoid discovery, avoid producing documents and information that it claims to be covered by a common interest or joint defense type of privilege, it has to establish the existence of that privilege as a threshold matter." *Id*. at 8:13-17. The Magistrate Judge stated "I see no way that the New York Times can meet that burden in a way that allows HPL to assess the claim of privilege without identifying at a minimum ... the third parties with whom the New York Times claims it has a privilege." *Id*. at 9:1-5. In so doing, Magistrate Judge Gilbert recognized that "this is just a back door for the plaintiff to obtain the identities of the parties to the common

5

interest agreement that it sought in a vacuum in topic no. 33, for example" (*Id*. at 10:25-11:3) before reiterating that HPL's reasons for being entitled to this information are improper. *Id*. at 11:3-10.

During the hearing, The New York Times explained that HPL could assess whether a privilege applied by using a description other than the name of the party. *Id*. at 14:3-8. The New York Times also explained that descriptions are always used in a privilege log because the other party does not get to actually see the privileged communication to verify that the entry on the privilege log is accurate. *Id*. at 14:9-11. On this point, The New York Times further argued that a sufficient description of who the party was and their relationship to this matter without divulging actual names is in compliance with Rule 26. *Id*. at 14:12-19.

The court conducted an *in camera* review of the common interest agreements. The court compared the signatories of the common interest agreements with the entities HPL identified as having sent cease and desist or infringement letters and with whom it has entered into licenses. The court found that there are entities to whom HPL has sent letters that appear to be participating with The New York Times in a common interest agreement and there are other parties to these agreements that are not yet on HPL's list. *Id*. at 9:23-10:9. The court, however, did not identify any member of the common interest agreements as being entities with whom HPL has entered into licenses.

The objections now filed by The New York Times only address the Magistrate Judge's ruling on HPL's Motion to Compel The New York Times to the extent that this ruling requires The New York Times to identify members of the common interest agreements at issue. The hearing transcript, attached as Exhibit G, memorializes Magistrate Judge Gilbert's Order granting this aspect of HPL's Motion to Compel.

6

## STANDARD OF REVIEW

Magistrate Judge Gilbert's Order of February 8, 2011 is a "non-dispositive" ruling within the meaning of Fed. R. Civ. P. 72(a). *LaPorta v. City of Chicago*, No. 95 C 2899, 1998 WL 89130 (N.D. Ill. Feb. 13, 1998). Rule 72(a) allows a District Court to "consider timely objections and modify or set aside any part of" a Magistrate Judge's non-dispositive "order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also LaPorta* (finding that Magistrate Judge's discovery order to be "contrary to the law" and setting aside the Magistrate Judge's ruling). An order "is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 401-02 (1948) (reversing and remanding after applying this standard). Where the record is insufficient to allow the District Court to determine the basis for those portions of the Magistrate's Order to which objection has been made, a remand is warranted. *Bobkoski v. Board of Educ. of Cary Consol. School Dist. 26*, 141 F.R.D. 88, 94 (N.D. Ill. 1992).

## ARGUMENT

**1.     Providing The Names Runs Counter To Magistrate Judge Gilbert's Ruling That The Names Are Irrelevant And That HPL's Reasons For Wanting Them Are Improper**

By compelling The New York Times to reveal the names of the members of the common interest agreements, the court is requiring The New York Times to disclose information that is improper in scope. Hearing Tr. at 5:10-23 ("Plaintiff's argument in support of its motion is that it is entitled to all of this information because it is entitled to know who The New York Times is speaking with or cooperating with in defending this litgation ... are not proper subjects of discovery in this case."); *Id*. at 11:3-12. Magistrate Judge Gilbert, in effect, deemed the names of the members irrelevant and outside the scope of discovery. *Id*. at 16:15-22. A party is only

7

required to withhold information under a claim a privilege for "information otherwise discoverable." Fed. Rule. Civ. P. 26(b)(5)(A). Because the names are not relevant to this case and thus not discoverable, The New York Times should not be compelled to provide the names, especially when it does not even need to assert privilege for information that is outside the scope of discovery. *See Trading Technologies Int'l, Inc. v. eSpeed, Inc.*, No. 04 C 5312, 2007 WL 1521136, at *2 (N.D. Ill. May 17, 2007) (even if communications among a non-party joint defense group would not be protected under the common interest privilege, plaintiff's requests for communications between the non-parties is ***irrelevant*** to the litigation pending in this court; in reaching this conclusion, the court concluded "we do not see how communications with other non-parties is relevant to [the current] litigation," and thereby denied plaintiff's motion to compel) (emphasis added).

