**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| HELFERICH PATENT LICENSING, L.L.C., | ) | |
| an Illinois Limited Liability Company, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10-cv-04387 |
| | ) | |
| THE NEW YORK TIMES COMPANY, | ) | |
| a New York Corporation, | ) | Hon. John W. Darrah |
| Defendant. | ) | Mag. Jeffrey T. Gilbert |
| | ) | |
| | ) | |
| | ) | |

**MOTION TO COMPEL AND LR 37.2 STATEMENT
RE PRIVILEGE LOG**

Plaintiff Helferich Patent Licensing, LLC ("HPL") hereby moves to compel defendant

The New York Times Company ("NYT") to provide a privilege log regarding any documents

withheld that are responsive to HPL's Requests for Production Nos. 32 and 34 of Plaintiff's First

Set of Requests for Production, and Nos. 39 through 71 (the entirety) of Plaintiff's Second Set of

Requests for Production. In the alternative, HPL seeks production of all withheld documents on

the grounds that failure to provide such a log is a waiver of any claim of privilege or work

product.  This motion is made under Rule 37(a)(3)(B), Federal Rules of Civil Procedure. [1]

**Discovery Requests at Issue**

HPL served on NYT its First Request for Production, including Request No. 32: "All

documents Concerning communication (written or oral) by or on behalf of the NYT with any

third party not employed by NYT and Concerning in any way HPL or an Asserted Patent."

---

[1] *See also* Minute Entry dated March 8, 2011 re New York Times' Objections to Magistrate
Judge Gilbert's February 9, 2011 Order (Dkt. # 65) ("The Court has instructed the parties to file
a motion for clarification before Magistrate Judge Gilbert").

In its response served December 16, 2010, NYT stated, in addition to reiterating various

general objections:

> NYT objects to the phrases "Asserted Patent" and "any communication
> (written or oral) by or on behalf of the NYT with any third party or person not
> employed by the NYT" as being vague and ambiguous.  In addition, NYT objects
> to this request to the extent that it calls for information protected by the attorney-
> client privilege, work-product doctrine, and/or joint defense and common interest
> privilege.  NYT also objects to this request on the grounds that it is overbroad,
> unduly burdensome and seeks information that is irrelevant to discoverable
> information that the parties may use to support its [sic] claims or defenses.  In
> addition, NYT objects to this request to the extent that the request does not appear
> reasonably calculated to lead to the discovery of admissible evidence.
> Subject to an without waiving the foregoing objections, NYT states that it
> will produce non-privileged documents responsive to the Request currently within
> its custody, possession or control under the terms of the Protective Order.

HPL's First Request for Production also included Request No. 34:  "All documents

Concerning any opinion, review or study of an Asserted Patent, and the person employed by

NYT having knowledge thereof or involved therewith."  In its response, NYT again stated, in

addition to its general objections:

> NYT further objects to the phrases "Asserted Patent" and "opinion, review
> or study" as being vague and ambiguous.  In addition, NYT objects to this request
> to the extent that it calls for information protected by the attorney-client privilege,
> work-product doctrine, and/or joint defense and common interest privilege.  NYT
> also objects to this request on the grounds that it is overbroad, unduly burdensome
> and seeks information that is irrelevant to discoverable information that the
> parties may use to support its [sic] claims or defenses.  In addition, NYT objects
> to this request to the extent that the request does not appear reasonably calculated
> to lead to the discovery of admissible evidence.
> Subject to an without waiving the foregoing objections, NYT states that it
> will produce non-privileged documents responsive to the Request currently within
> its custody, possession or control under the terms of the Protective Order.

No documents responsive to either request have been produced.  However, it is clear from

testimony in deposition (all of which is designated highly confidential) that responsive

documents do exist.

2

Moreover, HPL served NYT with a Second Request for Production, containing Requests Nos. 39-71. These requests essentially provided the NYT with reciprocal requests for those NYT sent to HPL. Each response to those requests by NYT contained the following provision: "NYT will not produce any documents responsive to this request that identify any entity with whom NYT shares a common interest related to this litigation or are subject to a communication with such entities as those documents are irrelevant and subject to the common interest privilege." NYT has not produced any privilege log in connection with either its initial disclosures or its responses to HPL's Requests for Production, nor has NYT provided HPL with a date on which to exchange such logs, despite repeated requests therefore as discussed below.

