IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| HELFERICH PATENT LICENSING, LLC<br><br>         Plaintiff,<br>v.<br><br>THE NEW YORK TIMES COMPANY<br><br>         Defendant. | Case No. 1:10-cv-04387<br><br>Hon. John Darrah<br>Magistrate Hon. Jeffrey Gilbert |

**DEFENDANT THE NEW YORK TIMES COMPANY'S
OPPOSITION AND RESPONSE TO HELFERICH'S MOTION TO COMPEL AND
LR 37.2 STATEMENT RE PRIVILEGE LOG**

Defendant The New York Times Company ("The New York Times") opposes Plaintiff Helferich Patent Licensing, LLC's ("HPL") Motion to Compel and LR 37.2 Statement Re Privilege Log for the reasons set forth below.

First and foremost, The New York Times has never refused to produce a privilege log in this case. Until it filed its Motion to Compel, HPL had never indicated that it was ready to make the privilege log exchange. Leading up to its motion, HPL continually demanded a privilege log from The New York Times but never indicated when its own log would be provided. Agreement by the parties to exchange privilege logs really should moot HPL's entire motion.

Rather, it appears that the real purpose behind HPL's latest Motion to Compel is to once again seek the names of parties involved in common interest communications with The New York Times Company. Magistrate Judge Gilbert already found that information not relevant. However, when HPL demanded the names of common interest group members in its previous motion to compel, the Magistrate provided some advice on the topic, but as Judge Darrah held,

1

any discussion in the February 8, 2011 order was not final on that issue. HPL's Motion to Compel clearly asks Magistrate Judge Gilbert to act on its prior "advice" and rule this time in its favor. The New York Times asks Magistrate Judge Gilbert to hold, based on the briefing below, that the names of the members of a common interest group are irrelevant regardless of the method of discovery being used to seek that information, including a privilege log. In addition, to the extent that Magistrate Judge Gilbert does not agree with that proposition, then The New York Times asks that the Magistrate Judge reconsider his prior guidance and advice related to the proper content of a privilege log and rule, based on the caselaw and guidance provided herein, that a description of each common interest group member — rather than names — is sufficient under Fed. R. Civ. P. 26. *See United States v. Zolin*, 491 U.S. 554, 570-71 (1989) ("Too much judicial inquiry into the claim of privilege would force disclosure of the thing the privilege was meant to protect"); *Rossi v. Standard Roofing Inc.*, 156 F.3d 452, 477 (3rd Cir. 1998) (the district court did not abuse its discretion by denying motion to compel the ***name of the entity*** discussed or any other additional information concerning the "subject matter" of the conversation catalogued in the privilege log; description provided was adequate to support the privilege claim); *see also* Advisory Committee's Note to 1993 Amendments to Fed. R. Civ. P. 26 (explaining that Rule 26(b)(5) contemplates case-by-case determination of degree of specificity required to assert privilege and that if "pertinent information affecting the applicability" of the privilege is itself privileged, "such information need not be disclosed.").

    **A.**    **Background**

HPL served requests for Document Request No. 33 and Topic No. 33 in HPL's 30(b)(6) notice to The New York Times requesting identification of members in any joint defense group, particularly those memorializing the creation or existence of such group HPL's discovery

requests. When The New York Times objected, HPL moved to compel that information. HPL admitted that the only reason for the discovery requests is to identify whom it will sue next. Specifically, HPL sought the "identity of such infringers" and further demanded that "HPL should be told who they are now, so that HPL has the opportunity to either add them as parties to this suit, or sue them individually …" HPL's First Motion to Compel (Req. 33) at 4. In response, The New York Times opposed because the information was not relevant.

Through a minute entry and oral order issued during a February 8, 2011 telephonic hearing, Magistrate Judge Gilbert denied HPL's motion to compel and deemed Discovery Request No. 33 and Topic No. 33 improper in scope under Fed. R. Civ. P. 26. February 8, 2011 Hearing Transcript ("Hearing Tr.") 6:10-14. Specifically, Magistrate Judge Gilbert found that HPL's reasons for being entitled to the names of the members of the common interest group — the same information HPL now seeks in its second motion to compel — was improper. *Id*. at 6:4-9; 16:16-20 ("I want to emphasize I don't think [this] is a proper scope of discovery, which is to identify names of people in this case so you can sue them in other cases.").

