IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HELFERICH PATENT LICENSING, L.L.C., an Illinois Limited Liability Company, Plaintiff, v. THE NEW YORK TIMES COMPANY, a New York Corporation, Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) | No. 1:10-cv-04387 Hon. John W. Darrah |

**NOTICE OF NON-OPPOSITION TO MOTION TO STAY PENDING REEXAMINATION**

Plaintiff Helferich Patent Licensing, LLC ("HPL") submits this response to the Motion to Stay filed by The New York Times Company ("NYT"). As set forth below, HPL does not oppose – and therefore consents to – the entry of a stay pending the outcome of the reexamination requests. However, HPL does not wish that consent to be taken as an acceptance of NYT's "Statement of Facts," which is biased and contains serious misrepresentations.

Contrary to NYT's insinuations, HPL is not in the business of extortion; it is a patent owner. HPL's portfolio, arising from the inventions of Richard Helferich, includes thirty eight (38) issued U.S. and foreign patents. The patents cover a variety of technologies, including handsets (how cell phones work), wireless infrastructure (systems that carry wireless signals) and wireless content provision (methods for efficiently sending specific types of messages and targeted content to cell phones). Only three of HPL's patents are involved in this particular case with NYT, each addressed to wireless content provision.

Most infringers of HPL's patents choose to take a license rather than litigate, and except for NYT, those that litigated eventually took licenses. HPL has a total of about seventy licensees that paid tens of millions of dollars in license fees. The list of licensees includes virtually every handset maker and many of the world's most patent-savvy wireless content companies that were represented by leading patent defense firms, including Apple, Dell, eBay, Hewlett Packard, Microsoft, RIM, and many others. The substantial fees paid by these sophisticated licensees are indicative of the merit and reasonableness of HPL's position.

Unfortunately, NYT's motion includes specific untruths that must be called out notwithstanding HPL's consent to a stay pending reexamination:

- "literally hundreds of companies in the U.S. have received settlement/license demands from HPL" (Motion at 2) – In fact, HPL has written to 105 companies worldwide regarding its content claims; of those, about 50 have already agreed to licenses.

- "HPL is planning an all-out-assault against potential infringers in this Court" (*id.*) – In fact, most licenses occurred without litigation, and HPL has discussed adding as defendants 6 to 12 "long term holdouts" to ensure that any claim construction hearing undertaken by the Court airs all the issues and will be given due deference by other courts and other infringers.

- "HPL failed to cite several of the key pieces of prior art, including the Tso patent, Rover reference and Rover Mosaic reference" in the prosecution of the '838 and '716

patents (Motion at 5) – In fact, HPL did not "fail" to cite those references since it learned of them only *after* each of those patents issued.[1]

Most significantly, NYT's tale of HPL's alleged failure to timely cite the primary Tso and Rover references in the prosecution of the '757 patent is a complete fabrication. (Motion at 5.) Following receipt of the Tso reference, it was promptly cited by HPL to the PTO in an Information Disclosure Statement on June 22, 2010; Tso was the only U.S. patent (and one of only four references) provided to the Examiner at that time. HPL highlighted its importance by informing the Examiner that Tso was cited by a prospective licensee of HPL's subject patents and applications. The Examiner clearly considered it, as the citation bears his initials in the file wrapper. *See* Exhibit 1 attached hereto. Similarly, the Rover references were cited on September 7, 2010, more than a week *before* the Notice of Allowance was issued, and were also initialed as "considered" by the Examiner. Thus, these references are *not* "new" art with regard to the '757 patent.

Nevertheless, HPL has no objection to allowing the PTO to take a second look at the asserted patents and re-confirm their validity for the Court. Just as the '757 patent issued after full consideration by the Examiner of the primary references cited by NYT, HPL fully expects that the '838 and '716 patents will also be reconfirmed.

As the statistics in NYT"s Exhibit G demonstrate, about 8% of requests for reexamination are denied (in favor of the patentee) in the most preliminary stage; 23% of *ex parte* reexaminations conclude with *all claims confirmed;* and 63% end with at least one claim amended and one or more claims issued (this last category, containing more than half of all *ex*

---

[1] The '838 patent issued in October 2007; the '716 patent issued in March 2009. HPL learned of the Tso patent in discussions with Toyota (now a licensee) in the summer of 2010, and was provided the two Rover references by Palm (also now a licensee) in litigation, also in 2010.

*parte* reexaminations, includes many reexams where significant claims were confirmed in their original form). Thus, over 90% of *ex parte* reexaminations end up with the patents reconfirmed in whole or in part.

HPL therefore consents to entry of an order simply staying this action until at least one patent emerges from the reexamination proceedings before the PTO. HPL does so with the firm expectation that NYT (and those in privity with it) will not attempt to relitigate herein, or in any other forum, those issues resolved by the PTO.

Respectfully submitted this 25th day of March, 2011

        VICTORIA GRUVER CURTIN, P.L.C.

        By:*/s/ Victoria Curtin*
        Victoria Curtin (NDIL ID #010897)
        Victoria Gruver Curtin, P.L.C.
        14555 N. Scottsdale Rd., Ste. 160
        Scottsdale, Arizona 85254
        Tel.: (480) 998-3547
        Fax: (480) 596-7956

        Steven G. Lisa (Ill. State Bar # 6187348)
        Jon E. Kappes (Ill. State Bar # 6291678)
        Mildred E. Park (Ill. State Bar # 6293523)
        Timothy Sperling (Ill. State Bar # 6283854)
        James D. Busch (Ill. State Bar # 6299217)
        Law Offices of Steven G. Lisa, Ltd.
        55 West Monroe Street, Suite 3200
        Chicago, Illinois 60603
        Tel. & Fax: (312) 752-4357

        Gerald D. Hosier (Ill. State Bar #7059)
        Law Offices of Gerald D. Hosier, Ltd.
        PO Box 12354
        Aspen, CO 81612
        (970) 920-3475

        Attorneys for Plaintiff/Counterdefendant