**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HELFERICH PATENT LICENSING, L.L.C., | ) | |
| an Illinois Limited Liability Company, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10-cv-04387 |
| | ) | |
| THE NEW YORK TIMES COMPANY, | ) | |
| a New York Corporation, | ) | Hon. John W. Darrah |
| Defendant. | ) | |
| | ) | |
| | ) | |

**PLAINTIFF HELFERICH STATUS REPORT**
**REGARDING PATENT OFFICE DETERMINATIONS**

As requested by the Court (*see* Hr'g Tr., Dec. 8, 2011, at 9), Plaintiff Helferich

Patent Licensing, L.L.C. ("Helferich") submits this Status Report of Patent Office

("PTO") Proceedings filed by Defendant The New York Times Company ("NYT") and

others in its defense group, ahead of the January 31, 2012 Status Hearing.[1]

---

[1] The Status Hearing will be conducted jointly in this case and the five related actions: *Helferich Patent Licensing, LLC v. Best Buy Co., Inc.*, No. 11:11-cv-6914; *Helferich Patent Licensing, LLC v. The Bon-Ton Stores, Inc.*, No. 11:11-cv-07189; *Helferich Patent Licensing, LLC v. G3 Media, LLC*, No. 1:11-cv-07395; *Helferich Patent Licensing, LLC v. CBS Corp.*, No. 1:11-cv-07607; *Helferich Patent Licensing, LLC v. Bravo Media, LLC*, No. 1:11-cv-07647; and *Helferich Patent Licensing, LLC v. Value Vision Media, Inc.*, No. 1:11-cv-07766. Hereinafter, Helferich will refer to parties from all six cases collectively as "Defendants."

## I.  UPDATE REGARDING THE REEXAMINATION REQUESTS

### A.  The NYT's "First Round" of Reexamination Requests (*Ex Parte)*

NYT's "first round" of *ex parte* reexamination requests presented more than 25 invalidity arguments in extremely detailed written form totaling more than 1000 pages (including comprehensive claim "invalidity charts").  Most assuredly, the Court and HPL assumed that NYT sought its stay of proceedings and filed its exhaustive reexamination requests in good faith, and that the NYT did the best job possible to present to the PTO its most persuasive invalidity arguments.

NYT also represented to the Court that "the time it will take for the *ex parte* reexaminations to transpire will not unduly prejudice HPL or provide The New York Times with a tactical advantage."  The New York Times Company's Motion to Stay Pending Reexaminations of All Three Patents (Dkt. 72) at 9.  NYT further repeatedly emphasized to the Court the importance of the Patent Office's acknowledged "expertise" in addressing validity and claim construction issues, stating:

- "***the PTO's expert analysis*** of prior art may simplify and/or facilitate resolution of the case whether or not [the PTO is persuaded] to amend or invalidate some or all of the claims or patents at issue." *Id.* at 11 (citation omitted; emphasis added).

- "Finally, a stay pending reexamination would allow the Court in later proceedings to benefit from ***the expertise of the PTO*** as brought to bear in the reexamination. *See, e.g., Pass & Seymour, Inc. v. Hubbell Inc.*, 532 F. Supp. 2d 418, 436 (N.D.N.Y. 2007) ("An important factor figuring into the stay question is the desirability of drawing upon ***the expertise of the PTO*** regarding the complex areas of patentability implicated in this action… [T]he parties and the court could benefit immensely from the expertise of the PTO.")." *Id.* at 12-13 (emphases added).

2

- "As noted above, reexaminations eliminate trial of [an] issue (when the claim is canceled) or facilitates trial of that issue by providing the district court with ***the expert view of the PTO*** (when a claim survives reexamination proceedings). *Gould v. Control Laser Group*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)." *Id.* at 13 (emphasis added).

Helferich consented to the requested stay in view of NYT's clear and unequivocal agreement that: (1) there would be no "time prejudice" to HPL, and (2) that the PTO's "expertise" would be of great benefit in helping the Court address claim construction and validity.

