UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HELFERICH PATENT LICENSING, LLC, | ) )  ) |
| Plaintiff, | ) No. 1:10-cv-04387 ) Hon. John Darrah |
| v. | ) ) ) Magistrate Hon. Jeffrey |
| THE NEW YORK TIMES COMPANY | ) Gilbert ) |
| Defendant. | ) ) |

## THE NEW YORK TIMES COMPANY'S STATUS REPORT[1]

**I.  EXECUTIVE SUMMARY**

The Status Report submitted by Helferich Patent Licensing, LLC ("HPL") presents an inaccurate description of the PTO reexamination process on the patents at issue in this case. In just nine months since this Court stayed HPL's lawsuit against The New York Times Company ("New York Times") to enable time for the PTO to reexamine the three asserted HPL patents, HPL's patent rights have vastly changed. While the PTO reexamination process is proceeding quickly, additional time is needed to enable the PTO to evaluate the prior art versus HPL's constantly changing set of claims. Contrary to the picture HPL presented in its Status Report, the reexaminations are not going well for HPL. As a result, HPL continues to play a shell game with what its "invention" really is. In all three patents, it has changed the scope of its claims by either argument or amendment. Each time HPL comes up with a new theory of what its invention is, The New York Times in turn has had to file additional reexamination requests with more prior art to show that HPL is not entitled to a patent on that "invention" either.

---

[1] This response is filed in response to the status report filed by Plaintiff Helferich Patent Licensing, LLC ("HPL") for the January 31, 2012 Status Conference.

The New York Times is not the only party challenging HPL's patents. Indeed, the public interest in this case is very high. HPL is a prolific non-practicing entity and patent litigant. HPL has mailed perhaps hundreds of letters to companies all over the country demanding patent licensing fees. HPL represents to these companies that it has broad patent rights that cover what are now basic methods of communications like sending SMS text messages that happen to include a link to online content. The recipients of HPL's letters often have never heard of HPL beforehand, did not know about its patents and are often stunned to discover that a company is asserting patent protection over such basic technology. And, while HPL touts the number of companies that have capitulated to its litigation threats and licensed these patents, it does not discuss the large number of companies standing up to it. HPL has recently filed a series of lawsuits against some of these companies and is likely to carry out its threat to file against others as well. See, *Helferich Patent Licensing, LLC v. The Bon Ton Department Stores, Inc.*, Case Nos. 1:11-cv-07189 (N.D. Ill.); *Helferich Patent Licensing, LLC v. G4 Media, LLC*, 11-cv-7395 (N.D. Ill.); *Helferich Patent Licensing, LLC v. CBS Corporation*, 1:11-cv-07607 (N.D. Ill.); *Helferich Patent Licensing, LLC v. Bravo Media, LLC*, 1:11-cv-7647 (N.D. Ill.); *Helferich Patent Licensing, LLC v. ValueVision Media, Inc.*, Case No. 1:11-cv-7766 (N.D. Ill.); *Helferich Patent Licensing, LLC v. J.C. Penney Co.*, Case No. 1:2011-cv-09143 (N.D. Ill.); *Helferich Patent Licensing, LLC v. Suns Legacy Partners, LLC*, Case No. 2:2011-cv-02304 (D. Ariz.); *Helferich Patent Licensing LLC v. Nissan Motor Company Limited, et al.*, Case No. 2:12-cv-00060 (D. Ariz.); *Helferich Patent Licensing LLC v. NBA Properties Incorporated, et al.*, Case No. 2:12-cv-00100 (D. Ariz.); and *Helferich Patent Licensing LLC v. Phoenix Newspapers Incorporated*, Case No. 2:11-cv-02476 (D. Ariz.). In past years, HPL also litigated a number of other cases asserting the same or similar patents. *See, e.g.*, cases cited in 1:11-cv-04387 Dkt. 72 at fn. 1.

