**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HELFERICH PATENT LICENSING, LLC, an Illinois Limited Liability Company, ) ) | |
| Plaintiff, ) ) | |
| v. ) ) ) | No. 1:10-cv-04387 |
| THE NEW YORK TIMES COMPANY, ) a New York Corporation, ) Defendant. ) ) ) ) | Hon. John W. Darrah |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO TRANSFER
RELATED J.C. PENNEY CASE**

Plaintiff Helferich Patent Licensing, LLC ("Helferich") files this reply in support of its motion for transfer.

1. On February 13, 2012, Helferich moved pursuant to Local Rule 40.4 to transfer the matter of *Helferich Patent Licensing, LLC v. J.C. Penney Corporation, Inc.*, No. 1:11-cv-09143, presently assigned to the Honorable Judge Pallmeyer, to the Honorable Judge Darrah, who already presides over six other related cases, including the oldest related case of *Helferich Patent Licensing LLC v. The New York Times Company*, No: 1:10-cv-04387.

2. On February 21, 2012, J.C. Penney filed a response to Helferich's motion arguing that the motion should be denied as improper under Local Rule 40.4, and because Plaintiff's motion was stylized as a motion to consolidate. (Dkt. 107)

1

3. The Court recognized at the February 22, 2012 status hearing that Plaintiff's motion was solely for transfer, and not consolidation. (Dkt. 114 at 22) The Court also agreed that transfer of the case could result in efficiency, including the elimination of separate and potentially inconsistent claim construction rulings that would be difficult to coordinate with Judge Pallmeyer. (*Id.* at 20-22) For this reason, the Court asked J.C. Penney to reconsider its objection to transfer, and requested that the parties confirm with Judge Pallmeyer that she had no objection thereto. (*Id.* at 22-23)

4. As requested, the parties appeared before Judge Pallmeyer and advised her of the motion to transfer. Judge Pallmeyer made clear she has no objection to transfer. *See* February 23, 2012 Transcript of Proceedings Before the Honorable Rebecca R. Pallmeyer at 4 (attached hereto as Exhibit A). Unfortunately, J.C. Penney continues to oppose transfer.

5. Helferich's motion has always been (and remains) merely a motion to transfer. *See,* Motion to Transfer Related Case (Dkt. 101) at 1: "Plaintiff…files this motion *to transfer as a related case* pursuant to Local Rule 40.4." (emphasis added). Accordingly, arguments raised by J.C. Penney relating to joinder or consolidation are irrelevant.

6. In its opposition, J.C. Penney relies upon inapposite cases addressing motions for transfer and *consolidation*, rather than mere transfer. *See, e.g.*, *Davis v. Quebecor World*, No. 01-cv-8014, 2002 WL 27660, at *4 (N.D. Ill. Jan. 10, 2002); *Martin v. Midland Funding LLC*, No. 11-cv-3104, 2011 WL 3876965, at *2 (N.D.Ill. Aug. 31, 2011); *Snitchler v. Allsteel, Inc.*, No. 95-cv-4975, 1995 WL 769327, at *3 (N.D. Ill. Dec. 28, 1995).

7. The correct analysis is set forth in *Global Patent Holdings*, a case cited by J.C. Penney which is most similar to the present matter. *See Global Patent Holdings, LLC v. Green*

*Bay Packers, Inc.*, 2008 WL 1848142 (N.D. Ill. 2008). There, the court *granted* the motion for transfer on the basis that cases involving the same patents are fundamentally similar and transfer would result in efficiency, particularly for the Court. *Id.* at *4 ("the reassignment mechanism is primarily concerned with judicial efficiency. . . . We are convinced based on our own examination of the two cases, combined with the information the parties have supplied, that the cases are fundamentally similar, and the motion to reassign . . . is therefore granted").

