**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **HELFERICH PATENT LICENSING, LLC,**<br><br>**v.**<br><br>**THE NEW YORK TIMES COMPANY**, | Case No. 1:10-cv-04387 |
| **HELFERICH PATENT LICENSING, LLC,**<br><br>**v.**<br><br>**BEST BUY CO., INC.,** | Case No. 1:11-cv-06914 |
| **HELFERICH PATENT LICENSING, LLC,**<br><br>**v.**<br><br>**THE BON-TON STORES, INC.,** | Case No. 1:11-cv-07189 |
| **HELFERICH PATENT LICENSING, LLC,**<br><br>**v.**<br><br>**G4 MEDIA, LLC,** | Case No. 1:11-cv-07395 |
| **HELFERICH PATENT LICENSING, LLC,**<br><br>**v.**<br><br>**CBS CORPORATION,** | Case No. 1:11-cv-07607 |
| **HELFERICH PATENT LICENSING, LLC,**<br><br>**v.**<br><br>**BRAVO MEDIA, LLC** | Case No. 1:11-cv-07647 |

**EXHIBIT 1**

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 95/001,867 | 01/06/2012 | Richard J. Helferich | Rcx3-7499716 | 8990 |

68468    7590    02/27/2012
JON E. KAPPES
LAW OFFICES OF STEVEN G. LISA, LTD.
C/O INTELLEVATE, LLC.
P.O. BOX 52050
MINNEAPOLIS, MN 55402

| EXAMINER |
|---|
| FERRIS III, FRED O |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 02/27/2012 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patents and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS
COVINGTON & BURLING, LLP
ATTN: PATENT DOCKETING
1201 PENNSYLVANIA AVENUE, NW
WASHINGTON, DC 20004-2401

Date:

MAILED

FEB 27 2012

CENTRAL REEXAMINATION UNIT

### Transmittal of Communication to Third Party Requester
### Inter Partes Reexamination

REEXAMINATION CONTROL NO. : 95001867
PATENT NO. : 7499716
TECHNOLOGY CENTER : 3999
ART UNIT : 3992

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified Reexamination proceeding. 37 CFR 1.903.

Prior to the filing of a Notice of Appeal, each time the patent owner responds to this communication, the third party requester of the inter partes reexamination may once file written comments within a period of 30 days from the date of service of the patent owner's response. This 30-day time period is statutory (35 U.S.C. 314(b)(2)), and, as such, it cannot be extended. See also 37 CFR 1.947.

If an ex parte reexamination has been merged with the inter partes reexamination, no responsive submission by any ex parte third party requester is permitted.

All correspondence relating to this inter partes reexamination proceeding should be directed to the Central Reexamination Unit at the mail, FAX, or hand-carry addresses given at the end of the communication enclosed with this transmittal.

PTOL-2070(Rev.07-04)

| **Transmittal of Communication to Third Party Requester Inter Partes Reexamination** | Control No.<br><br>95/001,867 | Patent Under Reexamination<br><br>HELFERICH ET AL. |
|---|---|---|
| | Examiner<br><br>FRED FERRIS III | Art Unit<br><br>3992 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address. --*

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above-identified reexamination proceeding. 37 CFR 1.903.

Prior to the filing of a Notice of Appeal, each time the patent owner responds to this communication, the third party requester of the *inter partes* reexamination may once file written comments within a period of 30 days from the date of service of the patent owner's response. This 30-day time period is statutory (35 U.S.C. 314(b)(2)), and, as such, it cannot be extended. See also 37 CFR 1.947.

If an *ex parte* reexamination has been merged with the *inter partes* reexamination, no responsive submission by any *ex parte* third party requester is permitted.

