**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **HELFERICH PATENT LICENSING, LLC,** <br><br> **v.** <br><br> **THE NEW YORK TIMES COMPANY**, | Case No. 1:10-cv-04387 |
| **HELFERICH PATENT LICENSING, LLC,** <br><br> **v.** <br><br> **BEST BUY CO., INC.,** | Case No. 1:11-cv-06914 |
| **HELFERICH PATENT LICENSING, LLC,** <br><br> **v.** <br><br> **THE BON-TON STORES, INC.,** | Case No. 1:11-cv-07189 |
| **HELFERICH PATENT LICENSING, LLC,** <br><br> **v.** <br><br> **G4 MEDIA, LLC,** | Case No. 1:11-cv-07395 |
| **HELFERICH PATENT LICENSING, LLC,** <br><br> **v.** <br><br> **CBS CORPORATION,** | Case No. 1:11-cv-07607 |
| **HELFERICH PATENT LICENSING, LLC,** <br><br> **v.** <br><br> **BRAVO MEDIA, LLC** | Case No. 1:11-cv-07647 |

<u>**EXHIBIT 3**</u>

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 95/001,864 | 12/29/2011 | 7,155,241 | Rex3-7155241 | 5478 |

68468      7590      03/12/2012
JON E. KAPPES
LAW OFFICES OF STEVEN G. LISA, LTD.
C/O INTELLEVATE, LLC.
P.O. BOX 52050
MINNEAPOLIS, MN 55402

| EXAMINER |
|---|
| LAROSE, COLIN M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 03/12/2012 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patents and Trademark Office
P.O.Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS
COVINGTON & BURLING, LLP
ATTN: PATENT DOCKETING
1201 PENNSYLVANIA AVENUE, NW
WASHINGTON, DC 20004-2401

Date:
**MAILED**
MAR 1 2 2012
**CENTRAL REEXAMINATION UNIT**

**Transmittal of Communication to Third Party Requester
Inter Partes Reexamination**

REEXAMINATION CONTROL NO. : 95001864
PATENT NO. : 7155241
TECHNOLOGY CENTER : 3999
ART UNIT : 3992

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified Reexamination proceeding. 37 CFR 1.903.

Prior to the filing of a Notice of Appeal, each time the patent owner responds to this communication, the third party requester of the inter partes reexamination may once file written comments within a period of 30 days from the date of service of the patent owner's response. This 30-day time period is statutory (35 U.S.C. 314(b)(2)), and, as such, it cannot be extended. See also 37 CFR 1.947.

If an ex parte reexamination has been merged with the inter partes reexamination, no responsive submission by any ex parte third party requester is permitted.

All correspondence relating to this inter partes reexamination proceeding should be directed to the Central Reexamination Unit at the mail, FAX, or hand-carry addresses given at the end of the communication enclosed with this transmittal.

PTOL-2070(Rev.07-04)

| **Transmittal of Communication to Third Party Requester Inter Partes Reexamination** | Control No. 95/001,864 | Patent Under Reexamination 7,155,241 |
|---|---|---|
| | Examiner COLIN LAROSE | Art Unit 3992 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address. --*

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above-identified reexamination proceeding. 37 CFR 1.903.

Prior to the filing of a Notice of Appeal, each time the patent owner responds to this communication, the third party requester of the *inter partes* reexamination may once file written comments within a period of 30 days from the date of service of the patent owner's response. This 30-day time period is statutory (35 U.S.C. 314(b)(2)), and, as such, it cannot be extended. See also 37 CFR 1.947.

If an *ex parte* reexamination has been merged with the *inter partes* reexamination, no responsive submission by any *ex parte* third party requester is permitted.

**All correspondence** relating to this inter partes reexamination proceeding should be directed to the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of the communication enclosed with this transmittal.

U.S. Patent and Trademark Office
PTOL-2070 (5/04)

Paper No. 20120306

| | Control No. | Patent Under Reexamination |
|---|---|---|
| **ORDER GRANTING/DENYING REQUEST FOR INTER PARTES REEXAMINATION** | 95/001,864 | 7,155,241 |
| | Examiner | Art Unit |
| | COLIN LAROSE | 3992 |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address.* --

The request for *inter partes* reexamination has been considered. Identification of the claims, the references relied on, and the rationale supporting the determination are attached.

