**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HELFERICH PATENT LICENSING, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:10-cv-04387 |
| ) | |
| THE NEW YORK TIMES COMPANY, ) | |
| ) | Hon. John W. Darrah |
| Defendant. ) | |
| ) | |

**HELFERICH'S REPLY IN SUPPORT OF MOTION TO LIFT STAY**

The NYT's Opposition to Helferich's Motion to Lift Stay (which is also the NYT Defense Group's Reply in Support of its Motion for Stay, Dkt. 134, hereafter "NYT Opposition") seeks to convince this Court that:

(1) a long list of court decisions renders "routine" the continuation of the original stay entered by the Court over a year ago;

(2) its first round *ex parte* requests for reexamination were "successful" because "only a very small number of the original claims of those patents actually survived" and "over 95% of its original patent claims changed;"

(3) "the PTO declined to consider the September 2011 [*inter partes*] requests on the merits;"

(4) Its newest third round of reexamination requests raises a "wealth of relevant and important prior art" that was supposedly not previously considered; and

(5) the promised (but not-yet-filed) reexaminations on the five other asserted Helferich patents – including a proposed fourth round of reexamination for the '838 patent – will similarly raise viable and new invalidity arguments that will greatly simplify this case.

All of these arguments are without merit and based on demonstrably false statements.[1]

---

[1] Helferich again refers the Court to the Supplemental Status Report filed on February 17, 2012 (Dkt. #104, "Supplemental Status Report"). That Report sets forth in detail, with citation to the record, the accurate results of the first two rounds of six reexamination requests. Helferich refers to specific paragraphs of the Status Report as appropriate in Exhibit A to the reply.

I. **THE CASES CITED IN THE NYT OPPOSITION DO NOT SUPPORT EXTENDING THE STAY IN VIEW OF THE CURRENT PTO RECORD**

There are now seven patents and roughly 200 infringed claims involved in this case. Three of the original patents (the '838, '757 and '716 patents) survived two rounds of reexamination requests (six reexam requests total). The NYT Opposition neglects to inform the Court that the PTO confirmed the validity of the '838 patent only *after* the Examiner also considered the newest third round of *inter partes* reexamination requests. Thus, the '838 patent has survived consideration of *all eight* reexaminations.

The three newest Helferich patents added by the recent amended complaint (the '601, '741 and '450 patents), also issued only *after* the PTO fully considered the first two rounds of reexaminations (six total) and, in effect, "survived" them as well. Thus, the NYT Opposition misleads the Court when it states these new patents have "never been reexamined." (*See* NYT Opposition at 3.) The PTO fully considered the first two rounds of NYT reexaminations *before* allowing these three new patents.

Still further, another pending Helferich content application with 47 infringed claims, Appl. No. 12/580,189, was recently also allowed *after* full consideration of all three rounds of reexaminations (eight reexams total – including the most recent *inter partes* requests). Thus, in the only instances in which the PTO actually **completed** its consideration of the newest *inter partes* reexamination requests, all of the claims of both the '838 patent and the allowed '189 application were confirmed valid.

Still, the NYT Defense Group has promised (but not yet filed):

(i) a fourth round reexamination request for the '838 patent;

(ii) a third round reexamination request for the '757 patent; and

2

> (iii)   in effect, a third round of reexamination requests for the three newly issued '601, '741 and '450 patents.

To date, the NYT Defense Group has filed a third round reexamination request only for the '716 patent, and has just started with a first round reexamination request of the '241 patent.[2]

Not one of the cases cited by the NYT Defense Group considers or recommends extending a stay in a case involving a large portfolio of patents with hundreds of infringed claims based on third and fourth rounds of reexaminations – most of which have not even been filed by the infringer, let alone granted by the PTO, and in which the primary references have all been previously considered by the PTO. Rather, the cases relied on by the NYT to support a continued stay address a circumstance no longer presented here: a first round of reexamination requests, not yet fully considered by the PTO. *See Arrivalstar, S.S. v. Canadian Nat'l Ry. Co.*, 2008 WL 2940807 (N.D. Ill. 2008); *AT&T Intellectual Prop. I v. Tivo, Inc.*, 774 F. Supp. 2d 1049 (N.D. Cal. 2011); *Cooper Notification, Inc. v. Twitter, Inc.*, 2010 WL 5149351 (D. Del. 2010); *Emhart Indus., Inc. v. Sankyo Seiki Mfg. Co.*, 1987 WL 6314 (N.D. Ill. 1987); *Fellowes, Inc. v. Aurora Corp. of Am.*, 2009 U.S. Dist. LEXIS 9595 (N.D. Ill. 2009); *Genzyme Corp. v. Cobrek Pharms., Inc.*, 2011 WL 686807 (N.D. Ill. 2011); *In re Cygnus Telecomm. Techn., LLC Patent Litig.*, 385 F. Supp. 2d 1022 (N.D. Cal. 2005); *JAB Distributors, LLC v. London Luxury, LLC*, 2010 WL 1882010 (N.D. Ill. 2010); *Pegasus Dev. Corp. v. Directv, Inc.*, 2003 WL 21105073 (D. Del. 2003); *Sorensen v. Digital Networks N. Am. Inc.*, 2008 WL 152179 (N.D. Cal. 2008); *SP Techs., LLC v. HTC Corp.*, 2009 WL 1285933 (N.D. Ill. 2009).

