Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10-cv-4387 | **DATE** | November 8, 2012 |
| **CASE TITLE** | Helferich Patent Licensing, L.L.C. v. The New York Times Company | | |

**DOCKET ENTRY TEXT**

Status hearing and ruling on motion hearing held. On June 28, 2012, an amended scheduling order was entered in these cases, setting forth the various dates and deadlines, including the deadlines relating to claim construction. On July 20, 2012, Plaintiff Helferich Patent Licensing, L.L.C. ("HPL") moved for expedited claim construction. Defendants oppose this motion. In addition, Defendants move for an expedited briefing schedule on their motions for summary judgment of patent exhaustion. For the reasons stated below, HPL's Motion to Expedite Claim Construction is denied. Defendants' Motion for Expedited Exhaustion Briefing is granted, and all discovery on the issue of exhaustion is to be completed on or before January 15, 2013. Defendants' Joint Motion for Summary Judgment of Exhaustion shall be filed on or before February 12, 2013; HPL's Response is due on March 12, 2013; and a Reply is due on April 2, 2013. A status date for ruling on the issue of exhaustion is set for May 7, 2013, at 9:30 a.m.

■[ For further details see text below.] 00:05

Docketing to mail notices.

## STATEMENT

On June 28, 2012, an amended scheduling order, agreed to by the parties, was entered, identifying the dates for the filing of claim construction briefs. The schedule set June 24, 2013, as the date for the claim construction hearing. (*HPL v. The New York Times Company*, No. 10-cv-4387, Dkt. No. 156.) After that order was entered, HPL filed a motion on July 20, 2012, to move for an expedited claim construction schedule. Defendant J.C. Penney Corporation, Inc. opposes the motion, and the other Defendants join J.C. Penney in its opposition to the expedited claim construction schedule.

In its motion, HPL argues that an accelerated schedule, with a claim construction hearing occurring as early as January 18, 2013, more than six months earlier than the current schedule, will create more efficiency in the cases. Moreover, HPL claims, following an expedited ruling on the issues of claim construction, the parties might be more willing to consider settlement, which could possibly dispose of the cases or at least narrow the issues for trial.

Defendants oppose HPL's motion for expedited claim construction, arguing instead that the Local Patent Rules discourage early claim construction in cases of this nature. The Preamble to the Local Patent Rules carefully addressed the timing of claim construction, providing:

> The Rules also provide a standardized structure for claim construction proceedings, requiring the parties to identify and exchange position statements regarding disputed claim language before presenting disputes to the Court. The Rules contemplate that claim construction will be done, in most cases, toward the end of fact discovery. The committee of lawyers and judges that drafted and proposed the Rules considered placing claim construction at both earlier and later spots in the standard schedule. **The decision to place claim construction near the end of fact discovery is premised on the determination that claim construction is more likely**

**to be a meaningful process that deals with the truly significant disputed claim terms if the parties have had sufficient time, via the discovery process, to ascertain what claim terms really matter** and why and can identify (as the Rules require) which are outcome determinative.

Local Patent Rules Preamble (emphasis added). The Preamble further provides that the Court may consider requiring an early claim construction, particularly in a case where the outcome could depend on a single claim term or a few terms which could be identified with little discovery necessary. *Id.* In a case such as this one, with multiple defendants, and 176 asserted claims across 6 patents, to have an expedited claim construction schedule would not be prudent. It is unlikely that an expedited claim construction briefing schedule and hearing would lead to greater efficiencies in the case; rather, it would force the parties to make claim construction arguments without adequate discovery or time to develop their arguments. Despite HPL's position, it is unlikely that an expedited claim construction would lead to an early disposition of the case. Therefore, HPL's motion for an expedited claim construction is denied.

Defendant J.C. Penney filed a motion to expedite briefing on the issue of patent exhaustion. The other remaining Defendants joined J.C. Penney in this motion. The doctrine of patent exhaustion provides that a patentee may not continue to control the sale or use of a patented article after the patentee has permitted that article's unconditional sale by another. *Quanta Computer Inc. v. LG Elec., Inc.*, 553 U.S. 617, 636 (2008) (*Quanta*). The patent exhaustion doctrine is triggered by a sale authorized by the patentee. *Id.* at 635-36. Patent exhaustion may be raised as a defense to claims of patent infringement, where a defendant can show that its use of a patent (or its customers' use) is sufficiently downstream to be found to be a non-infringing use.

Defendants argue that the resolution of their patent exhaustion defense is a legal issue that could dispose of all related suits. Defendants further request that discovery be limited to issues related to patent exhaustion, holding all other discovery deadlines in abeyance. Defendants persuasively point out that expedited briefing on the issue of exhaustion could streamline the case and potentially be case-dispositive. However, to put all other discovery deadlines on hold to focus only on the defense of exhaustion would essentially result in another stay of discovery and would further delay claim construction if Defendants were unsuccessful in their claim of exhaustion. A previous stay was recently lifted (and, in some of the cases, denied) to prevent further unnecessary delay of the litigation; the earliest related case in this group of cases was filed in 2010. Therefore, Defendants' motion for expedited briefing as to patent exhaustion is granted, and the parties may conduct discovery on the issue of patent exhaustion. However, discovery relating to claim construction shall continue to proceed on the previously agreed-upon schedule, entered on June 28, 2012.

For the reasons stated above, HPL's Motion to Expedite Claim Construction is denied. Defendants' Motion for Expedited Exhaustion Briefing is granted, and all discovery on the issue of exhaustion is to be completed on or before January 15, 2013. Defendants' Joint Motion for Summary Judgment of Exhaustion shall be filed on or before February 12, 2013; HPL's Response is due on March 12, 2013; and a Reply is due on April 2, 2013. A status date for ruling on the issue of exhaustion is set for May 7, 2013, at 9:30 a.m.