**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HELFERICH PATENT LICENSING, L.L.C. an Illinois Limited Liability Company, <br>       *Plaintiff,* <br><br>   v. <br><br> THE NEW YORK TIMES COMPANY, a New York Corporation, <br>       *Defendant.* | No. 1:10-cv-04387 <br><br> Hon. John W. Darrah |
| HELFERICH PATENT LICENSING, L.L.C. an Illinois Limited Liability Company, <br>       *Plaintiff,* <br><br>   v. <br><br> G4 MEDIA, LLC, a Delaware Limited Liability Company, <br>       *Defendant.* | No. 1:11-cv-07395 <br><br> Hon. John W. Darrah |
| HELFERICH PATENT LICENSING, L.L.C. an Illinois Limited Liability Company, <br>       *Plaintiff,* <br><br>   v. <br><br> CBS CORPORATION, a Delaware Corporation, <br>       *Defendant.* | No. 1:11-cv-07607 <br><br> Hon. John W. Darrah |

| | |
|---|---|
| HELFERICH PATENT LICENSING, L.L.C. an Illinois Limited Liability Company,<br>        *Plaintiff,*<br><br>    v.<br><br>BRAVO MEDIA, LLC, a New York Limited Liability Company,<br>        *Defendant.* | No. 1:11-cv-07647<br><br>Hon. John W. Darrah |
| HELFERICH PATENT LICENSING, L.L.C. an Illinois Limited Liability Company,<br>        *Plaintiff,*<br><br>    v.<br><br>J.C. PENNEY CORPORATION, INC., a Delaware Corporation,<br>        *Defendant.* | No. 1:11-cv-09143<br><br>Hon. John W. Darrah |

**UNOPPOSED-IN-PART MOTION TO COMPEL PRODUCTION OF THIRD-PARTY LICENSES & LIMITED ACCESS EXCEPTION FOR LICENSING DOCUMENTS**

Defendants J.C. Penney Corporation, Inc. ("J.C. Penney"), the New York Times Co. ("NYT"), G4 Media, LLC ("G4 Media"), Bravo Media, LLC ("Bravo Media"), and CBS Corporation ("CBS") (collectively, "Defendants"), move, pursuant to Federal Rule of Civil Procedure 37(a)(3)(A) and L.R. 37.2 to compel the production of all third-party licenses related to the Patents-In-Suit ("Third-Party Licenses")[1].

In view of the forthcoming exhaustion briefing, the Defendants also move to allow a single in-house lawyer for each Defendant access to the Third-Party Licenses and any

---

[1] The Patents-In-Suit include all patents listed in Exhibit A to the various complaints against Defendants. *See Helferich Patent Licensing, LLC v. J.C. Penney Corporation, Inc.*, Case No. 1:11-cv-9143 (N.D. Ill.), Dkt. No. 1; *Helferich Patent Licensing, LLC v. New York Times, Co.*, Case No. 1:10-cv-4387 (N.D. Ill.), Dkt. No. 1; *Helferich Patent Licensing, LLC v. G4 Media, LLC*, Case No. 1:11-cv-7395 (N.D. Ill.), Dkt. No. 1; *Helferich Patent Licensing, LLC v. The Bon-Ton Stores, Inc.*, Case No. 1:11-cv-7189 (N.D. Ill.), Dkt. No. 1; *Helferich Patent Licensing, LLC v. CBS Corporation*, Case No. 1:11-cv-7607 (N.D. Ill.), Dkt. No. 1; *Helferich Patent Licensing, LLC v. Bravo Media, LLC*, Case No. 1:11-cv-7647 (N.D. Ill.), Dkt. No. 1.

correspondence or other documents related to the Third-Party Licenses ("Licensing Documents"). Plaintiff Helferich Patent Licensing, LLC ("HPL") (collectively with Defendants, "Parties") has designated all or substantially all Licensing Documents as Highly Confidential, thereby preventing the Defendants any ability to understand or analyze their exhaustion positions. In order to allow the Defendants to make and evaluate their exhaustion defenses, they seek access to the Licensing Documents in the most limited possible sense, via a single, in-house lawyer.

## ARGUMENT

**I.  PRODUCTION OF ALL THIRD-PARTY LICENSES, IN UNREDACTED FORM**

The Third-Party Licenses in this case, as with any other patent litigation, directly bear upon issues of exhaustion, valuation, and any number of additional, relevant areas pursuant to Federal Rule of Civil Procedure 26(b). In an action such as this, where the issue of exhaustion is to be briefed by the Parties during the course of the next few months, the Third-Party Licenses are the *sine qua non* for those issues, and as such, are unarguably "relevant to any party's claim or defense." F.R.C.P. 26(b).

