# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HELFERICH PATENT LICENSING, L.L.C., an Illinois Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> THE NEW YORK TIMES COMPANY, a New York Corporation, <br><br> Defendant. | No. 1:10-cv-04387 <br><br> Hon. John W. Darrah <br> Hon. Jeffrey T. Gilbert |
| HELFERICH PATENT LICENSING, L.L.C., an Illinois Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> G4 MEDIA, LLC, a Delaware Limited Liability Company, <br><br> Defendant. | No. 1:11-cv-07395 <br><br> Hon. John W. Darrah <br> Hon. Jeffrey T. Gilbert |
| HELFERICH PATENT LICENSING, L.L.C., an Illinois Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> CBS CORPORATION, a Delaware Corporation <br><br> Defendant. | No. 1No. 1:11-cv-07607 <br> :11-cv-09143 <br><br> Hon. John W. Darrah <br> Hon. Jeffrey T. Gilbert |

| | |
|---|---|
| HELFERICH PATENT LICENSING, L.L.C., an Illinois Limited Liability Company,<br><br>        Plaintiff,<br><br>    v.<br><br>BRAVO MEDIA, LLC,<br>a New York Limited Liability Company,<br><br>        Defendant. | No. 1:11-cv-07647<br><br>Hon. John W. Darrah<br>Hon. Jeffrey T. Gilbert |
| HELFERICH PATENT LICENSING, L.L.C., an Illinois Limited Liability Company,<br><br>        Plaintiff,<br><br>    v.<br><br>J.C. PENNEY CORPORATION, INC.,<br>a Delaware Corporation,<br><br>        Defendant. | No. 1:11-cv-09143<br><br>Hon. John W. Darrah<br>Hon. Jeffrey T. Gilbert |

**NON-PARTY NOKIA CORPORATION'S PARTIAL OPPOSITION TO DEFENDANTS' JOINT MOTION TO COMPEL PRODUCTION OF THIRD-PARTY LICENSES & LIMITED ACCESS EXCEPTION FOR LICENSING DOCUMENTS**

Non-Party Nokia Corporation ("Nokia") respectfully requests that the Court deny the portion of Defendants' *Unopposed-in-Part Motion to Compel Production of Third-Party Licenses & Limited Access Exception For Licensing Documents* (*e.g.*, Dkt. No. 204 in Case No. 1:10-cv-04387) ("Motion") in the above-captioned cases to the extent Defendants seek in-house counsel access to licensing documents. Nokia already agreed and granted permission for the production of its license agreement with Plaintiff Helferich Patent Licensing, L.L.C. ("Helferich") in accordance with the designation "Highly Confidential" under the Protective Order entered in Case No. 1:11-cv-09143 (Dkt. No. 41) ("Protective Order"). The Protective Order does not permit disclosure of "Highly Confidential" information to in-house counsel. (*See*

Protective Order at 4.) Defendants' attempt to circumvent the Protective Order should be rejected, and the Protective Order should be enforced.

Whether access to highly confidential information should be given to any counsel is determined based on "each individual counsel's actual activity and relationship with the party represented." *U.S. Steel v. U.S.*, 730 F.2d 1465, 1469 (Fed. Cir. 1984). "Whether an unacceptable opportunity for inadvertent disclosure exists, however, must be determined . . . by the facts on a counsel-by-counsel basis. *Id.* at 1468. Here, Defendants have offered no information about the in-house counsel to which they propose access be granted. (*See* Dkt. No. 204 at 4-6.)

Nokia generally opposes granting third parties access to its confidential licensing information. That policy extends to even the in-house counsel of co-defendants who are being sued by the same plaintiff. Allowing third parties access to confidential licensing information could put Nokia at a competitive disadvantage. To the extent an exception to the policy is made in this case it could jeopardize Nokia's general ability to protect such information. Further, access by outside counsel is sufficient to protect Defendants' interests here.

Defendants' demand for vitiating the provisions of the Protective Order to permit unidentified in-house counsel access to license agreements is unwarranted. Defendants argue that in-house counsel must have access to the provisions of Helferich's license agreements in order to evaluate a patent exhaustion defense (*see* Dkt. No. 204 at 4-6), but offer no supporting rationale for why outside counsel would be unable to make this determination themselves. (*See id.*)

Defendants' outside counsel can review the provisions of the license agreement and advise their clients on the parameters and applicability of any patent exhaustion defense.

Defendants' in-house counsel do not need access to the actual license agreements in order to make this determination. If it turns out the license agreement covers the asserted patents and claims, then Defendants' outside counsel can further investigate the issue and Defendants' in-house counsel can make decisions about the case based on its outside counsel's advice. Defendants' briefing and oral argument seem to be centered around the fact that outside counsel cannot share everything with their clients. (*See id.* and *February 25, 2013 Hearing Tr.* at 15:13-22 and 16:1-9). That is the nature of any litigation that uses highly confidential information, and particularly patent litigation. Each Defendant is represented by sophisticated counsel with experience in patent litigation, and presumably those clients trust their outside counsel to represent their interests.

WHEREFORE, Nokia respectfully requests that this Court deny Defendants' motion for limited access to licensing documents and the Court enforce the Protective Order in the above-captioned cases.

Dated: March 1, 2013

Respectfully submitted,

/s/ David E. Koropp

David E. Koropp
Meaghan H. Burnett
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
dkoropp@winston.com
mburnett@winston.com

*Attorneys for Nokia Corporation*

-5-

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 1, 2013, the foregoing **Partial Opposition to Defendants' Joint Motion to Compel Production of Third-Party Licenses & Limited Access Exception for Licensing Documents** was filed electronically with the Clerk of the Court using the CM/ECF System, which will automatically send notification of the filing to all counsel of record.

                                                            /s/ Meaghan H. Burnett
                                                            Meaghan H. Burnett