# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | Jeffrey Gilbert |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4387 | **DATE** | 3/8/2013 |
| **CASE TITLE** | Helferich Patent Licensing, LLC. Vs. New York Times Co. | | |

**DOCKET ENTRY TEXT**

Hearing held on Defendants' Unopposed-In-Part Motion To Compel Production of Third-Party Licenses & Limited Access Exception For Licensing Documents [DE#204]. For the reasons stated on the record, the Motion is granted in part, denied in part, and withdrawn in part. Hearing held on Motion By Objector Nokia Corporation To Intervene [DE#216]. The Motion is granted and Nokia is allowed to intervene in this case for the limited purpose of objecting to Defendants' Motion to Compel [DE#204]. Objectors PGA Tour, Inc. and Kyocera Corporation also are granted leave to intervene in this case for the same limited purpose. See Statement below for further details.

■[ For further details see Statement below.]   Notices mailed by Judicial staff.

01:30

## STATEMENT

After extended colloquy during this morning's hearing, Defendants withdrew without prejudice large portions of their Motion to Compel except to the extent that Defendants sought a court order that would allow Defendants' inside counsel to see the actual license terms in Plaintiff's license agreements with handset providers that have been produced as Highly Confidential documents in this case and, further, except as to the production of the license agreements and licensing-related documents pertaining to certain companies with whom Plaintiff has entered into either handset or content licenses but as to whom Plaintiff has not yet produced such documents, including PGA, Nokia, Kyocera and three other companies that have chosen to remain anonymous.

For the reasons discussed on the record, the Court (1) denies without prejudice Defendant's Motion, even as limited as discussed above, because it is not convinced that Defendant has met its burden of showing that not providing inside counsel with access to these documents, as to which the Highly Confidential designation remains in effect and has not been challenged generally, would unduly prejudice Defendants in their upcoming briefing of the patent exhaustion issue, which briefing was the primary impetus Defendants filed or joined in the Motion to Compel; and (2) grants Defendant's Motion in part with respect to the as yet unproduced license agreements Plaintiff entered into with PGA, Nokia, Kyocera and the anonymous licensees.

Although the Court denies Defendant's Motion without prejudice, it strongly encourages the parties to meet and confer, and reach agreement, on the production of an exemplar set of redacted handset license agreements along the lines suggested by Plaintiff at the end of its Response Brief [DE#212] at 14. That is, to agree upon a set of three, five or seven (or somewhat more or less than that if it makes sense) redacted handset license agreements, without any identifying names, financial, royalty or licensee fee information particular to individual licensees, that can be disclosed to inside counsel and will allow inside counsel to see the actual terms of the licenses Plaintiff has entered into with handset providers without identifying by name which handset providers agreed to particular license terms. As the Court stated on the record, this procedure makes sense in this case, even

## STATEMENT

without regard to Defendant's Motion, because, absent such an agreement, all of the briefing and the District Judge's ultimate decision on the exhaustion issue will have to be conducted under seal in accordance with the terms of the Protective Order since the license agreements are designated as Highly Confidential. At the same time, this procedure largely accomplishes Defendants' stated core goal in filing or joining in the Motion to Compel – which is to permit outside and inside counsel to discuss strategy and briefing of the exhaustion issue with reference to the actual language in the handset licenses that is central to Defendants' exhaustion affirmative defense. If the parties cannot reach agreement on such a procedure in short order, the Court requests that they contact the Court's courtroom deputy to set a date to come back and put this issue to bed so that it does not delay the exhaustion briefing.

The Court also heard argument from PGA, Nokia and Kyocera concerning their particular objections to Defendant's Motion to Compel. For the reasons discussed on the record, the Court grants in part and denies in part, again without prejudice, Defendants' Motion as to these companies in that:

(a) Plaintiff shall produce under the Highly Confidential designation the PGA and Nokia license agreements redacting financial information including sales, revenue, royalty, fee and like information;

(b) Plaintiff is not required at this time to produce the related licensing files containing pre- and post-license communications between Plaintiff and these companies, without prejudice to Defendants' right to seek this information in the future and solely because (I) the Court is not fully informed as to the contents of those files and the asserted relevance of the information contained in those files to the claims or defenses in this case, and (ii) that information is not critical to the upcoming exhaustion briefing that is the immediate impetus for Defendants' Motion to Compel; and

(c) Plaintiff is not required to produce the five financial documents referenced in Kyocera's Objection [DE#225]. The Court understands that Plaintiff already has produced its license agreement with Kyocera and the related licensing file with the exception of there five financial documents. [DE#225] at 2.

Finally, the Court received *in camera* a letter from counsel for a consumer products company pursuant to the schedule set in its order of 2/27/13 [DE#208]. That company is one of the companies Plaintiff indicated during the hearing on 2/26/13 wishes to remain anonymous. For the reasons discussed on the record, Plaintiff shall produce an unredacted version of its license agreement with this company (previously produced with redactions) in accordance with the agreement reached between this company and Defendants including the term of their agreement that restricts public disclosure of the name of the company or the unredacted license agreement. That license agreement also shall not be disclosed to Defendants' inside counsel at this time. Plaintiff also shall produce to Defendants unredacted versions of the license agreements it entered into with the two other anonymous companies that previously were produced with redactions. Neither of these two companies submitted an objection to production of their license agreements without redaction in accordance with the procedure outlined in the Court's order of 2/27/13. The Court denies without prejudice at this time, and for the same reasons discussed above with respect to Nokia and PGA, Defendants' request for the related licensing file documents for these three companies to the extent those documents have not already been produced.

The immediately preceding paragraph summarizes the Court's ruling at the end of this morning's hearing with respect to the license agreements Plaintiff entered into with the three companies that want to remain anonymous. The Court, however, reviewed the audio recording from this morning's hearing after the hearing concluded because it was unsure whether the licensing files or financial information for these companies already has been produced by Plaintiff without redaction other than the companies' names. Plaintiff appears to have stated at the hearing that it already has produced the license agreements for these three companies and the related licensing

| STATEMENT |
|---|

files redacting <u>only</u> the name of the company that entered into the license agreement.

Therefore, for the avoidance of doubt and to clarify the Court's ruling this morning, if Plaintiff already has produced the license agreements it entered into with these three companies that want to remain anonymous, without redacting financial, royalty or license fee information from those documents, then nothing in this order is intended to change that result or allow Plaintiff now to redact information from those documents that already was produced without redaction. The same holds true for the related licensing files for these three companies if those files already have been produced.

It is so ordered.