In support of his Order, Magistrate Judge Gilbert indicated that "the very identity of the person with whom [The New York Times is] claiming a common interest may be and could very well be relevant to the plaintiff to know if that person is someone with whom they have some other dealings that would make their interests adverse to the common group." Hearing Tr. at 17: 1-7. Whether the common interest is applicable is not based on whether the interests are adverse, the members must have a strong identity of interests. *McNally Tunneling Corp., v. City of Evanston*, No. 00-C-6979, 2001 WL 1246630, at *2 (N.D. Ill. Oct. 18, 2001). As here, a common legal interest exists between a defendant to a lawsuit and a non-litigating third party, so long as there is a "reasonable expectation of a shared legal bond and an anticipation of litigation is present." *See Lugosch v. Congel*, 219 F.R.D. 220, 238 (N.D.N.Y. 2003).

The Court's *in camera* review of the common interest agreements verifies that there is no adverse interest at issue here. The court only found that there are people to whom HPL has sent

8

letters that appear to be participating with The New York Times in a common interest agreement and there are other parties to these agreements that are not yet on the HPL's list. Hearing Tr. at 9:23-10:9. Because none of the members of the common interest agreements have also entered into a license with HPL, HPL has no basis to challenge the common interest and cannot explain how actual names, instead of descriptions, will assist them in assessing the claim of privilege. *See Beneficial Franchise Co. v. Bank One*, no. 00 C 2441, 2001 WL 492479, at *11 (N.D. Ill. May 9, 2001) ("the absence of any identified conflict among the defendants in their positions with respect to the case ... show[s] that the common interest doctrine certainly may apply.").[1]

**2.    Fed. R. Civ. P. 26 Only Requires A Description Of The Information, It Does Not Explicity Require Names Of Parties**

Even assuming that the names of the members of the common interest agreements are within the scope of discovery, the Federal Rules of Civil Procedure do not require that recipients and authors be identified by name but rather only that the documents or communications be sufficiently described. *See United States v. Bd. of County Comm'rs*, No. CIV 08-0505, 2009 WL 2426194, at *4 (D.N.M. July 20, 2009) ("Rule 26(b)(5) requires that a party which withholds information on the grounds that it is privileged … must identify, *in some detail*, which information is privileged and describe it in a way that allows the opposing party to ascertain the applicability of the privilege.") (emphasis added). While, in the typical case, a Rule 26(b)(5) privilege log will individually list withheld documents and provide pertinent information for each document, this is not an inflexible requirement. *SEC v. Nacchio*, No. 05-cv-00480, 2007 WL 219966, at *9 (D. Colo. Jan. 25, 2007).

---

[1] The New York Times offers to submit the common interest agreements at issue for *in camera* review to confirm privilege.

The courts retain discretion to permit less detailed disclosure in appropriate cases. *SEC v. Thrasher*, No. 92 CIV 6987, 1996 WL 125661, at *1 (S.D.N.Y. Mar 20, 1996). If a detailed disclosure would, in effect, reveal the very information that may be privileged, the party may tailor his response to mask such sensitive information. *SEC v. Thrasher citing* Fed. R. Civ. P. 26(b)(5) (party is required to "describe the nature of the documents … in a manner that ***without revealing information itself privileged or protected***, will enable other parties to assess the applicability of the privilege or protection.") (emphasis added); S.D.N.Y. Civil Rule 46(e)(2)(ii)(A) (details of documents, including author and addressee, should be provided "where appropriate," thereby implying that such details are not necessarily required in a privilege log).

**3.      When Identities Of Individuals/Entities Are Themselves Privileged, Names Can Be Withheld From A Privilege Log**

A requirement that The New York Times divulge the identities of members of the common interest agreements will give HPL significant insights into The New York Times' preparation of its case and its mental processes. *See United States v. Sanders*, 979 F.2d 87, 91 (7th Cir. 1992) ("where disclosure of a client's identity would 'convey the substance of a confidential communication,' the attorney client privilege may be invoked to prevent such disclosure.") (*citing Matter of Grand Jury Proceedings, Cherney*, 898 F.2d 565, 568 (7th Cir. 1990)); *Gerber v. Down East Community Hospital*, 266 F.R.D. 29, 37 (D. Me. 2010) (Plaintiffs are not required to name names and thereby divulge their trial preparation in their privilege log); *United States v. Gericare Medical Supply Inc.*, No. CIV.A. 99-0366, 2000 WL 33156442, at *3-4 (S.D. Ala. Dec. 11, 2000) (recipients of notes and summaries were not required in a privilege log to protect the identity of each person interviewed, information that itself would reveal the strategy and mental processes.).