### Statement of Efforts to Reach an Accord

Pursuant to LR 37.2, HPL provides this Statement of Efforts to Reach an Accord. On February 14, 2011, the parties held a telephone conference to discuss various discovery issues, including privilege logs. The call was held at 3:30 p.m. Chicago time. HPL was represented by Steven G. Lisa; Victoria Curtin and Jon Kappes were also on the phone. NYT was represented by Brian Buroker. While various compromises regarding privilege logs were discussed, no date for exchanging such logs was agreed upon. HPL's written requests of at least February 7 and February 28, 2011 for a date to be set for such exchange have not elicited a responsive date.

HPL stands ready to provide NYT with HPL's logs when NYT agrees to an exchange.

### NYT Must Provide a Privilege Log

Rule 26(b)(5), Federal Rules of Civil Procedure, provides: "When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-protection material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications or tangible things not produced or

3

disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."   As shown above, NYT has claimed various privileges in response to HPL's discovery requests.

A brief look at Requests Nos. 32 and 34 demonstrate that the information requested thereby is "otherwise discoverable."  Rule 26(b)(1) defines discoverable information as "matter that is relevant to any party's claim or defense."  Clearly, communications with third parties regarding HPL's patents and analyses of HPL's Asserted Patents are relevant and could lead to the discovery of admissible evidence.  NYT may have made an admission of infringement, or another party may have demonstrated fundamental flaws in one of NYT's invalidity defenses. HPL's Second Requests for Production also seek relevant, discoverable information.[2]  Thus, unless the responsive documents are privileged, HPL is entitled to discover them.  Since NYT asserts that at least some responsive documents are privileged, then NYT must produce a privilege log.

Moreover, in preparing such a log, NYT must comply with Magistrate Gilbert's Order of February 8, 2011 (Dkt # 61):  "To the extent that Defendant New York Times is raising a common interest privilege to prevent the disclosure of otherwise discoverable documents or information, it must identify the other persons or entities that it claims are encompassed by the asserted common interest privilege in accordance with Rule 26(b)(5)(A)."

### Failure to Provide a Log is Waiver

To be clear, HPL is not contending that NYT's failure to provide a privilege log to date is

---

[2] Since HPL merely sent back to NYT the requests it had directed to HPL, and one assumes NYT did not send intentionally irrelevant requests, those requests should also be deemed to seek discoverable information.  *See* Rule 26(g)(1) (signature of counsel on discovery requests certifies consistent with rules, not interposed for an improper purpose, and neither unreasonable nor unduly burdensome).

a waiver of any privileges.  However, should NYT continue to refuse to provide a log, that lack

of compliance with Rule 26(b)(5) would amount to a waiver.  *See Hobley v. Burge*, 226 F.R.D.

312, 320 (N.D. Ill. 2005), *rev'd on other gds*, 433 F.3d 946 (7th Cir. 2006) ("A failure to follow

discovery rules may result in a waiver of the privilege").  Should NYT choose not to provide a

privilege log, any documents previously withheld as privileged or work product should be

produced forthwith.

Respectfully submitted this 10th day of March, 2011.

VICTORIA GRUVER CURTIN, P.L.C.

By:/s/  *Victoria Curtin*
Victoria Curtin (NDIL ID #010897)
Victoria Gruver Curtin, P.L.C.
14555 N. Scottsdale Rd., Ste. 160
Scottsdale, Arizona  85254
Tel.:  (480) 998-3547
Fax:  (480) 596-7956

Steven G. Lisa (Ill. State Bar # 6187348)
Jon E. Kappes (Ill. State Bar # 6291678)
Mildred E. Park (Ill. State Bar # 6293523)
Timothy Sperling (Ill. State Bar # 6283854)
James D. Busch (Ill. State Bar # 6299217)
Law Offices of Steven G. Lisa, Ltd.
55 West Monroe Street, Suite 3200
Chicago, Illinois 60603
Tel. & Fax: (312) 752-4357

Gerald D. Hosier (Ill. State Bar #7059)
Law Offices of Gerald D. Hosier, Ltd.
PO Box 12354
Aspen, CO  81612
(970) 920-3475

Attorneys for Plaintiff/Counterdefendant