After ostensibly denying HPL's motion to compel, however, Magistrate Judge Gilbert went on to provide some additional guidance that "in order for the New York Times to avoid discovery, avoid producing documents and information that it claims to be covered by a common interest or joint defense type of privilege, it has to establish the existence of that privilege as a threshold matter." *Id*. at 8:13-17. The Magistrate Judge stated "I see no way that the New York Times can meet that burden in a way that allows HPL to assess the claim of privilege without identifying at a minimum ... the third parties with whom the New York Times claims it has a privilege." *Id*. at 9:1-5. In so doing, Magistrate Judge Gilbert recognized that "this is just a back door for the plaintiff to obtain the identities of the parties to the common interest agreement that

3

it sought in a vacuum in topic no. 33, for example" (*Id*. at 10:25-11:3) before reiterating that HPL's reasons for being entitled to this information are improper. *Id*. at 11:3-10.

Because it was not clear to The New York Times as to whether it was required to object to that portion of the order, The New York Times went forward with Objections to Magistrate Judge Gilber's Order to the extent it requires The New York Times to identify members of the common interest group. During a hearing to address this specific issue, District Judge Darrah clarified that Magistrate Judge denied HPL's motion and HPL's discovery requests exceeded the purposes of discovery under Rule 26. March 8, 2011 Hearing Tr. at 3:1-6. With regards to the specific issue of whether names are required, District Judge Darrah indicated that the Magistrate Judge "may have been giving you some advice, but in direct response to the motion, he said the motion is denied." *Id*. at 4:1-3. Therefore, the record is clear that this Court has never ordered The New York Times to identify the names of entities sharing a common interest privilege in any format, including a privilege log.

HPL's present motion assumes to the contrary and seeks the names of the members of common interest agreements for the express purpose of identifying whom it will sue next. In addition, with respect to Request No. 32 which seeks all documents concerning "communication (written or oral) by or on behalf of the NYT with any third party … Concerning in any way HPL or an Asserted Patent," The New York Times objected to this request as being overbroad and seeking irrelevant information. To the extent HPL is moving the Court to compel the same information that this Court deemed irrelevant in connection with Document Request No. 33 and Topic No. 33, HPL's motion to compel should be denied.

The names of the members of common interest agreements are outside the scope of discovery, as acknowledged by Magistrate Judge Gilbert and confirmed by District Judge

4

Darrah. To the extent communications with other members of the common interest agreements are discoverable, a description of those members is sufficient for a privilege log under the Federal Rules.

  B.  **Argument**

    1.  **Because HPL's Motion to Compel Seeks the Same Information Already Deemed Irrelevant By This Court, A Privilege Log Is Not Required**

  By denying HPL's first motion to compel The New York Times to reveal the names of the members of the common interest agreements, this Court, through a ruling of Magistrate Judge Gilbert to which HPL did not object, deemed the requested information improper in scope. Hearing Tr. at 5:10-23 ("Plaintiff's argument in support of its motion is that it is entitled to all of this information because it is entitled to know who The New York Times is speaking with or cooperating with in defending this litgation ... are not proper subjects of discovery in this case."); *Id*. at 11:3-12. This Court has held that the names of the members are irrelevant. *Id*. at 16:15-22. A party is only required to withhold information under a claim a privilege for "information otherwise discoverable." Fed. Rule. Civ. P. 26(b)(5)(A). Because the names are not relevant to this case and thus not discoverable, The New York Times should not be compelled to provide the names, especially when it does not even need to assert privilege for information that is outside the scope of discovery. *See Trading Technologies Int'l, Inc. v. eSpeed, Inc.*, No. 04 C 5312, 2007 WL 1521136, at *2 (N.D. Ill. May 17, 2007) (even if communications among a non-party joint defense group would not be protected under the common interest privilege, plaintiff's requests for communications between the non-parties is *irrelevant* to the litigation pending in this court; in reaching this conclusion, the court concluded "we do not see how communications with other non-parties is relevant to [the current] litigation," and thereby denied plaintiff's motion to compel) (emphasis added).

5

In support of his Order, Magistrate Judge Gilbert indicated that "the very identity of the person with whom [The New York Times is] claiming a common interest may be and could very well be relevant to the plaintiff to know if that person is someone with whom they have some other dealings that would make their interests adverse to the common group." Hearing Tr. at 17:1-7. Whether the common interest is applicable is not based on whether the interests are adverse; rather the members must have a strong identity of interests. *McNally Tunneling Corp., v. City of Evanston*, No. 00-C-6979, 2001 WL 1246630, at *2 (N.D. Ill. Oct. 18, 2001). For instance, a common legal interest exists between a defendant to a lawsuit and a non-litigating third party, so long as there is a "reasonable expectation of a shared legal bond and an anticipation of litigation is present." *See Lugosch v. Congel*, 219 F.R.D. 220, 238 (N.D.N.Y. 2003). Such is the case here.