Helferich is pleased to advise the Court that the PTO experts have concluded two of NYT's three *ex parte* reexaminations (for the '757 and '716 Patents) and, further, have informed Helferich's counsel via a telephone call on January 25, 2012, that the third reexamination (of the '838 Patent) will be substantively resolved "within a week."

In summary, the PTO experts will have confirmed as patentable more than 300 patent claims in the Helferich '757, '716 and '838 Patents over ***all*** of NYT's *ex parte* reexamination arguments, as follows:

- **U.S. Patent No. 7,835,757 was confirmed patentable**.  On December 9, 2011, the Patent Office issued its Notice of Intent to Issue the Reexamination Certificate ("NIRC") for the '757 Patent.  In the '757 NIRC,[2] the Patent Office confirmed as patentable a total of 69 claims:

    o  6 original claims (claims 1, 6, 11, 18, 19, and 20) that were confirmed ***in the same substantive form as originally issued***;

    o  14 claims that were confirmed with only minor clarifying amendments as agreed by the Examiner (claims 2-5, 7-10, and 12-17); and

---

[2] The Reexamination Certificate for the '757 Patent is expected to issue in early February, and is the formal close of the *ex parte* reexamination proceeding.

- o 49 new claims (claims 21-69).

- **U.S. Patent No. 7,499,716 was confirmed patentable**.  On December 13, 2011, the Patent Office published the Reexamination Certificate for the '716 Patent.  In the '716 Reexam Certificate, the Patent Office confirmed as patentable a total of 134 claims:

  - o 16 original claims (claims 2, 16, 19, 20, 22, 23, 31, 34, 35, 38, 39, 43, 48, 49, 52, and 58) that were confirmed ***in the same substantive form as originally issued***;

  - o 53 claims with minor clarifying amendments (claims 1, 3-15, 17, 18, 21, 24-30, 32, 33, 36, 37, 40-42, 44-47, 50, 51, 53-57, and 59-69); and

  - o 65 new claims (claims 70-134).

- **U.S. Patent No. 7,280,838 is to be confirmed patentable**.  On January 25, 2012, the '838 Examiner called Helferich's counsel and stated that the '838 Patent will receive its NIRC in "about a week."  The formal Reexamination Certificate for the '838 Patent is expected to issue in mid-March.  In the '838 NIRC, it is expected that the Patent Office will confirm as patentable 110 Helferich claims:

  - o 74 original claims (claims 1-6, 9-30, 36-44, and 48-84) that will be confirmed ***in the same substantive form as originally issued***;

  - o 22 claims with minor clarifying amendments (claims 7, 8, 31-35, 45-47, and 85-96); and

  - o 14 new claims (claims 97-110).

Helferich notes that in the process of rendering the above decisions, the PTO experts also considered the following ***additional*** invalidity arguments and art presented by the NYT Defense Group members or their counsel (while representing other litigants):

1. Best Buy (a member of the NYT Defense Group) provided claim "invalidity charts," titled "Claim Charts Applying 5,905,777 (Foladare et al.) to Selected Claims of Helferich U.S. Patent Nos. 7,499,716, 7,280,838, and 7,155,241."

2. HP and Palm (represented by the litigation counsel now representing several of the NYT Defense Group members) provided "invalidity" references under the Northern District of Illinois Local Patent Rules.

3. NYT provided invalidity charts and references under the Northern District of Illinois Local Patent Rules with its initial invalidity contentions.

Thus, the aforementioned patents and claims will be confirmed as patentable over the references cited in the specific *ex parte* requests as well as all of the references, art, arguments, and invalidity positions cited above.

Importantly, of the 300+ confirmed claims, there are approximately 22 "original patent claims" (i.e., ***not*** new or changed), all of which have been asserted by Helferich as infringed by NYT (and the Defendants) for an extended period of time.