None of those lawsuits appears to have proceeded past the earliest stages of discovery, and no court has ever construed the terms of, or heard any summary judgment motions relating to, HPL's patents. As discussed herein, at least twenty-seven of the patent claims asserted by HPL against The New York Times were found invalid in the reexaminations. Had this Court not stayed the litigation, the Court would have been asked to interpret and perhaps evaluate summary judgment pleadings on claims that have been wiped away by HPL's amendments in the ongoing reexaminations. Thus, until the reexamination process has completed and HPL has settled on a final definition of what it believes to be its invention, The New York Times and the growing list of companies being sued by HPL should not have to spend any more resources litigating these claims. Judicial economy will be served by continuing to stay this litigation until the reexamination process concludes. If this Court is inclined to reevaluate the stay, The New York Times requests an opportunity to more fully brief those issues.

## II. THE REEXAMINATION OF THE ASSERTED CLAIMS AGAINST THE NEW YORK TIMES HAS ALREADY SIGNIFICANTLY NARROWED THOSE CLAIMS AND THAT PROCESS IS CONTINUING

With its latest complaint,[2] HPL sued The New York Times claiming infringement on twenty-seven claims of three patents − U.S. Patent Nos. 7,280,838 (the "'838 patent"), 7,499,716 (the "'716 patent"), and 7,835,757 (the "'757 patent"). As this chart shows, all of the claims either stand rejected or are the subject of a pending or upcoming reexamination request to address HPL's changing claim the scope of the claim.

| Patent | Claim | Status |
|---|---|---|
| U.S. Patent No. 7,499,716<br><br>Claims 15, 17, 18, 21, 24 and 27 asserted against | 15. | Claim scope changed through amendment; *inter partes* reexamination request addressing effectively new amended claim filed January 6, 2012. |

---

[2] HPL first sued The New York Times on two patents. It added a third patent four months into the litigation. HPL's Status Report suggests that in addition to changing the currently-asserted patents, it may seek to add more patents.

3

| Patent | Claim | Status |
|---|---|---|
| NYT | | |
| | 17. | Claim scope changed through amendment; *inter partes* reexamination request addressing effectively new amended claim filed January 6, 2012. |
| | 18. | Claim scope changed through amendment; *inter partes* reexamination request addressing effectively new amended claim filed January 6, 2012. |
| | 21. | Claim scope changed through amendment; *inter partes* reexamination request addressing effectively new amended claim filed January 6, 2012. |
| | 24. | Claim scope changed through amendment; *inter partes* reexamination request addressing effectively new amended claim filed January 6, 2012. |
| | 27. | Claim scope changed through amendment; *inter partes* reexamination request addressing effectively new amended claim filed January 6, 2012. |
| U.S. Patent No. 7,280,838<br><br>Claims 9, 10, 12, 13, 15-18 and 20 asserted against NYT | 9. | Rejected by the USPTO in *ex parte* reexamination. |
| | 10. | Rejected by the USPTO in *ex parte* reexamination. |
| | 12. | Rejected by the USPTO in *ex parte* reexamination. |
| | 13. | Rejected by the USPTO in *ex parte* reexamination. |
| | 15. | Rejected by the USPTO in *ex parte* reexamination. |
| | 16. | Rejected by the USPTO in *ex parte* reexamination. |
| | 17. | Rejected by the USPTO in *ex parte* reexamination. |
| | 18. | Rejected by the USPTO in *ex parte* reexamination. |
| | 20. | Rejected by the USPTO in *ex parte* reexamination. |
| U.S. Patent No. 7,835,757<br><br>Claims 2-13, 15-17, 19 and 20 asserted against NYT | 2. | Claim scope changed through amendment; *inter partes* reexamination request addressing effectively new amended claim to be filed when permitted (likely January 31, 2012 or within a week or two thereafter). |
| | 3. | Claim scope changed through amendment; *inter partes* reexamination request addressing effectively new amended claim to be filed when permitted (likely January 31, 2012 or within a week or two thereafter). |
| | 4. | Claim scope changed through amendment; *inter partes* reexamination request addressing effectively new amended |