8. Local Rule 40.4(a) provides that "[t]wo or more civil cases may be related if one or more of the following conditions are met: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; [or] (3) the cases grow out of the same transaction or occurrence." LR 40.4(a). Under Local Rule 40.4(b), a case may be reassigned if related to an earlier-numbered case as defined by LR 40.4(a), and if the following criteria are met: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding. LR 40.4(b).

9. The *J.C. Penney* matter and *New York Times* matter are related under Local Rule 40.4(a):

- *J.C. Penney* involves the same property as the *New York Times* case because the two cases involve the same six patents—namely, U.S. Pat. Nos. 7,835,757; 7,499,716; 7,280,838; 8,107,601; 8,116,741; and 8,134,450. Helferich presently asserts the same three patents (the '838, '716, and '757 patents) in each matter, and

3

has been granted leave by both this Court and Judge Pallmeyer to add the three additional patents (the '601, '741, and '450 patents) upon issuance of the forthcoming '450 patent on March 13, 2012. *See* Dkt. 114 at 14-15; Ex. A at 4.

- In addition, because the same patents are involved, the cases will involve many of the same issues of fact or law, including (to name just a few) the proper claim construction, issues relating to the validity of each patent, and issues relating to infringement (which in many asserted areas of infringement is virtually identical from one defendant to the next). Any one of these issues would be sufficient to meet Local Rule 40.4(a)'s requirement of at least "some of the same issues of fact or law." Taken together, the criteria of Local Rule 40.4(a) are clearly met.

10. The criteria of Local Rule 40.4(b) are also satisfied:

- The first and third criteria are met: both cases are pending in the same court, and the *New York Times* matter (as the earliest filed case) has not progressed to the point where designating the *J.C. Penney* matter as related would cause delay, because both proceedings (as well as the other related cases already assigned to the Court) are in the very early stages of litigation, with Helferich scheduled to file an amended complaint in each matter shortly.

- The second and fourth conditions of Rule 40.4(b) are also satisfied. Relating to the fourth condition, the various matters are indeed *susceptible* of disposition in a single pre-trial proceeding – namely, a common claim construction hearing. Many, if not most, patent infringement actions resolve following claims construction. With regard to the second condition, coordinating the cases before

4

the same judge at least through claim construction will result in a substantial saving of judicial time and effort. The complaints in each case identify virtually identical acts of infringement, ensuring that the key claim elements to be addressed at a claim construction hearing are likely to be identical. As such, claim construction discovery, expert reports and depositions, and briefing can all be coordinated between the parties and presented before a single judge. Further, motion practice leading up to a *Markman* hearing (such as the various motions to stay, which the Court has already seen) would be more efficiently handled in a coordinated manner before a single judge. As the Court suggested, a single claim construction ruling will be more efficient than staggered rulings by different judges, each of which may yield different (and worse, potentially inconsistent) rulings. After the claim construction, the Court and the parties can revisit whether other matters may be commonly resolved in coordinated proceedings.

Helferich therefore respectfully requests that the Court grant Plaintiff's motion to transfer the latter filed *J.C. Penney* to this Court as related to this earlier-filed matter.

Respectfully submitted this 6th day of March, 2012.

By: /s/ *Victoria Curtin*
Victoria Curtin (NDIL ID #010897)
Victoria Gruver Curtin, P.L.C.
14555 N. Scottsdale Rd., Ste. 160
Scottsdale, Arizona 85254
Tel.: (480) 998-3547
Fax: (480) 596-7956

Steven G. Lisa (Ill. State Bar # 6187348)
Jon E. Kappes (Ill. State Bar # 6291678)
Timothy Sperling (Ill. State Bar # 6283854)
Law Offices of Steven G. Lisa, Ltd.
55 West Monroe Street, Suite 3210
Chicago, Illinois 60603
Tel. & Fax: (312) 752-4357

Gerald D. Hosier (Ill. State Bar #7059)
Law Offices of Gerald D. Hosier, Ltd.
PO Box 12354
Aspen, CO 81612
(970) 920-3475

Attorneys for Plaintiff/Counterdefendant