**All correspondence** relating to this inter partes reexamination proceeding should be directed to the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of the communication enclosed with this transmittal.

| *ORDER GRANTING/DENYING REQUEST FOR* **INTER PARTES** *REEXAMINATION* | Control No.<br>95/001,867 | Patent Under Reexamination<br>HELFERICH ET AL. |
|---|---|---|
| | Examiner<br>FRED FERRIS III | Art Unit<br>3992 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address. --*

The request for *inter partes* reexamination has been considered. Identification of the claims, the references relied on, and the rationale supporting the determination are attached.

Attachment(s): ☐ PTO-892   ☒ PTO/SB/08   ☐ Other: _____

1. ☒ The request for *inter partes* reexamination is GRANTED.

    ☒ An Office action is attached with this order.

    ☐ An Office action will follow in due course.

2. ☐ The request for *inter partes* reexamination is DENIED.

This decision is not appealable. 35 U.S.C. 312(c). Requester may seek review of a denial by petition to the Director of the USPTO within ONE MONTH from the mailing date hereof. 37 CFR 1.927. EXTENSIONS OF TIME ONLY UNDER 37 CFR 1.183. In due course, a refund under 37 CFR 1.26(c) will be made to requester.

**All correspondence** relating to this *inter partes* reexamination proceeding should be directed to the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of this Order.

Application/Control Number: 95/001,867 Page 2
Art Unit: 3992

## DECISION GRANTING INTER PARTES REEXAMINATION

*Decision on Request*

The Request filed 6 January 2012 asserts that there is a reasonable likelihood that the requester would prevail with respect to claims 15-18, 21-33, 37-43, 83-86, 89-100 and 103-115 of the U.S. Patent Number 7,499,716 ('716 patent) challenged in the request based on the following prior art references:

- U.S. Patent No. 5,809,415 to Rossmann ("the '415 patent" or "Rossmann")
- The Nomadic Access to Information Services By A GSM Phone article (M. Kylanpaa et al.) ("the NAIS article" or "NAIS")
- U.S. Patent No. 6,333,973 to Smith ("the '973 patent" or "Smith")
- U.S. Patent No. 5,406,616 to Bjorndahl ("the '616 patent")
- U.S. Patent No. 5,487,100 to Kane ("the '100 patent")
- The Enabling Mobile Network Managers article (James Reilly, et al., Sixth International World Wide Web Conference)
- Japanese Unexamined Patent Application Publication H8-181781 ("the Furuta publication" or "Furuta" or JP H8-181781)

*Issue(s) Raised by Request*

Issue 1: Whether it has been shown that there is a reasonable likelihood that the requester would prevail with respect to claims 15, 17, 18, 21, 24-27, 83, 92-94, 110, 112 and 113 challenged as being obvious over the '415 Patent (Rossmann) in combination with the *Enabling Mobile Network Managers Article*.

Issue 2: Whether it has been shown that there is a reasonable likelihood that the requester would prevail with respect to claims 16, 84, and 111 challenged as being obvious over the '415 Patent (Rossmann) in combination with the *Enabling Mobile Network Managers Article* and the '973 Patent (Smith).

Application/Control Number: 95/001,867                                                           Page 3
Art Unit: 3992

Issue 3: Whether it has been shown that there is a reasonable likelihood that the requester would prevail with respect to claims 22, 23, 90, 91, 114 and 115 challenged as being obvious over the '415 Patent (Rossmann) in combination with the *Enabling Mobile Network Managers Article* and the '100 Patent (Kane)

Issue 4: Whether it has been shown that there is a reasonable likelihood that the requester would prevail with respect to claims 22, 23, 90, 91, 114 and 115 challenged as being obvious over the '415 Patent (Rossmann) in combination with the *Enabling Mobile Network Managers Article* and JP H8-181781 (Furuta).

Issue 5: Whether it has been shown that there is a reasonable likelihood that the requester would prevail with respect to claims 28-30, 32, 33, 37, 40-42, 85, 86, 89, 95-97, 99, 100, 103, 104, 107, and 108 challenged as being obvious over the '415 Patent (Rossmann) in combination with the *Enabling Mobile Network Managers Article* and the '616 Patent (Bjomdahl).