Attachment(s): ☐ PTO-892    ☒ PTO/SB/08    ☐ Other: _____

1. ☒ The request for *inter partes* reexamination is GRANTED.

    ☒ An Office action is attached with this order.

    ☐ An Office action will follow in due course.

2. ☐ The request for *inter partes* reexamination is DENIED.

This decision is not appealable. 35 U.S.C. 312(c). Requester may seek review of a denial by petition to the Director of the USPTO within ONE MONTH from the mailing date hereof. 37 CFR 1.927. EXTENSIONS OF TIME ONLY UNDER 37 CFR 1.183. In due course, a refund under 37 CFR 1.26(c) will be made to requester.

**All correspondence** relating to this *inter partes* reexamination proceeding should be directed to the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of this Order.

U.S. Patent and Trademark Office
PTOL-2063 (08/06)

Paper No. 20120306

Application/Control Number: 95/001,864 Page 2
Art Unit: 3992

## ORDER GRANTING REEXAMINATION OF U.S. PATENT 7,155,241

### *Request for Reexamination*

1.  An *inter partes* Request for Reexamination (hereinafter "Request") of claims 1, 2, 7, 10, 13, 14, 38-42, 47, 50, 53, 54, 71, 72, 77, 80, 84, and 85 was received on 12/29/2011 based on the following prior art patents and/or publications:

    1. U.S. Patent No. 6,333,973 to Smith ("the '973 patent" or "Smith")
    2. The *Nomadic Access to Information Services By A GSM Phone* article (M. Kylänpää et al.) ("the NAIS article" or "NAIS")
    3. U.S. Patent No. 5,878,351 to Alanara et al. ("the '351 patent" or "Alanara")
    4. U.S. Patent No. 5,845,202 to Davis ("the '202 patent" or "Davis")
    5. U.S. Patent No. 6,201,974 to Lietsalmi et al. ("the '974 patent" or "Lietsalmi")
    6. U.S. Patent No. 5,487,100 to Kane ("the '100 patent" or "Kane")
    7. U.S. Patent No. 5,349,678 to Morris et al. ("the '678 patent" or "Morris")

### *Reasonable Likelihood of Prevailing (RLP)*

2.  The Request alleges that the following applications of the above-identified prior art with respect to the claims each establish a reasonable likelihood that the Request will prevail in challenging the claims under 35 U.S.C. § 102 and/or 35 U.S.C. § 103:

    (A) The '973 Patent (Smith) in Combination with the '351 Patent (Alanara) Renders Claims 1, 2, 7, 10, 13, 14, 38, and 39 of the '241 Patent Obvious Under 35 U.S.C. § 103(a)

    (B) The '973 Patent (Smith) in Combination with the '351 Patent (Alanara) and the '100 Patent (Kane) Renders Claim 40 of the '241 Patent Obvious Under 35 U.S.C. § 103(a)

    (C) The '973 Patent (Smith) in Combination with the '351 Patent (Alanara) and the '678 Patent (Morris) Renders Claim 40 of the '241 Patent Obvious Under 35 U.S.C. § 103(a)

    (D) The '973 Patent (Smith) in Combination with the '351 Patent (Alanara) Renders Claims 41, 42, 47, 50, 53, and 54 of the '241 Patent Obvious Under 35 U.S.C. § 103(a)

Application/Control Number: 95/001,864　　　　　　　　　　　　　　　　　　　　　Page 3
Art Unit: 3992

(E) The '973 Patent (Smith) in Combination with the '351 Patent (Alanara) and the '100 Patent (Kane) Renders Claims 71, 72, 77, 80, 84, and 85 of the '241 Patent Obvious Under 35 U.S.C. § 103(a)

(F) The '973 Patent (Smith) in Combination with the '351 Patent (Alanara) and the '678 Patent (Morris) Renders Claims 71, 72, 77, 80, 84, and 85 of the '241 Patent Obvious Under 35 U.S.C. § 103(a)

(G) The '973 Patent (Smith) in Combination with the '202 Patent (Davis) Renders Claims 1, 2, 7, 10, 13, 14, 38, and 39 of the '241 Patent Obvious Under 35 U.S.C. § 103(a)