Two cases do address rolling or repeated requests for reexamination and, in both, the stay was denied. In one case, the court lifted the stay in the face of defendant's third round of

---

[2] Helferich suspects the NYT Defense Group will file a reexamination request (in effect a fourth round) directed to the patent that issues from the recently allowed '189 application.

reexaminations on the patents-in-suit. *Ohio Willow Wood Co. v. Alps South Corp.*, 2008 WL 4683222 *4 (S.D. Ohio 2008) (benefits of PTO expertise outweighed by prejudice to patentee, in part because direct competitors). More to the point, *even where the patentee was not a competitor of the defendant*, the court refused to impose a stay where one patent had already been confirmed, and further requests for reexamination were largely based on the same prior art. *In re Phoenix Licensing LLC, Patent Litig.*, 2009 WL 464993 *3 (D. Ariz. Feb. 24, 2009).[3]

Helferich respectfully submits that the continuation of a stay is unwarranted and unsupported by the case law in the face of a public PTO record demonstrating the confirmation of so many infringed claims, in so many different patents, over so many prior rounds of reexaminations, and where (as here) the primary references were previously considered. Moreover, and notwithstanding that the *majority* of Helferich's patent claims were confirmed in *original* substantive form, it is a red herring whether the more than 200 infringed claims are original, clarified by amendment, or new – they are all confirmed valid over the art and they will all be asserted against the Defendants.

## II.    THE NYT OPPOSITION MISREPRESENTS THE PUBLIC PTO RECORD

The NYT Opposition makes no fewer than eighteen (18) demonstrably false statements about the public PTO reexamination record, several of which were made in earlier filings and previously corrected by Helferich.[4] The NYT Opposition presents these statements in support of three main arguments, each of which is briefly addressed below.

---

[3] One other case allowed a stay in the face of a second reexamination, but *all* of the references cited were new. *Dura Global Techs., LLC v. Magna Int'l Inc.*, 2011 WL 5039883 *4 (E.D. Mich. 2011).

[4] The Court may easily discern the inaccuracy of these 18 statements from a cursory review of the public PTO record. Helferich sets forth the correct facts in Exhibit A hereto.

First, the NYT Opposition states without qualification "only a very small number of the original claims of those patents actually survived" the first reexamination, and "over 95% of its original patent claims changed." *See* NYT Opposition at 2. In fact, simple numbers show that the asserted '757, '716, and '838 patents issued with 185 claims, and the PTO confirmed valid 96 of the 185 original patent claims (52%) as originally issued (including 18 infringed claims originally asserted against NYT or the NYT Defense Group). *See* Exhibit A, Statements 1-4.

Second, the NYT Opposition continues to obscure the PTO's substantive denial of the second round of reexamination requests (*inter partes*) by stating again: "the PTO declined to consider the September 2011 requests on the merits." *See* NYT Opposition at 11. In fact, the PTO considered the September 2011 requests on the merits and, in 87 pages of written opinion, completely rejected – without exception – every argument of invalidity offered by the NYT Defense Group, as evidenced by the following representative statements:

- "The references set forth in the request have been considered both alone and in combination. They fail to raise a [substantial new question] of patentability as to 9-20 of the '838 patent claims. Accordingly, the request for reexamination is denied." *See* Order Denying Reexamination of U.S. Patent No. 7,280,838 (10/28/2011) at 37.

- "None of the above cited art provides any new technological teachings that were not present in the art cited in the previous reexamination (90/009883)." *Id*. at 16, 21, 27, 32, and 36.