However, as a result of confidentiality obligations set forth in various of the Third-Party Licenses, HPL asserts that it is not permitted to produce certain of those licenses, in an unredacted form, absent an order from this Court compelling it to do so.[2] In addition, HPL is presently withholding production of several Third-Party Licenses in their entirety, also asserting that confidentiality obligations prevent their production.[3]

---

[2] To the extent that the Defendants are aware of redactions in the produced Third-Party Licenses, those licenses are identified in Exhibit A.

[3] HPL has informed the Defendants that four third-parties have not consented to the production of the licenses executed with HPL. Those third-parties include Research-In-Motion, Nokia, American Eagle and PGA Tours. The Defendants further note that they are not aware of any basis provided by any third-party that the Third-Party Licenses should not be discoverable in this action.

3

Importantly, during the Parties' December 31, 2012 meet and confer, HPL confirmed that it would not oppose entry of an order compelling the production of all such Third-Party Licenses, in their unredacted form.

Given the stage of discovery and impending deadlines set by this Court's June 28, 2012 amended scheduling order, as amended on January 22, 2013 (Dkt. No. 197), concerning exhaustion, the Defendants cannot continue to wait for additional third parties to provide consent. Moreover, HPL cannot guarantee that third parties who have thus far failed to consent to production of relevant licenses will provide consent in the near future, if ever. Such licenses may either be produced subject to the Protective Order (Dkt. No. 41) entered in the J.C. Penney case,[4] or the default Protective Order effective in the cases for the other Defendants, each of which will provide sufficient protection for any third-party confidential information. For these reasons, and because HPL does not oppose entry of this portion of this Motion, the Defendants request that the Court order HPL to produce all Third-Party Licenses, in an unredacted form.

## II. LIMITED ACCESS EXCEPTION FOR LICENSING DOCUMENTS

As mentioned above, the Third-Party Licenses -- as well as the correspondence exchanged between HPL and third-parties concerning the licenses -- go to the heart of the Defendants' exhaustion positions: whether HPL's patent rights were exhausted as a result of licensing those rights to cellular phone makers. As J.C. Penney explained in its Motion for Expedited Exhaustion Briefing, HPL has and likely will argue that a patentee may license only certain claims of a patent, not the patent itself, to avoid the application of the doctrine of patent exhaustion.[5] Fundamental to this argument are the provisions of the Third-Party Licenses. Furthermore, Defendants anticipate that HPL will point to its intent in entering into the licenses

---

[4] *See Helferich Patent Licensing, LLC v. J.C. Penney Corporation, Inc.*, No. 1:11-cv-9143 (N.D. Ill.) (Dkt. No. 41).
[5] J.C. Penney's Motion for Expedited Exhaustion Briefing, Civil Case No. 1:11-cv-9143, Dkt. No. 57 at 5.

as part of its exhaustion argument. Thus, correspondence and other documents related to the Third-Party Licenses that make up the Licensing Documents are also likely to provide an evidentiary basis for the Defendants' exhaustion briefings.

In order for the Defendants to analyze their arguments and assess their strength, the Defendants' outside counsel will necessarily have to address those provisions and correspondence with, at least, each Defendant's in-house counsel. This includes, at a minimum, the exhaustion briefs themselves, which by virtue of discussing information designated as Highly Confidential (pursuant to the default protective order), in large part will not be available to the Defendants' in-house counsel.[6]

The Defendants recognize and appreciate the need to create a narrow exception to the protections afforded to documents designated as Highly Confidential. Indeed, the Defendants do not feel that it is necessary to allow the Defendants' in-house counsel to access all documents designated as Highly Confidential. For example, to assess the question of exhaustion, it is not necessary to permit the Defendants' in-house counsel to access Highly Confidential documents related to HPL's aggregate financial results. However, for those Third-Party Licenses that were entered into, and any communications and documents regarding them, the Defendants' in-house counsel must be permitted to review that information to advise their respective clients as to the weight of the exhaustion evidence.[7]

Accordingly, the Defendants move to provide limited access to Licensing Documents for the Defendants' in-house counsel. Moreover, and recognizing the need to create the most narrow

---

[6] In contrast, HPL's in-house counsel will have, and already has, the benefit of access to all such information.
[7] The Defendants note that, to the extent the Third-Party Licenses and/or related correspondence and documents include information bearing on financially-related issues, that information may be redacted from such licenses or correspondences in a separate production specifically designated for the Defendants' in-house counsel if HPL feels that the amounts of those licenses are, in fact, highly confidential information.

5

access exception to this information, access would be further limited to only one in-house counsel per Defendant.