As argued by The New York Times in its Opposition (Exhibit D) and Supplemental Memorandum to the Court (Exhibit E), the joint defense agreements at issue contain trial strategies and thereby constitute ***privileged information*** under the work product doctrine and/or attorney client privilege. More specifically, the joint defense agreements would indicate which third parties are cooperating with The New York Times. This cooperation and whom The New York Times is in cooperation with would reveal trial strategies and the mental processes of defendant's attorneys as well as those of the third parties. Because the ***identity*** of such third parties would disclose confidential information, these identities should be protected under work product and/or attorney client privilege. *See McClure & O'Farrell, P.C. v. Grigsby*, 918 N.E.2d 335, 343 (Ind. Ct. App. 2009) ("Identity … may be privileged where revealing the third party's identity … would be tantamount to the disclosure of a confidential communication ….").

In *Seebeck v. General Motors Corp.*, the court found that the names of those interviewed were protected under attorney client and work product in their entirety and denied plaintiff's motion to compel the defendant to produce that information. *Seebeck v. General Motors Corp.*, No. CIV. 1:96-CV-449-WCO, CIV. 1:96-CV-452-WCO, CIV. 1:96-CV-450-WCO, CIV. 1:96-CV-451-WCO, 1996 WL 742914, at *3 (N.D. Ga. May 17, 1996). To rule otherwise, the court found, would provide a plaintiff with a window into the other party's thought process. *Id*. The names are precisely the sort of mental impressions shielded by the Federal Rules of discovery. *Id*. Moreover, a party may not inquire into the identity of persons having knowledge of certain facts in a manner that "effectively infringes upon the opposing attorney's preparation of his case for trial." *Board of Education v. Admiral Heating and Ventilation, Inc.*, 104 F.R.D. 23, 32 (N.D. Ill. 1984); *Besley-Welles Corp. v. Balax, Inc.*, 43 F.R.D. 368, 371 (E.D. Wis. 1968).

11

**CONCLUSION**

To prevent disclosure of privileged and irrelevant information, The New York Times requests that the Court vacate the portion of Magistrate Judge Gilbert's February 8, 2011 Order to the extent its requires The New York Times to identify members of the common interest agreements at issue.

Respectfully Submitted,

Dated: February 22, 2011
By:     /s/ Brian M. Buroker
Michael R. Weiner (Ill. Bar No. 06217025)
Julianne M. Hartzell (Ill. Bar No. 06275093)
**MARSHALL, GERSTEIN & BORUN LLP**
233 South Wacker Drive; 6300 Sears Tower
Chicago, IL 60606-6357
(312) 474-6300
mweiner@marshallip.com
jhartzell@marshallip.com

Brian M. Buroker *(Admitted Pro Hac Vice)*
Daniel G. Vivarelli *(Pro Hac Vice to be filed)*
**HUNTON & WILLIAMS LLP**
1900 K Street, NW
Washington, DC 20006
(202) 955-1500
bburoker@hunton.com
dvivarelli@hunton.com

David A. Kelly *(Admitted Pro Hac Vice)*
**HUNTON & WILLIAMS LLP**
Bank of America Plaza, Suite 4100
600 Peachtree Street, NE
Atlanta, Georgia 30308
(404) 888-4280
dkelly@hunton.com

Kenneth Richieri, Esq. (Of Counsel)
The New York Times Company
620 Eighth Avenue, (17th floor)
New York, NY 10018
212-556-1995
richierk@nytimes.com
***Counsel for Defendant The New York Times Company***

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy on the 22nd day of February, 2011 the foregoing THE NEW YORK TIMES COMPANY'S OBJECTIONS TO MAGISTRATE JUDGE GILBERT'S FEBRUARY 8, 2011 ORDER TO THE EXTENT IT REQUIRES THE NEW YORK TIMES COMPANY TO IDENTIFY MEMBERS OF COMMON INTEREST AGREEMENTS was served via email on the following counsel of record:

Steven G. Lisa
Donald J. Lisa
James Busch
Jon Kappes
Mildred Park
Timothy Sperling
LAW OFFICES OF STEVEN G. LISA, LTD.
55 W. Monroe St. Suite 3210
Chicago, IL 60603
stevelisa@patentit.com
donlisa@patentit.com
jamesbusch@patentit.com
jonkappes@patentit.com
millypark@patentit.com
timsperling@patentit.com

Victoria Curtin
VICTORIA GRUVER CURTIN, PLC
14555 North Scottsdale Road
Suite 160
Scottsdale, AZ 85254
victoria@vcurtin.com

**By:**    /s/ Brian M. Buroker
         Brian M. Buroker