Moreover, the Court's *in camera* review of the common interest agreements has already verified that there is no adverse interest at issue here. The court only found that there are people to whom HPL has sent letters that appear to be participating with The New York Times in a common interest agreement and there are other parties to these agreements that are not yet on the HPL's list. Hearing Tr. at 9:23-10:9. Because none of the members of the common interest agreements have also entered into a license with HPL, HPL has no basis to challenge the common interest and cannot explain how actual names, instead of descriptions, will assist them in assessing the claim of privilege. *See Beneficial Franchise Co. v. Bank One*, 205 F.R.D. 212, 222 (N.D. Ill. 2001) ("the absence of any identified conflict among the defendants in their positions with respect to the case ... show[s] that the common interest doctrine certainly may apply.").

6

Having found the names irrelevant, that information should not be required for any form of discovery, including a privilege log entry. For at least this reason, the renewed Motion to Compel should be denied.

**2. If A Privilege Log Is Required, A Description Of The Document And Description Of Each Member Will Provide Sufficient Information For HPL To Assess The Claims of Privilege**

If this Court finds that the requested information is discoverable, the identity of each member of the common interest agreements is not required in a privilege log. Descriptions, such as the ones detailed below, provide sufficient basis for HPL to determine whether privileges apply. In other words, the descriptions provide enough information to "make a prima facie showing that the privilege protects the information the party intends to withhold." *See In re Grand Jury Investigation v. Corp.*, 974 F.2d 1068, 1071 (9th Cir. 1992).

| Document | To | From | Description | Privilege |
|---|---|---|---|---|
| Common Interest Agreement | The New York Times | Content Provider A; Retailer B | Common interest agreement between Defendant The New York Times and third party members, including content provider A recipient of license letter from HPL, retailer B non-recipient of license letter from HPL, … describing joint legal strategy for defending against current and potential patent infringement claims by HPL and containing mental impressions and legal strategies of The New York Times attorneys and third party members in anticipation of litigation and in preparation of this case. | Work Product |
| | The New York Times | Content Provider A recipient of license letter from HPL; Retailer B non-recipient of license letter from HPL | Common interest communication related to confidential communications between Defendant The New York Times and third party members, including content provider A, retailer B regarding legal response to HPL. | Attorney Client Privilege |

Legend:

| | |
|---|---|
| Content Provider A | A mobile advertising provider that has expressed an interest in invalidating the HPL patents to The New York Times |
| Retailer B | A retailer that received a settlement demand from HPL |

The New York Times' proposed descriptions demonstrate the applicability of the work product doctrine and/or attorney client privilege and should be deemed adequate under Rule 26(b)(5). In *Cencast Services, L.P. v. United States*, the court concluded that defendant's privilege log that included several entries that did not reflect the names of the participants was sufficient. *Cencast Services, L.P. v. United States*, 91 Fed.Cl. 496, 502-3 (Fed. Cl. 2010). The descriptions in defendant's privilege log — while somewhat skeletal — met the requirements of Rule 26(b)(5) by adequately describing the communications and circumstances surrounding the communication. *Id*. at 503; see also *Abdallah v. Coca-Cola Co.*, No.Civ.A1:98CV 3679RWS, 2000 WL 33249254, at *7-8 (N.D. Ga. Jan. 25 2000) (denying Plaintiffs' motion to compel disclosure of privileged documents where "documents are sufficiently identified in the defendants' privilege log to satisfy Defendants' burden of sustaining the privilege."); *United States v. Zolin*, 491 U.S. at 570-71 ("Too much judicial inquiry into the claim of privilege would force disclosure of the thing the privilege was meant to protect"); *Rossi v. Standard Roofing Inc.*, 156 F.3d at 477 (the district court did not abuse its discretion by denying motion to compel the ***name of the entity*** discussed or any other additional information concerning the "subject matter" of the conversation catalogued in the privilege log; description provided was adequate to support the privilege claim).

To require The New York Times to disclose the names of the third party members in a privilege log would itself defeat the privilege, because it would show the extent of

8

communication and divulge the third party members to whom defense counsel has communicated for purposes of defending this action. *United States v. Gericare Medical Supply Inc.*, No. CIV.A. 99-0366, 2000 WL 33156442, at *4 (S.D. Ala. Dec. 11, 2000) (detailed document-by-document privilege log not required because such a log "**would have revealed the identity of each person interviewed**, information that itself would reveal the plaintiff's strategy and mental processes.") (emphasis added); *SEC v. Thrasher*, No. 92 CIV 6987, 1996 WL 125661, at *1 (S.D.N.Y. Mar 20, 1996) (emphasizing that a court has discretion to limit the disclosures made by a privilege log, especially if "the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing whether the privilege claim is well grounded."); *see also* Advisory Committee's Note to 1993 Amendments to Fed. R. Civ. P. 26 (explaining that Rule 26(b)(5) contemplates case-by-case determination of degree of specificity required to assert privilege and that if "pertinent information affecting the applicability" of the privilege is itself privileged, "such information need not be disclosed.").