## B. The NYT Defense Group's "Second Round" of Reexaminations (*Inter Partes*)

On September 6, 2011 (after Helferich obtained most of the above results), NYT, CBS, Best Buy, BonTon, G4 Media, and Bravo (herein "NYT Defense Group") filed a "second round" of reexaminations--this time *inter partes* requests for reexamination of the same three patents previously the subject of the *ex parte* reexaminations ( '757, '716, and '838 Patents).[3] These *inter partes* reexamination requests presented more than 45 invalidity arguments, all in extremely detailed written form totaling more than 966 pages, with supporting claim "invalidity" charts.[4]

---

[3] Assigned Patent Office Control Numbers 95/001,739, 95/001,738, and 95/001,740, respectively.

[4] Again, one can assume that the NYT Defense Group did the best job possible to present to the PTO in its "second round" its "next" most persuasive invalidity arguments, and further, that it had not intentionally "held back" for the second round better arguments than those it presented in the first round of requests.

Helferich is again pleased to advise the Court that the experts at the Patent Office have officially concluded in Helferich's favor ***all three*** of the NYT Defense Group's *inter partes* reexaminations, with the following results:

- **U.S. Patent No. 7,835,757 was confirmed patentable.** On November 4, 2011, the Patent Office issued a non-appealable order denying the request for *inter partes* reexaminations of the '757 Patent. The Patent Office stated that the art and arguments presented in the *inter partes* request did not present any new questions of patentability.

- **U.S. Patent No. 7,499,716 was confirmed patentable.** On October 28, 2011, the Patent Office issued a non-appealable order denying the request for *inter partes* reexamination of the '716 Patent. The Patent Office stated that the art and arguments did not provide any new technological teachings that were not present in the art cited in the previous reexamination.

- **U.S. Patent No. 7,280,838 was confirmed patentable.** On November 4, 2011, the Patent Office issued a non-appealable order denying the request for *inter partes* reexamination of the '838 Patent. The Patent Office stated that the art and arguments presented in the *inter partes* request did not present any new questions of patentability.

Thus, each of the "second round" of reexamination requests by the New York Times Defense Group was summarily denied by the PTO experts in its entirety.

## C. **The NYT Defense Group's "Third Round" of Reexaminations** *(Inter Partes)*

Evidencing its refusal to accept what it repeatedly acknowledged as "expert analysis" by the PTO, and with clear disregard for its promise to this Court that there would be no "time prejudice" to Helferich, the NYT Defense Group is in the process of filing a "third round" of (*inter partes*) reexaminations. This time, the NYT Defense

Group has requested that a different set of experts at the PTO review its reexamination filings.

Specifically, on January 6, 2012, the NYT Defense Group filed its third reexamination request of the '716 Patent.[5] The NYT Defense Group also filed its first reexamination request of U.S. Patent No. 7,155,241 on December 31, 2011.[6] The '241 Patent is asserted against Defendants CBS and Bravo. Initial decisions from the Patent Office regarding these further reexaminations are expected within approximately 90 days from the respective filing dates. However, Helferich notes for the record that each of the primary "art references" cited by the NYT Defense Group in the third round of reexamination requests was previously cited to and considered by the PTO.

Counsel for the NYT Defense Group has advised Helferich that after the Reexamination Certificates issue for the '757 and '838 Patents (as discussed above), the NYT Defense Group has drafted and intends to file additional *inter partes* reexaminations of the '757 and '838 Patents.

Moreover, in response to Helferich's inquiry in preparation for this hearing, Defendants made clear via email dated January 24, 2012, that if they ***again*** fail to invalidate Helferich's patent claims in their third round of requests, they and other NYT Defense Group members reserve the right to file ***yet additional rounds*** of reexamination

---

[5] Assigned Patent Office Control No. 95/001,867.
[6] Assigned Patent Office Control No. 95/001,864.

requests.  In short, HPL and the Court can assume that the present Defendants (or other members of the NYT Defense Group) will continue to file reexamination requests.