| Patent | Claim | Status |
|---|---|---|
| | | claim to be filed when permitted (likely January 31, 2012 or within a week or two thereafter). |
| | 5. | Claim scope changed through amendment; *inter partes* reexamination request addressing effectively new amended claim to be filed when permitted (likely January 31, 2012 or within a week or two thereafter). |
| | 6. | Claim scope changed through amendment; *inter partes* reexamination request addressing effectively new amended claim to be filed when permitted (likely January 31, 2012 or within a week or two thereafter). |
| | 7. | Claim scope changed through amendment; *inter partes* reexamination request addressing effectively new amended claim to be filed when permitted (likely January 31, 2012 or within a week or two thereafter). |
| | 8. | Claim scope changed through amendment; *inter partes* reexamination request addressing effectively new amended claim to be filed when permitted (likely January 31, 2012 or within a week or two thereafter). |
| | 9. | Claim scope changed through amendment; *inter partes* reexamination request addressing effectively new amended claim to be filed when permitted (likely January 31, 2012 or within a week or two thereafter). |
| | 10. | Claim scope changed through amendment; *inter partes* reexamination request addressing effectively new amended claim to be filed when permitted (likely January 31, 2012 or within a week or two thereafter). |
| | 11. | Claim scope changed through amendment; *inter partes* reexamination request addressing effectively new amended claim to be filed when permitted (likely January 31, 2012 or within a week or two thereafter). |
| | 12. | Claim scope changed through amendment; *inter partes* reexamination request addressing effectively new amended claim to be filed when permitted (likely January 31, 2012 or within a week or two thereafter). |
| | 14. | Claim scope changed through amendment; *inter partes* reexamination request addressing effectively new amended claim to be filed when permitted (likely January 31, 2012 or within a week or two thereafter). |
| | 15. | Claim scope changed through amendment; *inter partes* reexamination request addressing effectively new amended claim to be filed when permitted (likely January 31, 2012 or within a week or two thereafter). |
| | 16. | Claim scope changed through amendment; *inter partes* reexamination request addressing effectively new amended claim to be filed when permitted (likely January 31, 2012 or within a week or two thereafter). |
| | 17. | Claim scope changed through amendment; *inter partes* reexamination request addressing effectively new amended claim to be filed when permitted (likely January 31, 2012 or |

| Patent | Claim | Status |
|---|---|---|
| | | within a week or two thereafter). |
| | 19. | Claim changed based on amendment; *inter partes* reexamination request addressing effectively new amended claim to be filed when permitted (likely January 31, 2012 or within a week or two thereafter). |
| | 20. | Claim changed based on amendment; *inter partes* reexamination request addressing effectively new amended claim to be filed when permitted (likely January 31, 2012 or within a week or two thereafter). |

### III. RESPONSE TO HPL'S CHARACTERIZATION OF REEXAMINATIONS

#### A. The New York Times' *Ex Parte* Reexaminations of the HPL Patents

On February 25, 2011, The New York Times requested *ex parte* reexaminations of the '716, '757, and '838 patents. The PTO granted all three requests. The Court stayed HPL's litigation against The New York Times pending reexamination. *See Helferich Patent Licensing, LLC v. New York Times Co.*, 1:10-cv-04387, Dkt. No. 77 (N.D. Ill. Apr. 05, 2011).

The PTO has rejected all the claims of the '838 patent. *See Helferich Patent Licensing, LLC v. CBS Corporation*, Case No. 1:11-cv-07607, D.I. 30, Markman Decl. Ex. 1. The reexamination of the '838 patent is ongoing. HPL is seeking to amend 20 existing claims and add 14 new claims to the patent.

In December 2011, the PTO completed reexamination of the '716 patent and issued a reexamination certificate. Of the 67 claims submitted for reexamination, the PTO confirmed only 14 of them. HPL amended or added 65 new claims.

On December 9, 2011, the PTO issued the Notice of Intent to Issue an Ex Parte Reexamination Certificate for the '757 patent, closing prosecution on the merits in that proceeding. Only six of the original 20 patent claims were confirmed as patentable, and amendments were made narrowing two original claims. In addition, HPL added 49 new, narrower claims.

6

B.  The New York Times' and Other Defendants' New Requests for *Inter Partes* Reexamination

On January 6, 2012 Defendants filed a request for *inter partes* reexamination of the '716 patent to address the amended and new claims in the '716 patent. *Helferich Patent Licensing, LLC v. CBS Corporation*, Case No. 1:11-cv-07607, D.I. 30, Markman Decl. Ex. 6.