Issue 6: Whether it has been shown that there is a reasonable likelihood that the requester would prevail with respect to claims 31, 43, 98, and 109 challenged as being obvious over the '415 Patent (Rossmann) in combination with the *Enabling Mobile Network Managers Article* and the '973 Patent (Smith) and the '616 Patent (Bjorndahl).

Issue 7: Whether it has been shown that there is a reasonable likelihood that the requester would prevail with respect to claims 38, 39, 105 and 106 challenged as being obvious over the '415 Patent (Rossmann) in combination with the *Enabling Mobile Network Managers Article* and the '100 Patent (Kane) and the '616 Patent (Bjomdahl).

Application/Control Number: 95/001,867　　　　　　　　　　　　　　　　　　　　Page 4
Art Unit: 3992

<u>Issue 8</u>: Whether it has been shown that there is a reasonable likelihood that the requester would prevail with respect to claims 38, 39, 105 and 106 challenged as being obvious over the '415 Patent (Rossmann) in combination with the *Enabling Mobile Network Managers Article* and JP H8-181781 (Furuta) and the '616 Patent (Bjomdahl).

<u>Issue 9</u>: Whether it has been shown that there is a reasonable likelihood that the requester would prevail with respect to claims 15, 17, 18, 21, 25-27, 83, 85, 86, 89, 92-94, 110 and 112-115 challenged as being obvious over NAIS Article in combination with the '100 Patent (Kane).

<u>Issue 10</u>: Whether it has been shown that there is a reasonable likelihood that the requester would prevail with respect to claims 114 and 115 challenged as being obvious over NAIS Article in combination with the '100 Patent (Kane) and JP HS- 181781 (Furuta).

<u>Issue 11</u>: Whether it has been shown that there is a reasonable likelihood that the requester would prevail with respect to claims 16, 84 and 111 challenged as being obvious over NAIS Article in combination with the '100 Patent (Kane) and the '973 Patent (Smith).

<u>Issue 12</u>: Whether it has been shown that there is a reasonable likelihood that the requester would prevail with respect to claims 22-24, 90 and 91 challenged as being obvious over NAIS Article in combination with *Enabling Mobile Network Managers Article* and the '100 patent (Kane).

<u>Issue 13</u>: Whether it has been shown that there is a reasonable likelihood that the requester would prevail with respect to claims 22, 23, 90 and 91 challenged as being obvious over NAIS Article in combination with *Enabling Mobile Network Managers Article*, the '100 patent (Kane), and JP H8-181781 (Furuta).

<u>Issue 14</u>: Whether it has been shown that there is a reasonable likelihood that the requester would prevail with respect to claims 28-30, 32, 33, 38, 41, 42, 95, 96, 97, 99, 100 and 103-108

Application/Control Number: 95/001,867 Page 5
Art Unit: 3992

challenged as being obvious over NAIS Article in combination with the '100 Patent (Kane) and the '616 Patent (Bjorndahl).

Issue 15: Whether it has been shown that there is a reasonable likelihood that the requester would prevail with respect to claims 38, 39, 105 and 106 challenged as being obvious over NAIS Article in combination with the '100 Patent (Kane), JP HS-181781 (Furuta), and the '616 Patent (Bjorndahl).

Issue 16: Whether it has been shown that there is a reasonable likelihood that the requester would prevail with respect to claims 37, 39 and 40 challenged as being obvious over NAIS Article in combination with the '100 Patent (Kane), the '616 Patent (Bjorndahl), the *Enabling Mobile Network Managers Article*.

Issue 17: Whether it has been shown that there is a reasonable likelihood that the requester would prevail with respect to claims 31, 43, 98 and 109 challenged as being obvious over NAIS Article in combination with the '100 Patent (Kane), the '616 Patent (Bjorndahl), and the '973 Patent (Smith).

Issue 18: Whether it has been shown that there is a reasonable likelihood that the requester would prevail with respect to claims 15-18, 21-27, 83-86, 89-94, and 110-115 challenged as being obvious over the '973 Patent (Smith) in combination with the '100 Patent (Kane).