(H) The '973 Patent (Smith) in Combination with the '202 Patent (Davis) and the '100 Patent (Kane) Renders Claim 40 of the '241 Patent Obvious Under 35 U.S.C. § 103(a)

(I) The '973 Patent (Smith) in Combination with the '202 Patent (Davis) and the '678 Patent (Morris) Renders Claim 40 of the '241 Patent Obvious Under 35 U.S.C. § 103(a)

(J) The '973 Patent (Smith) in Combination with the '202 Patent (Davis) Renders Claims 41, 42, 47, 50, 53, and 54 of the '241 Patent Obvious Under 35 U.S.C. § 103(a)

(K) The '973 Patent (Smith) in Combination with the '202 Patent (Davis) and the '100 Patent (Kane) Renders Claims 71, 72, 77, 80, 84, and 85 of the '241 Patent Obvious Under 35 U.S.C. § 103(a)

(L) The '973 Patent (Smith) in Combination with the '202 Patent (Davis) and the '678 Patent (Morris) Renders Claims 71, 72, 77, 80, 84, and 85 of the '241 Patent Obvious Under 35 U.S.C. § 103(a)

(M) The Combination of the NAIS Article and the '351 Patent (Alanara) Renders Claims 1, 2, 7, 10, 13, 14, 38, and 39 of the '241 Patent Obvious Under 35 U.S.C. § 103(a)

(N) The Combination of the NAIS Article and the '351 Patent (Alanara) and the '100 Patent (Kane) Renders Claim 40 of the '241 Patent Obvious Under 35 U.S.C. § 103(a)

(O) The Combination of the NAIS Article and the '351 Patent (Alanara) and the '678 Patent (Morris) Renders Claim 40 of the '241 Patent Obvious Under 35 U.S.C. § 103(a)

(P) The Combination of the NAIS Article and the '351 Patent (Alanara) Renders Claims 41, 42, 47, 50, 53, and 54 of the '241 Patent Obvious Under 35 U.S.C. § 103(a)

(Q) The Combination of the NAIS Article and the '351 Patent (Alanara) and the '100 Patent (Kane) Renders Claims 71, 72, 77, 80, 84, and 85 of the '241 Patent Obvious Under 35 U.S.C. § 103(a)

(R) The Combination of the NAIS Article and the '351 Patent (Alanara) and the '678 Patent (Morris) Renders Claims 71, 72, 77, 80, 84, and 85 of the '241 Patent Obvious Under 35 U.S.C. § 103(a)

(S) The Combination of the NAIS Article and the '974 Patent (Lietsalmi) Renders Claims 1, 2, 7, 10, 13, 14, 38, and 39 of the '241 Patent Obvious Under 35 U.S.C. § 103(a)

(T) The Combination of the NAIS Article and the '974 Patent (Lietsalmi) and the '100 Patent (Kane) Renders Claim 40 of the '241 Patent Obvious Under 35 U.S.C. § 103(a)

(U) The Combination of the NAIS Article and the '974 Patent (Lietsalmi) and the '678 Patent (Morris) Renders Claim 40 of the '241 Patent Obvious Under 35 U.S.C. § 103(a)

(V) The Combination of the NAIS Article and the '974 Patent (Lietsalmi) Renders Claims 41, 42, 47, 50, 53, and 54 of the '241 Patent Obvious Under 35 U.S.C. § 103(a)

(W) The Combination of the NAIS Article and the '974 Patent (Lietsalmi) and the '100 Patent (Kane) Renders Claims 71, 72, 77, 80, 84, and 85 of the '241 Patent Obvious Under 35 U.S.C. § 103(a)

(X) The Combination of the NAIS Article and the '974 Patent (Lietsalmi) and the '678 Patent (Morris) Renders Claims 71, 72, 77, 80, 84, and 85 of the '241 Patent Obvious Under 35 U.S.C. § 103(a)

The above issues A through X each constitute a bona fide RLP as evidenced by the fact that each proposed ground of rejection has been adopted by the examiner as establishing a prima facie case of obviousness (see attached Office action on the merits).

Accordingly, the Request to reexamine claims 1, 2, 7, 10, 13, 14, 38-42, 47, 50, 53, 54, 71, 72, 77, 80, 84, and 85 is **GRANTED**.