- "In comparing the pending reexamination and the current Request, the examiner notes that the teachings or elements that are 'new' with respect to the original reexamination are substantially the same." *See* Order Denying Reexamination of U.S. Patent No. 7,835,757 (11/4/2011) at 14, 17, and 18. See also Order Denying Reexamination of U.S. Patent No. 7,499,716 (11/4/2011) at 10, 15, and 19.

- "Thus, the examiner does not find that the Request's statement presents a new substantial question of patentability." *See* Order Denying Reexamination of U.S. Patent No. 7,835,757 (11/4/2011) at 9 and Order Denying Reexamination of U.S. Patent No. 7,499,716 (11/4/2011) at 13, 16, 19, 21, 23, and 25.

*See* Exhibit A, Statements 5 and 6.

Third, the NYT Opposition states in various forms, no fewer than 8 times, that the most recent third round of reexamination requests (*inter partes*) sought to have "all of the claims" of the asserted '716 and '241 patents declared invalid, and that the PTO in fact rejected "all of the claims" of the '716 and '241 patents. *See* Exhibit A, Statements 7-16. For example, the NYT Opposition makes the following statement:

> "the PTO (1) found that Defendants have shown a reasonable likelihood of success of prevailing in challenging ***all of the claims of two of HPL's asserted patents***—U.S. Patent No. 7,499,716 (the "'716 patent") and U.S. Patent No. 7,155,241 (the "'241 patent") and (2) rejected *all* of the challenged claims in a first official action."

*See* NYT Opposition at 1 (emphasis added). In fact, however, the NYT Defense Group did not seek reexamination of "all claims" of the '716 and '241 patents. Rather, the NYT Defense Group sought reexamination of only 53 of the 134 claims of the '716 patent, and only 21 of the 94 claims of the '241 patent. Thus, the PTO did not examine (and did not reject) 154 claims of the '716 and '241 patents, as shown, for example, in its holding below:

> **Less Than All Claims Are Subject to Reexamination**
>
> 3. Since requestor did not request reexamination of claims 3-6, 8, 9, 11, 12, 15-37, 43-46, 48, 49, 51, 52, 55-70, 73-76, 78, 79, 81-83, and 86-94 and did not assert the existence of a reasonable likelihood of prevailing (RLP) for such claims, these claims will not be reexamined. This matter was squarely addressed in *Sony Computer Entertainment America Inc., et al. v. Jon W. Dudas*, Civil Action No. 1:05CV1447 (E.D.Va. May 22, 2006), Slip Copy, 2006 WL 1472462.

*See* Exhibit A, Statements 7-16.

Helferich respectfully submits that continued failure of the NYT Opposition to present in good faith the PTO reexamination record further warrants lifting the stay.

### III. CONCLUSION

The NYT Defense Group has promised multiple more rounds of reexaminations for at least seven (and likely more) patents, including appeals if necessary. Another NYT Defense

6

Group member, the Arizona Republic, has made a separate promise that it too will be filing its own round of reexamination requests. Still other NYT Defense Group members are lying in wait, ready to file their own reexaminations as the PTO confirms Helferich's patents. It is a classic "defense group" strategy intended to wear down, outspend and outlast small inventors. There is no point in the parties quibbling over whether it will take 4 or 7 more years for the NYT Defense Group to play out its strategy: it will take a long, long time.

Yet, in seeking to justify a continuation of the stay, the NYT Opposition pays lip service at page 12 to a well-established legal premise that the defendants refuse to honor:

> "PTO's expert analysis of prior art may simplify and/or facilitate resolution of the case whether or not the [PTO is persuaded] to amend or invalidate some or all of the claims or patents at issue."

Plainly, the NYT Defense Group did not accept the "PTO's expert analysis" in the first two rounds of reexamination, and in the case of the '838 Patent, all three rounds. Instead, it mischaracterizes the proceedings as justification for ignoring them. The truth is that the PTO considered the NYT Defense Group's filings on their merits, confirmed 52% of the original '757, '716, and '838 claims, confirmed the remaining 48% after Helferich agreed to make only clarifying amendments, allowed scores of new claims, allowed the three new patents, and an additional '189 Application. It strains credibility for the NYT Defense Group to argue that the PTO was wrong – and further reexams are warranted – for each and every one of these cases.