**Statement Pursuant to L.R. 37.2**

The Defendants certify that, after consultation by telephone and good faith attempts to resolve differences with HPL, they are unable to reach an accord on the issue of providing access to the Third-Party Licenses and related correspondences and documents to one in-house counsel for each Defendant. The Defendants and HPL met and conferred on this issue via telephone on February 11, 2013. Specifically, counsel participating on the meet and confer included David Donoghue and Mitchell Herbert on behalf of J.C. Penney, and Steven Lisa, James Busch, David Golub and Victoria Curtin on behalf of HPL. Counsel for the NYT and CBS defendants provided authorization to counsel for J.C. Penney to act on behalf of those defendants for the purpose of this issue.

**CONCLUSION**

For the foregoing reasons, the Defendants request that this Court grant their Unopposed-In-Part Motion to Compel HPL to produce all Third-Party Licenses in their unredacted form, and to permit access to the Licensing Documents to one in-house counsel for each Defendant.

Dated: February 14, 2013

Respectfully submitted,

J.C. PENNEY CORPORATION, INC.

/s/ R. David Donoghue
R. David Donoghue
Daniel L. Farris
Anthony J. Fuga
HOLLAND & KNIGHT LLP
131 South Dearborn Street, 30th floor
Chicago, IL 60603
Tel: (312) 263-3600

6

Fax: (312) 578-6666
david.donoghue@hklaw.com
daniel.farris@hklaw.com
anthony.fuga@hklaw.com

J. Mitchell Herbert, Jr. (*pro hac vice*)
HOLLAND & KNIGHT LLP
10 St. James Ave., 11th Floor
Boston, MA 02116
Tel: (617) 523-2700
Fax: (617) 523-6850
mitchell.herbert@hklaw.com

*Attorneys for Defendant J.C. Penney Corporation, Inc.*

/s/ Michael Markman
Michael M. Markman (N.D. Ill. ID No. 191388)
Robert Williams (N.D. Ill. ID No. 247428)
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
T: (415) 591-6000
F: (415) 591-6091

David M. Airan
Leydig, Voit & Mayer, Ltd.
180 N. Stetson Avenue, Suite 4900
Chicago, IL 60601-6731
T: (312) 616-5600
F: (312) 616-5700
*Attorneys for Defendants G4 Media, LLC, CBS Corporation, and Bravo Media, LLC*

/s/ Brian M. Buroker
Brian M. Buroker
David R. Chiang (*Pro Hac Vice to be Filed*)
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Avenue Northwest
Washington, District of Columbia 20036
202-955-8541

Michael R. Weiner (Ill. Bar. No. 06217025)
Julianne Marie Hartzell (Ill. Bar No. 06270593
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive

6300 Sears Tower
Chicago, Illinois 60606-6357
312-474-6300
mweiner@marshallip.com
jhartzell@marshallip.com

Kenneth Richieri, Esq. (Of Counsel)
The New York Times Company
620 Eighth Avenue, 17th Floor
New York, New York 10018
212-556-1995
richierk@nytimes.com
*Counsel for Defendant and Counterclaim Plaintiff*
*The New York Times Company*

<u>EXHIBIT A</u>
(Non-Exhaustive List of Redacted Third-Party Licenses)

| Beg Bates | End Bates | Licensee |
|---|---|---|
| P254390 | P254419 | Pantech Co. Ltd. and Pantech & Curitel Communications, Inc. |
| P254542 | P254574 | i-mate plc |
| P254575 | P254634 | Microsoft Corporation |
| P254635 | P254681 | HTC Corporation |
| P254682 | P254715 | Casio Hitachi Mobile Communications Co., Ltd. |
| P254837 | P254854 | NEC Corporation |
| P254855 | P254890 | Panasonic Corporation |
| P254891 | P254893 | Microsoft Corporation |
| P254938 | P254942 | Personal Communications Devices, LLC |
| P254943 | P254983 | Sanyo Electric Co., Ltd. |
| P255021 | P255052 | Kyocera Corporation |
| P255067 | P255102 | Acer Corporation |
| P255103 | P255138 | Acer Corporation |
| P255240 | P255255 | Company Name Redacted |
| P257051 | P257067 | Company Name Redacted |
| P257136 | P257152 | Company Name Redacted |

#11958558_v5

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on February 14, 2013, I electronically filed the preceding **UNOPPOSED-IN-PART MOTION TO COMPEL PRODUCTION OF THIRD-PARTY LICENSES & LIMITED ACCESS EXCEPTION FOR LICENSING DOCUMENTS** with the Clerk of the Court using the CM/ECF system, which will send notification of such filings to all counsel of record.

                                                  /s/ J. Mitchell Herbert, Jr.
                                                  J. Mitchell Herbert, Jr.

#11958558_v5