A privilege log that identifies by name third party members — with no relation to any legitimate evidentiary purpose — would not only eviscerate the privilege, but would also allow HPL to target third parties as retaliation for preparing a defense with The New York Times. *See Hamel v. General Motors Corp.*, 128 F.R.D. 281, 282 (D. Kan. 1989) (noting that Rule 26 admonishes courts to "protect against disclosure of the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning litigation.").

3.  **Fed. R. Civ. P. 26 Requires A Description Of The Privileged Information, Names Are Not Required**

The Federal Rules of Civil Procedure do not require that recipients and authors be identified by name but rather that the documents or communications are sufficiently described. *See United States v. Bd. of County Comm'rs*, No. CIV 08-0505, 2009 WL 2426194, at *4 (D.N.M. July 20, 2009) ("Rule 26(b)(5) requires that a party which withholds information on the grounds that it is privileged … must identify, *in some detail*, which information is privileged and describe it in a way that allows the opposing party to ascertain the applicability of the privilege.") (emphasis added). While, in the typical case, a Rule 26(b)(5) privilege log will individually list withheld documents and provide pertinent information for each document, this is not an inflexible requirement. *SEC v. Nacchio*, No. 05-cv-00480, 2007 WL 219966, at *9 (D. Colo. Jan. 25, 2007).

The courts retain discretion to permit less detailed disclosure in appropriate cases. *SEC v. Thrasher*, 1996 WL 125661, at *1. If a detailed disclosure would, in effect, reveal the very information that may be privileged, the party may tailor his response to mask such sensitive information. *SEC v. Thrasher citing* Fed. R. Civ. P. 26(b)(5) (party is required to "describe the nature of the documents … in a manner that *without revealing information itself privileged or protected*, will enable other parties to assess the applicability of the privilege or protection.") (emphasis added); S.D.N.Y. Civil Rule 46(e)(2)(ii)(A) (details of documents, including author and addressee, should be provided "where appropriate," thereby implying that such details are not necessarily required in a privilege log).

4.  **When Identities Of Individuals/Entities Are Themselves Privileged, Names Can Be Withheld From A Privilege Log**

A requirement that The New York Times divulge the identities of members of the common interest agreements will give HPL significant insights into The New York Times'

10

preparation of its case and its mental processes. *See United States v. Sanders*, 979 F.2d 87, 91 (7th Cir. 1992) ("where disclosure of a client's identity would 'convey the substance of a confidential communication,' the attorney client privilege may be invoked to prevent such disclosure.") (*citing Matter of Grand Jury Proceedings, Cherney*, 898 F.2d 565, 568 (7th Cir. 1990)); *Gerber v. Down East Community Hospital*, 266 F.R.D. 29, 37 (D. Me. 2010) (Plaintiffs are not required to name names and thereby divulge their trial preparation in their privilege log); *United States v. Gericare Medical Supply Inc.*, 2000 WL 33156442, at *3-4 (recipients of notes and summaries were not required in a privilege log to protect the identity of each person interviewed, information that itself would reveal the strategy and mental processes.).

*Trading Technologies Int'l, Inc. v. eSpeed*, *Inc.*, Nos. 04 C 5312, 05 C 1079, 05 C 4088, 05 C 4120, 05 C 4811, 05 C 5164, 2007 WL 1302765, at *2 (N.D. Ill. May 1, 2007) relates specifically to a joint defense agreement and makes a distinction between co-defendants who are part of the litigation and third parties who are not. The Court recognizes that "communication with third parties may sometimes remain privileged under the ***work product doctrine*** even if the third parties are not members of the joint defense group. ***Plaintiff is not then entitled to learn the identity of such third parties***." *Id*. at 2 n.3 (emphasis added). The purpose of the work product doctrine is to protect a party's litigation strategies from disclosure to the opposing party. *Id*. at 2. Moreover, the Court clarifies that "[w]here defendants corresponded with third parties in preparation for litigation, such communications are privileged under the work product doctrine, whether or not the third parties were members of the joint defense group." *Id*.