## II. **UPDATE REGARDING RELATED PATENT OFFICE DECISIONS**

In addition to the above confirmations, the Patent Office has allowed five related pending Helferich applications.  These additional allowances were made after full substantive consideration of **_not only_** the NYT Defense Group's six prior reexamination requests **_but also_** the other NYT Defense Group invalidity arguments and art set forth above (*see* pages 4-5, *supra*).  Specifically:

- Application No. 11/598,202 is scheduled to issue as U.S. Patent No. 8,107,601 on January 31, 2012 (with claims relating to mobile wireless content provision using so-called shortened URLs widely infringed by the Defendants, and for which Helferich placed Defendants on notice);

- Application No. 12/167,971 is scheduled to issue as U.S. Patent No. 8,116,741 on February 14, 2012 (with claims relating to mobile wireless content provision using URLs that identify dynamic content also widely infringed by the Defendants, and for which Helferich placed Defendants on notice);

- Application No. 12/367,358 (with claims relating to mobile wireless content provision using messages that indicate a time that remotely stored content is available to be downloaded, and for which Helferich placed Defendants on notice)

Helferich long ago informed the NYT Defense Group members that promptly upon issuance of the above applications as U.S. Patents, approximately 50+ additional patent claims would be asserted as infringed.  It is not known whether the NYT Defense Group intends to file reexamination requests with respect to these new Helferich patents.

## III. **CONCLUSION**

Helferich respectfully submits that the NYT Defense Group received exactly what it requested:  a stay of proceedings to enable a thorough review by PTO experts of not one – but two – sets of reexamination requests.  At the same time, the PTO reviewed the additional invalidity arguments made by NYT, members of the NYT Defense Group and their counsel in litigation and licensing contexts (*see* pages 4-5, above).  Undeniably, those reviews were conducted at huge expense to Helferich and the Patent Office, and the resulting findings should be entitled to great weight.  Indeed, as promised by NYT, the Court now has the benefit of that exhaustive review by the PTO, and this case reduces down to the simple question:  Was the Patent Office right?  Helferich respectfully requests that it now be permitted to proceed with its case.

RESPECTFULLY SUBMITTED this 26th day of January, 2012.

Counsel for Plaintiff
Helferich Patent Licensing, L.L.C.

By: */s/ Victoria Curtin*
Victoria Curtin (NDIL ID #010897)
Victoria Gruver Curtin, P.L.C.
14555 N. Scottsdale Rd., Ste. 160
Scottsdale, Arizona  85254
Tel.:  (480) 998-3547

Steven G. Lisa (Ill. State Bar # 6187348)
Law Offices of Steven G. Lisa, Ltd.
55 West Monroe Street, Suite 3210
Chicago, Illinois 60603
Tel. & Fax: (312) 752-4357

## CERTIFICATE OF SERVICE

I, Laura Keller, certify that on January 26, 2012, I caused the foregoing to be electronically filed with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Christopher K. Larus
Brian J. Mechell
Robins, Kaplan, Miller & Ciresi, LLP
2800 LaSalle Plaza, 800 LaSalle Avenue
Minneapolis, MN 55402-2015

Alexander S. Vesselinovitch
Emily J. Prentice
Katten Muchin Rosenman, LLP
525 West Monroe Street
Chicago, IL 60661-3693

**Attorneys for Defendant Best Buy Co., Inc.**

Michael M. Markman
Robert Williams
Covington & Burling, LLP
One Front Street
San Francisco, CA 94111

David M. Airan
John Winn
Leydig, Voit & Mayer, Ltd.
180 N. Stetson Avenue, Suite 4900
Chicago, IL 60601-6731

**Attorneys for Defendants The Bon-Ton Stores, Inc., G4 Media, LLC, CBS Corporation and Bravo Media, LLC**

John D. Silk
Joseph P. Della Maria, Jr.
Rothschild, Barry & Myers, LLP
55 West Monroe Street, Suite 3900
Chicago, IL 60603

Thomas E. Bejin
Rader, Fishman & Grauer, PLLC
39533 Woodward Avenue, Suite 140
Bloomfield Hills, MI 48304

**Attorneys for ValueVision Media, Inc.**

*/s/ Laura Keller*
Laura Keller