Once the PTO issues a reexamination certificate for the '757 patent, the amended and new claims will take effect. Defendants will immediately file a request for *inter partes* reexamination of all 69 claims.[3]

The new requests for *inter partes* reexamination bring prior art that discloses the specific claim elements that the PTO said were patentable in the HPL patent claims the PTO ultimately allowed. The requests also identify and analyze prior art disclosing the allegedly patentable aspects of amended and new claims that HPL procured from the PTO during the reexamination process.

The PTO has not yet granted the *inter partes* reexamination requests. The PTO must make decisions on *inter partes* reexamination requests within three months. The parties and the Court will not have long to wait for the PTO to decide whether to accept the reexamination requests. By law, the PTO must decide whether to grant the reexamination request for the '716 patent by no later than April 6, 2012. It must decide whether to accept the reexamination request for the '757 patent within three months of its filing. Under the Court's inherent authority to manage its docket, maintaining the stay until at least that time to know for certain whether the PTO will reexamine the HPL patents in light of prior art that clearly discloses all the elements

---

[3] On September 6, 2011, the New York Times, along with CBS, Bon-Ton, G4 and Best Buy, filed requests for *inter partes* reexamination of the original claims of the '757, '716, and '838 patents; meanwhile, the *ex parte* reexaminations were ongoing. The PTO denied the requests, taking the position that they did not present a substantial new question of patentability that was not previously asserted in the *ex parte* proceeding. In contrast, the second *inter partes* requests for these patents have been or will be filed after the ex parte reexamination certificate issues. Moreover, the PTO should find that the second requests present new questions of patentability, as well as a reasonable likelihood to prevail on the merits, because the prior art relied upon in the requests discloses that subject matter relied upon by the PTO in confirming patentability of the claims in the *ex parte* proceedings.

HPL previously convinced the PTO were patentable. Thus far, absent the stay, the Court would have presided over litigation involving 28 invalid claims.

## IV. CONCLUSION

The reexaminations of the patents-in-suit are progressing quickly and narrowing the issues between the parties. Continuance of the stay in this case will be in the best interest of the parties and the Court.

Dated: January 30, 2012                                      Respectfully Submitted,


By: ___/s/ Brian M. Buroker_____


Michael R. Weiner (Ill. Bar No. 06217025)
Julianne M. Hartzell (Ill. Bar No. 06275093)
**MARSHALL, GERSTEIN & BORUN LLP**
233 South Wacker Drive
6300 Sears Tower
Chicago, IL 60606-6357
(312) 474-6300
mweiner@marshallip.com
jhartzell@marshallip.com

Brian M. Buroker (admitted pro hac vice)
**GIBSON, DUNN & CRUTCHER**
1050 Connecticut Avenue, N.W., Suite 300
Washington, DC 20036
(202) 955-8500
bburoker@gibsondunn.com

Kenneth Richieri, Esq. (Of Counsel)
The New York Times Company
620 Eighth Avenue, (17th floor)
New York, NY 10018
212-556-1995
richierk@nytimes.com

*Counsel for Defendant The New York Times Company*

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy on the 30th day of January, 2012 the foregoing THE NEW YORK TIMES COMPANY'S STATUS REPORT was served via email on the following counsel of record:

>Steven G. Lisa
>Donald J. Lisa
>James Busch
>Jon Kappes
>Mildred Park
>Timothy Sperling
>LAW OFFICES OF STEVEN G. LISA, LTD.
>55 W. Monroe St. Suite 3210
>Chicago, IL 60603
>stevelisa@patentit.com
>donlisa@patentit.com
>jamesbusch@patentit.com
>jonkappes@patentit.com
>millypark@patentit.com
>timsperling@patentit.com
>
>Victoria Curtin
>VICTORIA GRUVER CURTIN, PLC
>14555 North Scottsdale Road
>Suite 160
>Scottsdale, AZ 85254
>victoria@vcurtin.com
>
>By: /s/ Brian M. Buroker
>
>Brian M. Buroker