Issue 19: Whether it has been shown that there is a reasonable likelihood that the requester would prevail with respect to claims 22, 23, 90, 91, 114 and 115 challenged as being obvious over the '973 Patent (Smith) in combination with the '100 Patent (Kane) and JP HS-181781 (Furuta).

Issue 20: Whether it has been shown that there is a reasonable likelihood that the requester would prevail with respect to claims 28-33, 37-43, 95-100, and 103-109 challenged as being obvious

Application/Control Number: 95/001,867 Page 6
Art Unit: 3992

over the '973 Patent (Smith) in combination with the '100 Patent (Kane) and the '616 Patent (Bjorndahl).

Issue 21: Whether it has been shown that there is a reasonable likelihood that the requester would prevail with respect to claims 38, 39, 105 and 106 challenged as being obvious over the '973 Patent (Smith) in combination with the '100 Patent (Kane), JP H8-181781 (Furuta), and the '616 Patent (Bjorndahl).

*Discussion*

Issue 1

With respect to claims 15, 17, 18, 21, 24-27, 83, 92-94, 110, 112 and 113 the Examiner AGREES that there is a reasonable likelihood that the requester would prevail against these claims as being obvious over the '415 Patent (Rossmann) in combination with the *Enabling Mobile Network Managers Article* as evidenced by the accompanying Office Action rejecting these claims.

Issue 2

With respect to claims 16, 84, and 111 the Examiner AGREES that there is a reasonable likelihood that the requester would prevail against these claims as being obvious over the '415 Patent (Rossmann) in combination with the *Enabling Mobile Network Managers Article* and the '973 Patent (Smith) as evidenced by the accompanying Office Action rejecting these claims.

Application/Control Number: 95/001,867     Page 7

Art Unit: 3992

Issue 3

With respect to claims 22, 23, 90, 91, 114 and 115 the Examiner AGREES that there is a reasonable likelihood that the requester would prevail against these claims as being obvious over the '415 Patent (Rossmann) in combination with the *Enabling Mobile Network Managers Article* and the '100 Patent (Kane) as evidenced by the accompanying Office Action rejecting these claims.

Issue 4

With respect to claims 22, 23, 90, 91, 114 and 115 the Examiner AGREES that there is a reasonable likelihood that the requester would prevail against these claims as being obvious over the '415 Patent (Rossmann) in combination with the *Enabling Mobile Network Managers Article* and the JP H8-181781 (Furuta) as evidenced by the accompanying Office Action rejecting these claims.

Issue 5

With respect to claims 28-30, 32, 33, 37, 40-42, 85, 86, 89, 95-97, 99, 100, 103, 104, 107, and 108 the Examiner AGREES that there is a reasonable likelihood that the requester would prevail against these claims as being obvious over the '415 Patent (Rossmann) in combination with the *Enabling Mobile Network Managers Article* and the '616 Patent (Bjomdahl) as evidenced by the accompanying Office Action rejecting these claims.

Issue 6

Application/Control Number: 95/001,867 . Page 8
Art Unit: 3992

With respect to claims 31, 43, 98, and 109 the Examiner AGREES that there is a reasonable likelihood that the requester would prevail against these claims as being obvious over the '415 Patent (Rossmann) in combination with the *Enabling Mobile Network Managers Article* and the '973 Patent (Smith) and the '616 Patent (Bjomdahl) as evidenced by the accompanying Office Action rejecting these claims.

Issue 7

With respect to claims 38, 39, 105 and 106 the Examiner AGREES that there is a reasonable likelihood that the requester would prevail against these claims as being obvious over the '415 Patent (Rossmann) in combination with the *Enabling Mobile Network Managers Article* and the '100 Patent (Kane) and the '616 Patent (Bjomdahl) as evidenced by the accompanying Office Action rejecting these claims.