### *Less Than All Claims Are Subject to Reexamination*

3.　　Since requestor did not request reexamination of claims 3-6, 8, 9, 11, 12, 15-37, 43-46, 48, 49, 51, 52, 55-70, 73-76, 78, 79, 81-83, and 86-94 and did not assert the existence of a

Application/Control Number: 95/001,864 Page 5
Art Unit: 3992

reasonable likelihood of prevailing (RLP) for such claims, these claims will not be reexamined. This matter was squarely addressed in *Sony Computer Entertainment America Inc., et al. v. Jon W. Dudas*, Civil Action No. 1:05CV1447 (E.D.Va. May 22, 2006), Slip Copy, 2006 WL 1472462. The District Court upheld the Office's discretion to not reexamine claims in an *inter partes* reexamination proceeding other than those claims for which reexamination had specifically been requested. The Court stated:

> "To be sure, a party may seek, and the PTO may grant, *inter partes* review of each and every claim of a patent. Moreover, while the PTO in its discretion may review claims for which *inter partes* review was not requested, nothing in the statute compels it to do so. To ensure that the PTO considers a claim for *inter partes* review, 35 U.S.C. § 31 l(b)(2) requires that the party seeking reexamination demonstrate why the PTO should reexamine each and every claim for which it seeks review. Here, it is undisputed that Sony did not seek review of every claim under the '213 and '333 patents. Accordingly, Sony cannot now claim that the PTO wrongly failed to reexamine claims for which Sony never requested review, and its argument that AIPA compels a contrary result is unpersuasive."

### *Notice of Other Proceedings*

4. The patent owner is reminded of the continuing responsibility under 37 CFR 1.985(a) to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving Patent No. 7,155,241 throughout the course of this reexamination proceeding. The third party requester is also reminded of the ability under 35 CFR 1.985(b) to similarly apprise the Office of any such activity or proceeding throughout the course of this reexamination proceeding. See MPEP § 2686.

Application/Control Number: 95/001,864 Page 6
Art Unit: 3992

## *Conclusion*

5. Extensions of time under 37 CFR 1.136(a) will not be permitted in *inter partes* reexamination proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to the patent owner in a reexamination proceeding. Additionally, 35 U.S.C. 314(c) requires that *inter partes* reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.937). Patent owner extensions of time in *inter partes* reexamination proceedings are provided for in 37 CFR 1.956. Extensions of time are not available for third party requester comments, because a comment period of 30 days from service of patent owner's response is set by statute. 35 U.S.C. 314(b)(3). See MPEP § 2665.

All correspondence relating to this ex parte reexamination proceeding should be directed:

By Mail to:   Mail Stop *Inter Partes* Reexam
              Central Reexamination Unit
              Commissioner for Patents
              United States Patent & Trademark Office
              P.O. Box 1450
              Alexandria, VA 22313-1450

By FAX to:    (571) 273-9900
              Central Reexamination Unit

By hand:      Customer Service Window
              Randolph Building
              401 Dulany Street
              Alexandria, VA 22314

By EFS:       Registered users of EFS-Web may alternatively submit such correspondence via the electronic filing system EFS-Web, at

https://efs.uspto.gov/efile/myportal/efs-registered

EFS-Web offers the benefit of quick submission to the particular area of the Office that needs to act on the correspondence. Also, EFS-Web submissions are "soft scanned" (i.e.,

Application/Control Number: 95/001,864     Page 7
Art Unit: 3992

electronically uploaded) directly into the official file for the reexamination proceeding, which offers parties the opportunity to review the content of their submissions after the "soft scanning" process is complete.

For EFS-Web transmissions, 37 CFR 1.8(a)(1)(i) (C) and (ii) state that correspondence (except for a request for reexamination and a corrected replacement request for reexamination) will be considered timely if (a) it is transmitted via the Office's electronic filing system in accordance with 37 CFR 1.6(a)(4), and (b) it includes a certificate of transmission for each piece of correspondence stating the date of transmission, which is prior to the expiration of the set period of time in the Office action.

Any inquiry concerning this communication should be directed to the Office of Patent Legal Administration at (571) 272-7701.

/Colin LaRose/
Primary Examiner
Art Unit 3992

Conferees:

/FOF/

Alexander Kosowski
Supervisor
Art Unit 3992   /AJK/