Thus, the NYT Opposition instead argues at pages 12-13 for a continued stay even if the PTO is likely to invalidate or narrow "any" of the roughly 250 infringed claims, and in doing so, tacitly admits that it will not succeed in the subsequent rounds of reexaminations to invalidate any substantial number of HPL's asserted claims. Helferich respectfully submits that the parties and the Court are at the point of diminishing returns. The PTO brought its expertise to bear in

the prior reexaminations, narrowed and addressed issues, and Helferich clarified its claim construction. Further, the PTO indicated in recent *final* decisions of the '838 patent and allowed '189 Application that the new *inter partes* reexaminations do not have merit. Thus, the continued reexaminations have increasingly diminished likelihood of any real benefit, while promising instead significant expense and delay, both of which prejudice Helferich.

At some point, a continued stay in the face of highly diminished returns in multiple seriatim rounds of reexaminations becomes a due process violation and inherently prejudicial. *Landis v. North American Co.*, 299 U.S. 248, 255, 57 S.Ct. 163, 166 (1936) ("discretion [is] abused by a stay of indefinite duration in the absence of a pressing need"). There is no pressing need here, as the expert analysis of the PTO in the first rounds of reexamination is available for this Court to review, and the defendants can present their invalidity arguments to a judge and jury. Helferich respectfully submits that the Court should exercise its discretion to lift the stay; Helferich is entitled to its day in court.

**Date**: April 11, 2012                    VICTORIA GRUVER CURTIN, P.L.C.

By:/s/ Victoria Curtin
Victoria Curtin (NDIL ID #010897)
Victoria Gruver Curtin, P.L.C.
14555 N. Scottsdale Rd., Ste. 160
Scottsdale, Arizona  85254
Tel.:  (480) 998-3547
Fax:  (480) 596-7956

Steven G. Lisa (Ill. State Bar # 6187348)
Law Offices of Steven G. Lisa, Ltd.
55 West Monroe Street, Suite 3210
Chicago, Illinois 60603
Tel. & Fax: (312) 752-4357

*Attorneys for Plaintiff/Counterdefendant*

## CERTIFICATE OF SERVICE

I Laura Keller certify that on April 11, I personally caused to be served, by CM/ECF filing, a true and correct copy of "" to:

Michael R. Weiner
(mweiner@marshallip.com)
Julianne M. Hartzell
(jhartzell@marshallip.com)
Marshall, Gerstein & Borun LLP
233 South Wacker Drive
6300 Sears Tower
Chicago, IL 60606

Brian M. Buroker
bburoker@gibsondunn.com
Gibson, Dunn & Crutcher
1050 Connecticut Avenue, N.W.
Washington, DC 20006

Kenneth Richieri
(richierk@nytimes.com)
The New York Times Company
620 Eighth Avenue, 17th Floor
New York, New York 10018

Michael M. Markman
mmarkman@cov.com
Robert Williams
rwilliams@cov.com
Covington & Burling, LLP
One Front Street
San Francisco, CA 94111

David M. Airan
dairan@leydig.com
John K. Winn
jwinn@leydig.com
Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza, Suite 4900
Chicago, Il 60601-6731

Daniel L. Farris
daniel.farris@hklaw.com
R. David Donoghue
david.donoghue@hklaw.com
Holland & Knight LLP
131 S. Dearborn Street, 30th Floor
Chicago, IL  60603

*/s/ Laura Keller*
Laura Keller

# Exhibit A

**EXHIBIT A**
**CORRECTIONS TO FALSE OR MISLEADING STATEMENTS**

- NYT Statements 1 and 2:

    i. "With over 95% of its original patent claims changed, its 'surviving' patents are essentially new patents." *See* NYT Opposition at 2.[1]

    ii. "Of the three patents that the PTO reexamined in the more limited ex parte reexamination process, only a very small number of the original claims of those patents actually survived." *See* NYT Opposition at 2.

➢ Fact: The asserted '757, 716, and '838 patents issued with 185 claims. The PTO's *ex parte* reexamination claim confirmations are shown below. The PTO confirmed 96 of the 185 original patent claims (52%) in their original form (or simply rewritten in independent form) including 18 infringed claims originally asserted against NYT or the NYT Defense Group. Only 89 of the original patent claims (48%) were changed.

> AS A RESULT OF REEXAMINATION, IT HAS BEEN DETERMINED THAT:
>
> The patentability of claims **1-6**, **9-44** and **48-84** is confirmed.
>
> Claims **7**, **8**, **45-47**, **85** and **92** are determined to be patentable as amended.
>
> Claims **86-91** and **93-96**, dependent on an amended claim, are determined to be patentable.
>
> New claims **97-110** are added and determined to be patentable.