The joint defense agreements at issue contain trial strategies and thereby constitute ***privileged information*** under the work product doctrine and/or attorney client privilege. More specifically, the joint defense agreements would indicate which third parties are cooperating with

11

The New York Times. This cooperation and whom The New York Times is in cooperation with would reveal trial strategies and the mental processes of defendant's attorneys as well as those of the third parties. Because the *identity* of such third parties would essentially disclose confidential information, these identities should be protected under work product and/or attorney client privilege. *See McClure & O'Farrell, P.C. v. Grigsby*, 918 N.E.2d 335, 343 (Ind. Ct. App. 2009) ("Identity … may be privileged where revealing the third party's identity … would be tantamount to the disclosure of a confidential communication ….").

In *Seebeck v. General Motors Corp.*, the court found that the names of those interviewed were protected under attorney client and work product in their entirety and denied plaintiff's motion to compel the defendant to produce that information. *Seebeck v. General Motors Corp.*, No. CIV. 1:96-CV-449-WCO, CIV. 1:96-CV-452-WCO, CIV. 1:96-CV-450-WCO, CIV. 1:96-CV-451-WCO, 1996 WL 742914, at *3 (N.D. Ga. May 17, 1996). To rule otherwise, the court found, would provide a plaintiff with a window into the other party's thought process. *Id*. The names are precisely the sort of mental impressions shielded by the Federal Rules of discovery. *Id*. Moreover, a party may not inquire into the identity of persons having knowledge of certain facts in a manner that "effectively infringes upon the opposing attorney's preparation of his case for trial." *Board of Education v. Admiral Heating and Ventilation, Inc.*, 104 F.R.D. 23, 32 (N.D. Ill. 1984); *Besley-Welles Corp. v. Balax, Inc.*, 43 F.R.D. 368, 371 (E.D. Wis. 1968).

### C. Conclusion

For the foregoing reasons, The New York Times respectfully requests that this Court deny HPL's motion to compel in its entirety. Specifically, The New York Times requests that the Court order that it not be required to provide a privilege log because the discovery requested

is irrelevant. In the alternative, if a privilege log is required, The New York Times should be permitted to use descriptions of the members of the common interest agreements.

13

Dated: March 18, 2011                                   Respectfully Submitted,

By: *[signature: Brian M. Buroker]*

Michael R. Weiner (Ill. Bar No. 06217025)
Julianne M. Hartzell (Ill. Bar No. 06275093)
**MARSHALL, GERSTEIN & BORUN LLP**
233 South Wacker Drive
6300 Sears Tower
Chicago, IL 60606-6357
(312) 474-6300
mweiner@marshallip.com
jhartzell@marshallip.com

Brian M. Buroker *(Admitted Pro Hac Vice)*
Daniel G. Vivarelli *(Pro Hac Vice to be filed)*
**HUNTON & WILLIAMS LLP**
1900 K Street, NW
Washington, DC 20006
(202) 955-1500
bburoker@hunton.com
dvivarelli@hunton.com

David A. Kelly *(Pro Hac Vice)*
**HUNTON & WILLIAMS LLP**
Bank of America Plaza, Suite 4100
600 Peachtree Street, NE
Atlanta, Georgia 30308
(404) 888-4280
dkelly@hunton.com

Kenneth Richieri, Esq. (Of Counsel)
The New York Times Company
620 Eighth Avenue, (17th floor)
New York, NY 10018
212-556-1995
richierk@nytimes.com

*Counsel for Defendant The New York Times Company*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy on the 18th day of March, 2011 the foregoing DEFENDANT THE NEW YORK TIMES COMPANY'S OPPOSITION AND RESPONSE TO HELFERICH'S MOTION TO COMPEL AND LR 37.2 STATEMENT RE PRIVILEGE LOG was served via email on the following counsel of record:

| | |
|---|---|
| Steven G. Lisa | Victoria Curtin |
| Donald J. Lisa | VICTORIA GRUVER CURTIN, PLC |
| James Busch | 14555 North Scottsdale Road |
| Jon Kappes | Suite 160 |
| Mildred Park | Scottsdale, AZ 85254 |
| Timothy Sperling | victoria@vcurtin.com |
| LAW OFFICES OF STEVEN G. LISA, LTD. | |
| 55 W. Monroe St. Suite 3210 | |
| Chicago, IL 60603 | |
| stevelisa@patentit.com | |
| donlisa@patentit.com | |
| jamesbusch@patentit.com | |
| jonkappes@patentit.com | |
| millypark@patentit.com | |
| timsperling@patentit.com | |

**By:** _____
Brian M. Buroker