Issue 8

With respect to claims 38, 39, 105 and 106 the Examiner AGREES that there is a reasonable likelihood that the requester would prevail against these claims as being obvious over the '415 Patent (Rossmann) in combination with the *Enabling Mobile Network Managers Article* and the JP H8-181781 (Furuta) and the '616 Patent (Bjomdahl) as evidenced by the accompanying Office Action rejecting these claims.

Issue 9:

Application/Control Number: 95/001,867 Page 9
Art Unit: 3992

With respect to claims 15, 17, 18, 21, 25-27, 83, 85, 86, 89, 92-94, 110 and 112-115 the Examiner AGREES that there is a reasonable likelihood that the requester would prevail against these claims as being obvious over the NAIS Article in combination with the '100 Patent (Kane) as evidenced by the accompanying Office Action rejecting these claims.

Issue 10

With respect to claims 114 and 115 the Examiner AGREES that there is a reasonable likelihood that the requester would prevail against these claims as being obvious over the NAIS Article in combination with the '100 Patent (Kane) and JP HS- 181781 (Furuta) as evidenced by the accompanying Office Action rejecting these claims.

Issue 11

With respect to claims 16, 84 and 111 the Examiner AGREES that there is a reasonable likelihood that the requester would prevail against these claims as being obvious over the NAIS Article in combination with the '100 Patent (Kane) and the '973 Patent (Smith) as evidenced by the accompanying Office Action rejecting these claims.

Issue 12

With respect to claims 22-24, 90 and 91 the Examiner AGREES that there is a reasonable likelihood that the requester would prevail against these claims as being obvious over the NAIS Article in combination with *Enabling Mobile Network Managers Article* and the '100 patent (Kane) as evidenced by the accompanying Office Action rejecting these claims.

Application/Control Number: 95/001,867 Page 10
Art Unit: 3992

Issue 13

With respect to claims 22, 23, 90 and 91 the Examiner AGREES that there is a reasonable likelihood that the requester would prevail against these claims as being obvious over the NAIS Article in combination with *Enabling Mobile Network Managers Article* and the '100 patent (Kane) and JP H8-181781 (Furuta) as evidenced by the accompanying Office Action rejecting these claims.

Issue 14

With respect to claims 28-30, 32, 33, 38, 41, 42, 95, 96, 97, 99, 100 and 103-108 the Examiner AGREES that there is a reasonable likelihood that the requester would prevail against these claims as being obvious over the NAIS Article in combination with the '100 patent (Kane) and the '616 Patent (Bjorndahl) as evidenced by the accompanying Office Action rejecting these claims.

Issue 15

With respect to claims 38, 39, 105 and 106 the Examiner AGREES that there is a reasonable likelihood that the requester would prevail against these claims as being obvious over the NAIS Article in combination with the '100 Patent (Kane), JP HS- 181781 (Furuta), and the '616 Patent (Bjorndahl) as evidenced by the accompanying Office Action rejecting these claims.

Issue 16

Application/Control Number: 95/001,867 Page 11
Art Unit: 3992

With respect to claims 37, 39 and 40 the Examiner AGREES that there is a reasonable likelihood that the requester would prevail against these claims as being obvious over the NAIS Article in combination with the '100 Patent (Kane), the '616 Patent (Bjorndahl), the *Enabling Mobile Network Managers Article* as evidenced by the accompanying Office Action rejecting these claims.

Issue 17

With respect to claims 31, 43, 98 and 109 the Examiner AGREES that there is a reasonable likelihood that the requester would prevail against these claims as being obvious over the NAIS Article in combination with the '100 Patent (Kane), the '616 Patent (Bjorndahl), and the '973 Patent (Smith) as evidenced by the accompanying Office Action rejecting these claims.

Issue 18

With respect to claims 15-18, 21-27, 83-86, 89-94, and 110-115 the Examiner AGREES that there is a reasonable likelihood that the requester would prevail against these claims as being obvious over the '973 Patent (Smith) in combination with the '100 Patent (Kane) as evidenced by the accompanying Office Action rejecting these claims.