*See* Reexamination Certificate No. 8,930 for U.S. Patent No. 7,280,838, Control No. 90/009,883 (Mar. 27, 2012).

> AS A RESULT OF REEXAMINATION, IT HAS BEEN DETERMINED THAT:
>
> Claims **1**, **2**, **15**, **16**, **19**, **20**, **22**, **30**, **31**, **34**, **35**, **38**, **43**, **44**, **48**, **51**, **52** and **58** are determined to be patentable as amended.
>
> Claims **3-14**, **17**, **18**, **21**, **23-29**, **32**, **33**, **36**, **37**, **39-42**, **45-47**, **49**, **50**, **53-57** and **59-69**, dependent on an amended claim, are determined to be patentable.
>
> New claims **70-134** are added and determined to be patentable.

*See* Reexamination Certificate No. 8,758 for U.S. Patent No. 7,499,716, Control No. 90/009,880 (Dec. 13, 2011)

---

[1] As used herein, "NYT Opposition" refers to the Combined Opposition of the New York Times Company to Plaintiff's Motion to Lift Stay and Reply of CBS Corporation, the Bon-Ton Stores, Inc., Bravo Media, LLC, G4 Media, LLC and Best Buy Co., Inc. in Support of their Motion to Stay this Litigation Pending Reexamination of All Asserted Patents (Dkt. # 134), Case NO. 1:10-cv-04387 (N.D.Ill.).

> Original claim 1 is confirmed.
>
> Original claims 2-20 are patentable.
>
> New claims 21-69 are allowed.

See Notice of Intent to Issue Reexamination Certification for U.S. Patent No. 7,835,737, Control No. 90/009,882 (Dec. 9, 2011). See also, e.g., Helferich's Supplemental Status Report filed in the NYT litigation on February 17, 2012.

- **U.S. Patent No. 7,835,757**: The Patent Office confirmed as patentable 69 total '757 claims as follows:
  - 6 claims *in the same substantive form as originally issued* (claims 1, 6, 11, 18, 19, and 20);
  - 14 claims with what the Examiner called "minor clarifying amendments" (claims 2-5, 7-10, and 12-17); and
  - 49 new claims (claims 21-69).

  See Notice of Intent to Issue Reexamination Certificate for U.S. Patent No. 7,835,757 (12/9/2011).

- **U.S. Patent No. 7,499,716**: The Patent Office confirmed as patentable 134 total '716 claims as follows:
  - 16 claims *in the same substantive form as originally issued* (claims 2, 16, 19, 20, 22, 23, 31, 34, 35, 38, 39, 43, 48, 49, 52, and 58);
  - 53 claims with what Patentee stated were non-substantive amendments that clarified rather than narrowed the claim scope (claims 1, 3-15, 17, 18, 21, 24-30, 32, 33, 36, 37, 40-42, 44-47, 50, 51, 53-57, and 59-69); and
  - 65 new claims (claims 70-134).

  See Reexamination Certificate for U.S. Patent No. 7,499,716 (12/13/2011).

- **U.S. Patent No. 7,280,838**: The Patent Office confirmed as patentable 110 total '838 claims as follows:
  - 74 in the *same substantive form as originally issued* (claims 1-6, 9-30, 36-44, and 48-84);
  - 22 claims with minor clarifying amendments (claims 7, 8, 31-35, 45-47, and 85-96); and
  - 14 new claims (claims 97-110).

  See Notice of Intent to Issue Reexamination Certificate for U.S. Patent No. 7,280,838 (2/6/2012).

See Plaintiff's Supplemental Status Report (Dkt. #104), Case No. 1:10-cv-04387 (Feb. 17, 2012) at 5.

- NYT Statement 3: "In December 2011, the PTO rejected all of the asserted claims of the '716 patent, but confirmed 14 unasserted claims and permitted HPL to amend and add 65 new claims." See NYT Opposition at 6.

2

➢ <u>Fact</u>: The PTO did not reject all of the asserted claims of the '716 patent. The PTO confirmed in original form 4 out of the 10 '716 claims asserted against NYT or the NYT Defense Group (and the remaining 6 asserted '716 claims with only clarifying amendments).

As shown below, Helferich asserted claims 15, 17, 18, 21, 22, 23, 27, 30, 38, and 39 of the '716 patent against the Defense Group.

> 29. HPL is informed and believes, and thereon alleges, that Defendant has been and is currently infringing the '716 patent in violation of 35 U.S.C. § 271(a) by, among other things, using and practicing methods that embody one or more of at least claims 15, 17, 18, 21, 22, 23, 27, 30, 38, and 39 of the '716 patent (and likely others) within the United States without authority or license from HPL.