Issue 19

With respect to claims 22, 23, 90, 91, 114 and 115 the Examiner AGREES that there is a reasonable likelihood that the requester would prevail against these claims as being obvious over

Application/Control Number: 95/001,867 Page 12
Art Unit: 3992

the '973 Patent (Smith) in combination with the '100 Patent (Kane) and JP HS-181781 (Furuta) as evidenced by the accompanying Office Action rejecting these claims.

Issue 20

With respect to claims 28-33, 37-43, 95-100, and 103-109 the Examiner AGREES that there is a reasonable likelihood that the requester would prevail against these claims as being obvious over the '973 Patent (Smith) in combination with the '100 Patent (Kane) and the '616 Patent (Bjorndahl) as evidenced by the accompanying Office Action rejecting these claims.

Issue 21

With respect to claims 38, 39, 105 and 106 the Examiner AGREES that there is a reasonable likelihood that the requester would prevail against these claims as being obvious over the '973 Patent (Smith) in combination with the '100 Patent (Kane), JP H8-181781 (Furuta), and the '616 Patent (Bjorndahl) as evidenced by the accompanying Office Action rejecting these claims.

*Summary*

Claims 15-18, 21-33, 37-43, 83-86, 89-100 and 103-115 will be reexamined.

*Amendments in Reexamination Proceedings*

Any proposed amendment to the specification and/or claims in this reexamination proceeding must comply with 37 CFR 1.530(d)-(j), must be formally presented pursuant to 37 CFR 1.52(a) and Co), and must contain any fees required by 37 CFR 1.20(c). Amendments in an *interpartes*

Application/Control Number: 95/001,867 Page 13
Art Unit: 3992

reexamination proceeding are made in the same manner that amendments in an *exparte* reexamination are made. MPEP 2666.01. See MPEP 2250 for guidance as to the manner of making amendments in a reexamination proceeding.

*Extensions of Time*

Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 314(c) requires that *interpartes* reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.937). Patent owner extensions of time in *interpartes* reexamination proceedings are provided for in 37 CFR 1.1956. Extensions of time are not available for third party requester comments, because a comment period of 30 days from service of patent owner's response is set by statute. 35 U.S.C. 314(b)(3).

*Notification of Concurrent Proceedings*

The patent owner is reminded of the continuing responsibility under 37 CFR 1.985(a) to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving the patent undergoing reexamination or any related patent throughout the course of this reexamination proceeding. The third party requester is also reminded of the ability to similarly

Application/Control Number: 95/001,867 Page 14
Art Unit: 3992

apprise the Office of any such activity or proceeding throughout the course of this reexamination proceeding. See MPEP §§ 2686 and 2686.04.

*Conclusion*

Any paper filed with the USPTO, i.e., any submission made, by either the Patent Owner or the Third Party Requester must be served on every other party in the reexamination proceeding, including any other third party requester that is part of the proceeding due to merger of the reexamination proceedings. As proof of service, the party submitting the paper to the Office must attach a Certificate of Service to the paper which sets forth the name and address of the party served and the method of service. Papers filed without the required Certificate of Service may be denied consideration. 37 CFR 1.903; MPEP 2666.06.

All correspondence relating to this inter partes reexamination proceeding should be directed as follows:

By U.S. Postal Service Mail to:
Mail Stop Inter Partes Reexam ATTN: Central Reexamination Unit Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

By FAX to:
(571) 273-9900
Central Reexamination Unit

By hand:
Customer Service Window
Randolph Building
401 Dulany Street
Alexandria, VA 22314

Application/Control Number: 95/001,867            Page 15
Art Unit: 3992

Any inquiry concerning this communication should be directed to the Central Reexamination Unit at telephone number (571) 272-7705.

Fred Ferris
Patent Reexamination Specialist
Central Reexamination Unit 3992

Conferees:

Alexander Kosowski
*Supervisor*
*Art Unit 3992*