*See, e.g.,* Complaint, Dkt # 1, Helferich Patent Licensing, LLC v. Bravo Media, LLC, Case No. 1:11-cv-07647 (Oct. 26, 2011).

As shown below, the PTO confirmed claims 22, 23, 38, and 39 of the '716 patent in original form (simply rewritten in independent form).

> *As per claims 2, 22, 38, 48 and 52:*
>
> The examiner notes that as set forth in the Final Rejection, the claims are directed to *inter alia* "wherein the notification system specifies a time that the content is available".
> The examiner previously maintained that Tso discloses that an InfoBite message sent from the InfoCast server to the user's client device includes a "Time To Live" value that indicates how long the InfoBite will remain in the client system, (col. 8, lines 1-46).
> The claim is directed to <u>specifying a time that the content is available.</u>
> The examiner concedes that the InfoBite of Tso does not indicate a time that <u>the content is available</u>. Instead, as Tso clearly indicates, the "Time-To-Live" value is a time value <u>for the InfoBite</u> in the client device. That is, how long the InfoBite will remain in the client device.
> Thus, the examiner now maintains that Tso fails to disclose wherein the notification that is sent to the client device indicates a time the content is available.

*See* Notice of Intent to Issue Reexamination Certificate of U.S. Patent No. 7,499,716, Control No. 90/009,880 (Oct. 25, 2011) at 7. *See also* Reexamination Certificate No. 8,758 for U.S. Patent No. 7,499,716, Control No. 90/009,880 (Dec. 13, 2011) shown below.

> Claims 3-14, 17, 18, 21, 23-29, 32, 33, 36, 37, 39-42, 45-47, 49, 50, 53-57 and 59-69, dependent on an amended claim, are determined to be patentable.

As shown below, Helferich's February 17, 2012 Supplemental Status Report also showed that the PTO confirmed 4 out of the 10 asserted '716 claims in original form (simply

3

rewritten in independent form) and confirmed the remaining 6 asserted '716 claims with clarifying amendments.

> - 18 of the asserted claims were confirmed in the *same substantive form as originally issued*: '757 claims 1, 6, 11, and 18-20; '716 claims 22, 23, 38, and 39; and '838 claims 9, 10, 12, 13, 15, 16, 18 and 20. *See* ¶ 9, above.
> - 20 of the asserted claims were confirmed with *merely clarifying* amendments: '757 claims 2-5, 7-10, and 12-17; and '716 claims 15, 17, 18, 21, 27, and 30. *See* ¶¶ 9 and 10, above.

*See* Plaintiff's Supplemental Status Report (Dkt. #104), Case No. 1:10-cv-04387 (Feb. 17, 2012) at 6.

- NYT Statement 4: "The PTO rejected the majority of the original patent claims in HPL's '716 and '757 patents. Of the six claims of the '716 patent and 17 claims of the '757 patent asserted by HPL against NYT (Case No. 1:10-cv-04387, Dkt. No. 43), 19 *(over 82%) were found invalid*." *See* Opposition at 5 (emphasis added).

  ➤ Fact: No claims (i.e., 0%) of the '716 or '757 patents were "found invalid." Rather, 100% of the asserted '716 claims were found patentable, including 4 original '716 claims and 6 original '757 claims asserted against NYT or the NYT Defense Group, as shown in the PTO record above. NYT misleads the Court by relying on the PTO's preliminary <u>non-final</u> office actions and ignores the PTO's final decisions in which it reversed the interim rejections.

- NYT Statements 5 and 6: The following misstatements relate to whether the PTO considered on the merits the September 2011 "second round" of reexamination requests:

  i. "the PTO declined to consider the September 2011 requests on the merits, finding them cumulative of rejections of HPL's patents." See NYT Opposition at 11.

  ii. "Defendants' September 2011 *inter partes* requests were considered premature and cumulative in light of where the then-still-pending *ex parte* requests were in the stage of examination." *See* NYT Opposition at 3.

  ➤ Fact: The PTO considered the September 2011 requests on the merits and never characterized them as "premature." The PTO denied the requests in 87 pages of opinion stating that: (1) each reference was considered both alone and in combination with respect to the patent claims (i.e., touching on the merits of the patent claims); (2) for some references, the PTO found that the teachings were cumulative (e.g., did not provide any new technological teachings); and (3) for other references, the PTO found that the references were not sufficient to meet the claim requirements (i.e., found that the claims distinguished the references on their merit). Examples of the above from the Examiners' Orders are shown below.

    - "The references set forth in the request have been considered both alone and in combination. They fail to raise a [substantial new question] of patentability as to 9-20 of the '838 patent claims. Accordingly, the request for reexamination is denied." *See* Order Denying Reexamination of U.S. Patent No. 7,280,838 (10/28/2011) at 37.

4

- "None of the above cited art provides any new technological teachings that were not present in the art cited in the previous reexamination (90/009883)." *Id*. at 16, 21, 27, 32, and 36.

- "In comparing the pending reexamination and the current Request, the examiner notes that the teachings or elements that are 'new' with respect to the original reexamination are substantially the same." *See* Order Denying Reexamination of U.S. Patent No. 7,835,757 (11/4/2011) at 14, 17, and 18. See also Order Denying Reexamination of U.S. Patent No. 7,499,716 (11/4/2011) at 10, 15, and 19.

- "Thus, the examiner does not find that the Request's statement presents a new substantial question of patentability." *See* Order Denying Reexamination of U.S. Patent No. 7,835,757 (11/4/2011) at 9 and Order Denying Reexamination of U.S. Patent No. 7,499,716 (11/4/2011) at 13, 16, 19, 21, 23, and 25.

- "In addition, the examiner notes that Hunt was asserted to disclose of sending an alert which includes among other things 'a time stamp' which indicates when the alert was sent out. The examiner notes that this teaching is not sufficient to meet the claim since it does not provide any availability time information with respect to the content and thus does not show a substantial new question of patentability." *See* Order Denying Reexamination of U.S. Patent No. 7,499,716 (11/4/2011) at 24

- "In addition, the examiner notes that the Request asserts that Ozaki discloses of a message being transferred to the terminal device which includes inter alia a header including 'time'. The examiner notes that this is not a time for availability as claimed, but instead represents the time that the fax transmission is received. The examiner notes that the claim is clear that the time must related to the availability of the content (i.e. availability of the content for which the notification was sent). A current time of receipt does not provide any information on a time period on availability of the content." *See id*. at 22.

- NYT Statements 7-16: The NYT Opposition incorrectly states no fewer than eight (8) times that reexamination was sought on all of the claims of the asserted '716 and '241 patents and that the PTO rejected all of the claims of the '716 and '241 patents, as shown below.

    i. "the PTO (1) found that Defendants have shown a reasonable likelihood of success of prevailing in challenging ***all of the claims of two of HPL's asserted patents***—U.S. Patent No. 7,499,716 (the "'716 patent") and U.S. Patent No. 7,155,241 (the "'241 patent") and (2) rejected *all* of the challenged claims in a first official action." *See* NYT Opposition at 1 (emphasis added).

    ii. "And, in just the past few days, the PTO agreed with Defendants by rejecting all claims of the '716 and '241 patents and finding that Defendants are reasonably likely to succeed in their invalidity challenge." *See* NYT Opposition at 12.

    iii. "The claims in this case will continue to be invalidated or substantially narrowed given that all claims of the '716 and '241 patents have already been rejected in *inter partes* reexamination." *See* NYT Opposition at 14.

5

    iv.   "Shortly after the ex parte reexamination certificate issued for the '716 patent, NYT and the New Defendants filed an inter partes reexamination request attacking all of the claims of the '716 patent…." *See* NYT Opposition at 6.

    v.   "Third, in the time since the parties last appeared before the Court, the PTO has rejected *every* original, amended, and new claim of the '716 patent." *See* NYT Opposition at 5 (emphasis original).

    vi.   "The PTO granted [the most recent reexamination request of the '716 patent] and initially rejected all claims of the '716 patent." *See* NYT Opposition at 6 (emphasis original).

    vii.   "That [most recent reexamination request of the '241 patent] was granted on March 12, 2012 … and the PTO rejected all claims." *See* NYT Opposition at 6-7.

    viii.   "In the last month, the PTO determined that there is a reasonable likelihood that Defendants will succeed in challenging all the claims of the '241 patent and rejected all of the challenged claims in a first official action." *See* NYT Opposition at 3.

    ix.   "the two patents asserted that have been subject to both types of reexamination have seen all their claims rejected in *inter partes* reexamination as invalid, even after prior confirmation and amendment of some claims in *ex parte* reexamination." *See* NYT Opposition at 7.

    x.   "The claims in this case will continue to be invalidated or substantially narrowed given that all claims of the '716 and '241 patents have already been rejected in *inter partes* reexamination." *See* NYT Opposition at 14.

➢ Fact: The NYT Defense Group did not seek reexamination of "all claims" of the '716 and '241 patents. Rather, the NYT Group sought reexamination of only 53 of the 134 claims of the '716 patent, and only 21 of the 94 claims of the '241 patent. The PTO did not examine and did not reject 154 claims of the '716 and '241 patents, as shown below.

> **Less Than All Claims Are Subject to Reexamination**
>
> 3.   Since requestor did not request reexamination of claims 3-6, 8, 9, 11, 12, 15-37, 43-46, 48, 49, 51, 52, 55-70, 73-76, 78, 79, 81-83, and 86-94 and did not assert the existence of a reasonable likelihood of prevailing (RLP) for such claims, these claims will not be reexamined. This matter was squarely addressed in *Sony Computer Entertainment America Inc., et al. v. Jon W. Dudas*, Civil Action No. 1:05CV1447 (E.D.Va. May 22, 2006), Slip Copy, 2006 WL 1472462.

*See* Order Granting *Inter Partes* Reexamination of Patent No. 7,155,241, Control No. 95/001,864 (Mar. 12, 2012) at 4-5. *See also, e.g.,* Order Granting *Inter Partes* Reexamination of Patent No. 7,499,716, Control No. 95/001,867 (Feb. 27, 2012) at 2 (stating that only "claims 15-18, 21-33, 37-43, 83-86, 89-100, and 103-155 are subject to reexamination.").

> **B. IDENTIFICATION PURSUANT TO 37 C.F.R. § 1.915(b)(1)**
>
> *Inter partes* Reexamination of claims 15-18, 21-33, 37-43, 83-86, 89-100, and 103-115 of the '716 patent is respectfully requested.

*See* Request for Inter Partes Reexamination of U.S. Patent No. 7,499,716, Control No. 95/001,867 (Jan. 6, 2012) at 9. Defendants did not contest the validity of claims 1-14, 19-20, 34-36, 44-82, 87-88, 101-102, and 116-134.

> **B. IDENTIFICATION PURSUANT TO 37 C.F.R. § 1.915(b)(1)**
>
> *Inter partes* Reexamination of claims 1, 2, 7, 10, 13, 14, 38, 39, 40, 41, 42, 47, 50, 53, 54, 71, 72, 77, 80, 84, and 85 of the '241 patent is respectfully requested.

*See* Request for *Inter Partes* Reexamination of U.S. Patent No. 7,499,716, Control No. 95/001,867 (Jan. 6, 2012) at 9.

- NYT Statement 17: "the two patents asserted that have been subject to both types of reexamination have seen all their claims rejected in *inter partes* reexamination as invalid, even after prior confirmation and amendment of some claims in *ex parte* reexamination." *See* NYT Opposition at 7.

  ➢ Fact : As noted in Facts 7-14 above, the PTO's recent *inter partes* office actions did not reject all claims of the asserted '716 and '241 patents. More importantly, NYT omits that one of the asserted patents, the '838 Patent has been confirmed not only in *ex parte* reexamination, but also confirmed over *both rounds* of NYT Group's *inter partes* reexaminations (i.e., over the reexamination art and argument recently filed against the '716 and '241 patents), as shown below.

| Examiner Initials | Citation |
|---|---|
| | **NON-PATENT LITERATURE DOCUMENTS** |
| | Second Request for Inter Partes Reexamination of US Pat 7,499,716, claims 15-18, 21-33, 37-43, 83-86, 89-100, and 103-115 Control No. 95/001,867, Andrea G. Reister (1/6/2012) |
| | Request for Inter Partes Reexamination of US Pat 7,155,241, claims 1, 2, 7, 10, 13, 14, 38, 39, 40, 41, 42, 47, 50, 53, 54, 71, 72, 77, 80, 84, and 85, Control No. 95/001,864, Andrea G. Reister (12/29/2011) |

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /S.A./

*See* Notice of Intent to Issue Reexamination Certificate, Control No. 90/009,883 (Feb. 6, 2012).

- NYT Statement 18: "Defendants' only procedural vehicle to challenge these substantially modified patents is through the *inter partes* reexamination process, which was quickly initiated." *See* NYT Opposition at 2.

  ➢ Fact 18: Defendants' other procedural vehicle is to accept the PTO's first two rounds of decisions (as it implied it would do when it first requested a stay) and challenge them in Court.